concurring vote of four (4) members of the city council shall be necessary to reverse the recommendation of the zoning board of appeals.

10.5-7. Alterations to an approved variation plan. If, after approval of a variation by the zoning board of appeals or the city council, any changes are proposed to the site plan or other documentation which was presented to the zoning board of appeals or the city council, the changes must be detailed on a plan which illustrates both the original location and the desired location of the alterations, and shall be approved by the body which approved the original variation in the same manner and procedure followed in approving the original variation. Said site plans shall be reproducible mylar to scale and have affixed to them a signature block indicating approval by the ZBA chairman, zoning administrator and petitioner. The following note shall appear above the signature block: "This revised site plan dated _____ supersedes all previous site plans."

10.5-8. Submission of building permit application. The petitioner for a building permit shall notify the division of inspections and permits regarding all variations to the proposed development that have been granted by the Aurora city council by attaching copies of all applicable variations to the building permit application.

Additionally, a copy of the signed and approved site plan granting said variations shall be attached to said permit.

10.5-9. Zoning administrator responsibility. This section shall identify specific responsibilities of the zoning administrator that are in addition to those required elsewhere in this section:

10.5-9.1. The zoning administrator shall verify that said building permit matches the site plan approved by the zoning board of appeals.

10.5-9.2. The zoning administrator shall maintain on file all original mylars of site plans approved by the zoning board of appeals, and said site plans shall not be removed from the city hall premises.

10.5-9.3. The zoning administrator shall maintain on file all zoning board of appeals meetings minutes and tapes of said meetings.

## 10.6. Special uses.

10.6-1. Purpose. The development and execution of a zoning ordinance is based upon the division of the city into districts, within which districts the use of land and buildings and the bulk and location of buildings and structures in relation to the land are substantially uniform. It is recognized, however, that there are uses which, because of their unique characteristics, cannot be properly classified in any particular district or districts without consideration, in each case, of the impact of those uses upon neighboring land and of the public need for the particular use at the particular location. Such special uses fall into two (2) categories:

10.6-1.1. Uses publicly operated or traditionally affected with a public interest;

10.6-1.2. Uses entirely private in character but of such an unusual nature that their operation may give rise to unique problems with respect to their impact upon neighboring property or public facilities.

City of Aurora Zoning Ordinance          191

002561

10.6-2. Initiation of special uses. Any person owning or having an interest in the subject property may file an application to use such land for one or more of the special uses provided for in this ordinance in the zoning district in which the land is situated.

10.6-3. Processing application for a special use.

10.6-3.1. Application for a special use. An application for a special use or expansion or amendment to a special use shall be filed with the city clerk. No application shall be accepted by the city clerk unless a preapplication review has been completed with the planning director or said review has been waived by the planning director. Such a preapplication review must be arranged so that two (2) business days' notice is given to the planning director prior to the date of the review. At such a preapplication review, the planning director and prospective applicant shall review the following as they relate to the proposed special use application:

A. General plan and physical development policies of the City of Aurora.

B. Existing zoning and land use in the general area of the property in question.

C. The zoning history in the general area of the property in question.

D. The City of Aurora's special use review process.

E. Other pertinent factors.

10.6-3.2. After the completion of the required preapplication review, a special use application may be filed with the City of Aurora. The application shall include all plans and data as required within the City of Aurora's application for a special use as approved by the Aurora city council. Copies of such application shall be forwarded by the city clerk to the city council to the planning council and planning commission with the request that the planning commission hold a public hearing.

10.6-3.3. Notice of the public hearing shall be conducted pursuant to the Amendments Section hereof.

10.6-4. Authorization. For each application for a special use, the plan commission shall report to the city council its findings and recommendations, including the stipulations of additional conditions and guarantees that such conditions will be complied with when they are deemed necessary for the protection of the public interest. The city council may grant or deny any application for a special use, provided, however, that in the event of written protest against any proposed special use, signed and acknowledged by the owners of twenty (20) percent of the frontage adjacent thereto, or across an alley, or directly opposite there from, such special use shall not be granted except by the favorable vote of two-thirds of all the members of the city council.

10.6-5. Standards. No special use shall be recommended by the plan commission unless said commission shall find:

10.6-5.1. That the establishment, maintenance or operation of the special use will not be unreasonably detrimental to or endanger the public health, safety, morals, comfort or general welfare;

10.6-5.2. That the special use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood; factors

C00562

including but not limited to, lighting, signage and outdoor amplification, hours of operation, refuse disposal areas and architectural compatibility and building orientation.

10.6-5.3. That the establishment of the special use will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the district;

10.6-5.4. That adequate utilities, access roads, drainage and/or other necessary facilities have been or are being provided;

10.6-5.5. That adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets; For automobile intensive uses including but not limited to, gas stations, car washes, and drive through facilities the concentration of similar uses within 1000 feet of said subject property should be given consideration as to the impact this concentration will have on the traffic patterns and congestion in the area.

10.6-5.6. That the special use shall in all other respects conform to the applicable regulations of the district in which it is located, except as such regulations may in each instance be modified by the city council pursuant to the recommendations of the plan commission.

10.6-6. Planned developments. Planned developments are of such substantially different character from other special uses that specific and separate standards, exceptions, and procedures for approval are hereby established to govern the recommendations of the plan commission and the action of the city council.

10.6-6.1. The plan commission may recommend and the city council may authorize that there be in part of the area of a planned development, and for the duration of such development, specified uses not permitted by the use regulations of the district in which said development is located, provided that the plan commission shall find that:

A. The uses permitted by such exceptions are necessary or desirable and are appropriate with respect to the primary purpose of the development;

B. The uses permitted by such exception are not of such a nature or so located as to exercise an undue detrimental influence on the surrounding neighborhood;

C. Not more than twenty (20) percent of the ground area or of the gross floor area of such development shall be devoted to the uses permitted by said exception;

D. In an industrial planned development, such additional uses allowed by exceptions shall conform with the performance standards of the district in which the development is located;

E. The use exceptions so allowed are reflected by the appropriate zoning district symbols and so recorded on the zoning district map.

10.6-6.2. Procedures for application for planned development.

A. The application for establishment of a planned development shall be filed with the city clerk. No application shall be accepted by the city clerk unless a preapplication review has been completed with the planning director or said review has been waived by the planning director. The preapplication review must

000563

be arranged so that forty-eight (48) hours' notice is given to the planning director prior to the date of the review. At the preapplication review, the planning director and prospective applicant shall review the following as they relate to the proposed application for establishment of a planned development:

i. General plan and physical development policies of the City of Aurora.

ii. Existing zoning and land use in the general area of the property in question.

iii. The zoning history in the general area of the property in question.

iv. The City of Aurora's process for establishment of a planned development.

v. Other pertinent factors.

B. After the completion of the required preapplication review an application for establishment of a planned development may be filed with the City of Aurora. The application shall include all plans and data as required within the City of Aurora's application for establishment of a planned development as approved by the Aurora city council. Copies of the application shall be forwarded by the city clerk to the city council to the planning commission with the request to hold a public hearing.

C. The application for establishment of a planned development shall be accompanied by a preliminary plan or both a preliminary plan and final plan for all or a portion of the planned development. The plan(s) must include all data as specified in the City of Aurora's application for establishment of a planned development. The developer may request review and approval of the plan(s) concurrently with the review and approval of application for the establishment of the planned development.

D. The application filed with the city clerk on the City of Aurora's application for establishment of a planned development as set forth above shall be forwarded to the planning commission, and the planning council. Notice shall be given and the planning commission shall hold a public hearing as required herein for a special use. Pursuant to the public hearings, and upon testimony from the planning commission, and the testimony of the planning council, the planning commission shall submit a written report to the city council. The report shall set forth the planning commission's findings and recommendations with a record of the vote of each member.

E. The city council may disapprove, or grant a special use permit for a planned development by ordinance, but such permit shall not be approved except by three-fourths of the members present, when the planning commission recommends denial of the request for a special use permit for planned development.

F. The ordinance granting a special use for planned developments shall set forth all the requirements, special conditions and agreements made a part of the planned development. The plans and other documents required as part of the special use application shall be attached to and made a part of the ordinance granting the permit for planned development.

000564

10.6-6.3. Bulk regulations. The plan commission may recommend and the city council may authorize that there be in a planned development, exceptions to the bulk regulations set forth herein the district regulations applicable to the district in which the planned development is located, provided that the plan commission shall find:

A. That such exception shall be solely for the purpose of promoting a unified site plan no less beneficial to the residents or occupants of such development as well as the neighboring property than would be obtained by the bulk regulations of this ordinance for buildings developed on separate lots;

B. That the overall floor area ratio, when applicable, would not exceed by more than fifteen (15) percent the floor area ratio regulations of this ordinance for the district in which it is located;

C. That in the part of the planned development containing only residential uses, the minimum lot area per dwelling unit may be less than required by the district regulations applicable to the district in which the planned development is located, but not more than fifteen (15) percent, provided there is contained within the planned development permanent open spaces, the area and location of which shall meet with the approval of the zoning hearings commission, and that such open space shall not be less than that which would pertain if developed on individual lots.

D. Such open areas shall be preserved over the life of the planned development, for use only by the planned development or dedicated to the City of Aurora for school, park, playground or other public uses; and

E. That in part of a planned development devoted to residential uses, the plan commission may recommend and the city council may approve, access to a dwelling by a driveway or pedestrian walk easement, and spacing between buildings of lesser widths or depths then required by district regulations for the district in which the planned development is located, provided:

  i. That adequate provisions are made which perpetuate during the period of the special use, access easements and off-street parking spaces for use by the residents of the dwelling served;

  ii. The spacing between buildings shall be approved by the plan commission and shall be consistent with the application of recognized site planning principles for securing a unified development and due consideration is given to the openness normally afforded by intervening streets and alleys. Spacing between principal buildings within a part of a planned development where subsequent transfer of ownership is contemplated, shall be equivalent to such spacing as would be required between buildings by district regulations for the district in which it is located; and

F. The yards for principal buildings along the periphery of the development shall be not less in width or depth than required for permitted uses in the district regulations applicable to the district in which the planned development is located, and the plan is developed to afford adequate protection to neighboring properties.

10.6-6.4. Exterior construction standards for multiple-family construction. All Use Group R-2 structures, except for multiple-single family dwelling units, as defined in

C02565

the Aurora Building Code, shall have exterior walls of brick, decorative precast or a decorative masonry surface.

10.6-7. Conditions and guarantees. Prior to granting any special use, the plan commission may recommend, and the city council shall stipulate such conditions and restrictions upon the establishment, locations, construction, maintenance and operation of the special use as deemed necessary for the protection of the public interest and to secure compliance with the standards and requirements specified herein, as may be from time to time required. In all cases in which special uses are granted, the city council shall require such evidence and guarantees as it may deem necessary as proof that the conditions stipulated in connection therewith are being, and will be, complied with.

10.6-7.1. As part of such evidence and guarantees, before any building permit is issued for any work associated with a special use permit, the property owner or developer shall post an irrevocable letter of credit with the City of Aurora's Division of Inspection and Permits to guarantee required installation of improvements mandated by the special use permit such as landscaping, fencing, screen walls, and paving. The actual amount of the letter of credit shall be determined by the owner or developer, based upon written bids from contractors and subject to the approval of the zoning administrator. The city may impose the above letter of credit restriction in planned developments, where appropriate.

A. Violation of conditions. In cases where conditions and restrictions are stipulated by special use ordinance upon the establishment, location, construction, maintenance and operation of the use as deemed necessary for the protections and securings herein described, and are not followed, the city council shall have the authority to revoke the special use.

10.6-7.2. In order to revoke the special use, the city council planning and development committee shall conduct a public meeting at which time the parties granted the special use, after service of a ten (10) day written notice, may explain their reasons for not adhering to the required conditions and restrictions. Such committee may then grant additional time for compliance, based upon sufficient cause, or may recommend to the city council that the special use be revoked. The decision by said committee to revoke the special use shall become a recommendation to the full city council. The special use shall be revoked by ordinance.

10.6-8. Effect of denial of a special use. No application for a special use which has been denied wholly or in part by the council shall be resubmitted for a period of one (1) year from the date of said order of denial, except on the grounds of substantial new evidence or proof of changed conditions found to be valid by the plan commission and the city council.

10.6-9. Termination of special use permit. If construction work such as parking lots, sidewalks, streets, buildings, sewer and water lines on the proposed development, have not begun within twelve (12) months from the authorization order of the city council, the city council shall have the power to institute proceedings on its own motion to terminate the special use permit.

10.6-10. Procedures for approval of plans.

000566

10.6-10.1. Preliminary plans. Preliminary plans for all or specified phases of a planned development shall be submitted by the developer to the city clerk on the City of Aurora's application for establishment of a planned development. The city council shall refer each such preliminary plan to the planning commission and to the Aurora planning council. The planning commission and the planning council shall review the preliminary plan, and, if so directed by the city council, the planning commission [shall] hold a public hearing on a preliminary plan in accordance with the provisions of this section as in the case of an application for establishment of a planned development. The planning commission shall, within ninety (90) days from the date of referral, submit to the city council its written recommendations with respect to the preliminary plan, which recommendations may include the recommendations may include the recommendations of the planning council. The planning commission shall review the preliminary plan and may recommend that the city council approve or disapprove such preliminary plan. In either case, the planning commission shall set forth in writing the reasons for its recommendations, and may, in the event of a favorable recommendation, specify particular conditions that should be incorporated in the approval of the preliminary plan. Within sixty (60) days after receipt of the planning commission's recommendation the city council shall either approve or disapprove the preliminary plan. An approval may be conditional and, if so, shall specifically state what additions or deletions from the preliminary plan as submitted shall be made in the preliminary plan as approved. Such additions or deletions shall be shown on or attached to such approved preliminary plan. A developer may request the planning commission to waive preliminary plan approval procedures for any area in a planned development and, if such request is granted the developer may, without having obtained approval of a preliminary plan covering the area, submit for approval, in accordance with the procedures prescribed in this section and within the time period prescribed for submission of a preliminary plan for the area, one or more final plans for the area. Promptly after approval of each preliminary plan, ten (10) complete copies of such approved preliminary plan with all accompanying materials and data shall be prepared at the developer's expense and deposited with the division of city planning.

10.6-10.2. Final plans. Final plans for all or specified phases of a planned development shall be submitted by the developer to the city clerk with the City of Aurora's application for establishment of a planned development. The city council shall refer such final plan to the planning commission and to the Aurora planning council. The planning commission and planning council shall review the final plan, and, if major changes are proposed by the developer, the planning commission, pursuant to this section, shall hold a public hearing in accordance with the provisions of this section as in the case of an application for the establishment of a planned development. The planning commission shall, within sixty (60) days from the date of referral to the planning commission and planning council, submit to the planning and development committee of the city council its written recommendations with respect to the final plan. The planning commission may recommend approval or disapproval of the final plan, and/or specify particular conditions that should be incorporated in the final plan for approval. Within thirty (30) days after receipt of the planning commission's recommendation, the committee shall either approve or disapprove the final plan provided that the final plan is in substantial conformance to the preliminary plan.

000567

The planning commission shall make the determination whether the final plan is in substantial conformance with the preliminary plan. If the final plan is not in substantial conformance with the preliminary plan, the final plan approval procedure shall follow that described in this section. The applicant and the committee may mutually agree to extend said time periods. An approval may be conditional and if so, shall specifically state what additions or deletions from the final plan as submitted shall be made in the final plan as approved. Such additions or deletions shall be shown on or attached to such approved final plan. Promptly after approval of each final plan, ten (10) complete copies of such approved final plan, with all accompanying materials and data shall be prepared at the developer's expense and deposited with the division of city planning. Approval of a final plan by the committee shall not be final until the expiration of the appeal period as described below. If an appeal is filed the decision by the committee also becomes a recommendation to the city council and the final decision on the final plan shall be made by the city council.

10.6-10.3. Preliminary and final plans submitted concurrently. In the event that a preliminary plan and final plan are submitted concurrently, the procedures for application shall be provided by this section.

10.6-10.4. Appeals. The approval or disapproval by the planning and development committee of a final plan is appealable to the city council by the applicant or a member of the city council. Appeals may be filed only within four (4) business days from the day of the decision by the committee. All appeals shall be filed by 5:00 p.m. on the fourth business day as described above with the city clerk on the City of Aurora's petition for appeal to the city council. Only items associated with the final plan on record with the committee may be appealable.

## 10.7. Planned development districts.

10.7-1. Purpose. A large planned development which includes multiple principal uses that would require classification of the property within the planned development into two (2) or more standard zoning districts presents to both the city and the owner or developer difficult planning problems if it may be approved only as a special use pursuant to this section, and the purpose of this section is to provide for the approval and classification of such planned developments as separate zoning districts under this ordinance.

10.7-2. Definition and size limitation. A planned development district is a tract of land which includes two (2) or more principal uses that would require classification of the tract into two (2) or more standard zoning districts and which is developed as a unit under single ownership or under single, unified or coordinated control of its planning and development. A planned development district must include at least two hundred (200) acres of contiguous property; provided that after establishment of a planned development district in accordance with the procedures set forth in this section, contiguous property of any size may be added to such district; and, provided further, that properties separated by highways, streets, public ways or railroads or other public utility rights-of-way may be deemed contiguous for the purpose of qualifying as a planned development district. All procedures required by this section for the establishment of a planned development district shall be applicable to the addition of property to an existing planned development district, and any provision of this section or

C00568

of any other ordinance of the City of Aurora which refers to the establishment of a planned development district shall, with respect to such added property, be deemed to refer to the adoption by the city council of the zoning amendment adding such property to a planned development district.

10.7-3. Preapplication review. An application for the establishment of a planned development district shall be filed with the city clerk. No application shall be accepted by the city clerk unless a preapplication review has been completed with the planning director or said review has been waived by the planning director. Such a preapplication review must be arranged so that forty-eight (48) hours' notice is given to the planning director prior to the date of the review. At such a preapplication review, the planning director and prospective applicant shall review the following as they relate to the proposed application for establishment of a planned development district:

   A. General plan and physical development policies of the City of Aurora.

   B. Existing zoning and land use in the general area of the property in question.

   C. The zoning history in the general area of the property in question.

   D. The City of Aurora's planned development district review process.

   E. Other pertinent factors.

   10.7-3.2. After the completion of the required preapplication review, an application may be filed with the City of Aurora. The application shall include all plans and data as required in this section below. Copies of such application shall be forwarded by the city clerk to the city council to the planning commission with the request to hold a public hearing.

10.7-4. Procedures for establishment of a planned development district. A planned development district may be established only by amendment of the zoning map in accordance with the amendment procedures set forth in the Amendments Section of this ordinance and by compliance with the provisions of this section. Application for the establishment of a planned development district may be made by the developer by filing with the city clerk an application for a zoning amendment establishing a planned development district. Said application shall be accompanied by a plan description which application and plan description shall be deemed to comply with the requirements of the Amendment Section for a zoning amendment application and the plans, data and other information and evidence that must accompany such application. Said plan description shall include the following:

10.7-4.1. A legal description of the property proposed to be included in the planned development district.

10.7-4.2. A plat or map showing boundaries of the proposed planned development district.

10.7-4.3. A written explanation of the general character of the proposed planned development district including: (i) a description of all land uses to be included in such district (including open space) with approximate percentages or, alternatively, maximum or minimum percentage limitations for each use, (ii) projected densities for residential uses or, alternatively, maximum and minimum limitations for such densities and (iii) a description of the development standards and design criteria

CC3569

applicable to the proposed planned development district. Such written explanation may set forth the delimitating factors that the developer shall be permitted to use in locating the proposed land uses to be included in the district.

10.7-4.4. A plat or map of the proposed planned development district which shall show its relation to existing roads and highways, traffic circulation features adjacent to the proposed district, existing zoning of the proposed district and adjacent properties and a generalized plan of existing utilities which will serve the proposed district.

10.7-4.5. A topographical survey of the proposed planned development district at five-foot contour intervals, which may be taken from U.S.G.S. information, showing the limits of the highest recorded flood if available from public documents.

10.7-4.6. The existing limits of floodplain in the proposed planned development district if such limits have been mapped by the Northeastern Illinois Planning Commission or another public agency. If such floodplain limits have not been mapped by any public body, the developer shall supply floodplain limits prepared by engineers approved by the city.

10.7-4.7. A description of the modifications, exceptions, and variations from this ordinance or the city subdivision control ordinance which are being requested as part of the application for establishment of the planned development district.

10.7-4.8. The proposed periods of time within which the developer, in accordance with the Amendment Section, shall be required to submit to the city council preliminary plans and final plans covering all of the proposed planned development district.

After the close of the public hearing provided for in the Amendment Section, and within the time period provided for in the Amendment Section but in no event later than ninety (90) days after the date on which the application was forwarded by the city council, unless the developer and the plan commission have agreed to an extension of such time period, the plan commission shall submit to the city council its recommendation with respect to the application. The plan commission may recommend that the city council approve or disapprove the application. In either case, the plan commission shall set forth the reasons for its recommendation, and may, in the event of a favorable recommendation, specify particular conditions which should be incorporated in an approval of the application.

Within sixty (60) days after receipt of the plan commission's recommendation, the city council shall either approve or disapprove the application. An approval may be conditional and if so shall specifically state what additions or deletions from the plan description as submitted shall be made in the application as approved.

10.7-5. Zoning amendment. Upon approval of the application for establishment of a planned development district by the city council and acceptance by the developer of any conditions incorporated in such approval, the city council shall proceed to amend the zoning map by rezoning the property as a planned development district. The public hearing on the application previously held by the plan commission pursuant to the amendment procedure provided for in the Amendment Section of this ordinance shall satisfy all hearing requirements for the rezoning action.

City of Aurora Zoning Ordinance          200

C02570

10.7-6. Preliminary plans.

10.7-6.1. Within such time periods as are prescribed in this section, preliminary plans for all or specified development phases of the planned development district shall be submitted for approval in accordance with the procedures set forth in this section. Approval of preliminary plans may not be withheld for reasons that would be inconsistent with the approved plan description. Preliminary plans may contain reasonable variations from the approved plan description, and subject to such conditions as may be made a part of the approval of the plan description, a variation shall be deemed reasonable provided it does not (a) increase the gross residential density by more than five (5) percent; (b) reduce the area set aside for common open space by more than five (5) percent; or (c) increase or decrease by more than ten (10) percent the bulk restrictions on buildings and structures. In approving a preliminary plan, the city council may, without further public hearing, also approve changes from the plan description which exceed the scope of permitted reasonable variations, provided that no such change is a "major change" as defined in this section, below.

10.7-6.2. Major changes from the plan description shall not be made without consideration of such changes at a public hearing held in accordance with the provisions of the Amendment Section as in the case of an application for establishment of a planned development district. A major change shall be a change which substantially alters the proposed uses (including open space) or the percentages or the maximum or minimum percentage limitations for each use, projected densities for residential uses or the maximum or minimum limitations for such densities, or the intent and purpose of the plan description.

10.7-7. Requirements for preliminary plans. A preliminary plan shall include or be accompanied by the following:

10.7-7.1. A rendered outline plan of the area covered by such preliminary plan drawn at a scale of not less than one (1) inch equals two hundred (200) feet indicating the following:

A. All categories of land use including the number of dwelling units.

B. Public roads, streets and alleys, including classifications, width of right-of-way and width of paved surfaces.

C. Sidewalks and walkways.

10.7-7.2. A schematic public utilities plan drawn at a scale of not less than one (1) inch equals two hundred (200) feet indicating the following:

A. Schematic sanitary and storm sewer systems.

B. Schematic water supply system.

C. Schematic street lighting and public area lighting systems.

10.7-7.3. A topographical survey of the area covered by such preliminary plan at two-foot contour intervals.

10.7-7.4. A boundary survey of the area covered by such preliminary plan, prepared and certified by a registered Illinois surveyor.

000571

10.7-7.5. A time schedule of the proposed development of the area covered by such preliminary plan.

10.7-8. Time limitations for submission of preliminary plans. A preliminary plan for not less than forty (40) acres of the proposed planned development district (first preliminary plan) shall be submitted for approval within twelve (12) months after adoption by the city council of the amendment establishing the planned development district; provided that upon request in writing of the developer, the city council may at any time or from time to time, by resolution duly adopted at any meeting of the city council, extend the period of time for the submission of a first preliminary plan. If the first preliminary plan shall cover less than all of the planned development district, preliminary plans for additional areas of the district may be submitted to the city council from time to time after submission of such first preliminary plan; provided that preliminary plans covering all of the district shall be submitted to the city council within such period of time as shall have been prescribed in the approval of the application for establishment of the planned development district which shall be not more than fifteen (15) years after the adoption by the city council of the amendment establishing the planned development district; and provided, further, that upon request in writing of the developer, the city council may at any time and from time to time, by resolution duly adopted at any meeting of the city council, extend the period of time for submission of preliminary plans covering all of the district. A preliminary plan for all or part of a planned development district may be submitted for approval with the application for establishment of the district and such preliminary plan may be approved by the city council at the time such application is approved.

10.7-9. Final plans. Within such time periods as are prescribed in this section, final plans for specified development phases of the planned development district shall be submitted for approval in accordance with the procedures set forth in this section. Approval of a final plan may not be withheld for reasons that would be inconsistent with the plan description or the approved preliminary plan for the area covered by such final plan. A final plan may contain reasonable variations from the approved preliminary plan for the area covered by such final plan; and subject to such conditions as may be made a part of an approved preliminary plan, a variation shall be deemed reasonable provided it does not (a) increase the gross residential density by more than five (5) percent; (b) reduce the area set aside for common open space by more than five (5) percent; or (c) increase or decrease by more than ten (10) percent the bulk restrictions on buildings and structures. In approving a final plan, the planning and development committee of the city council may approve changes from the approved preliminary plan for the area covered by such final plan which exceed the scope of permitted reasonable variations provided that no such change is a "major change" as hereinafter defined in this section. Major changes shall not be made without consideration of such changes at a public hearing which shall be held by the planning commission in accordance with the Amendments Section as in the case of an application for establishment of a planned development district. A major change shall be a change which substantially alters the proposed uses (including open space) or the percentages or the maximum or minimum percentage limitations for each use, projected densities for residential uses or the maximum or minimum limitations for such densities, or the intent and purpose of the plan description or the approved preliminary plan for the area covered by such final plan.

C00572

10.7-10. Requirements for final plans. A final plan shall include or be accompanied by the following:

10.7-10.1. A calculated and dimensioned development plat capable of being recorded for the area covered by such final plan drawn at a scale of not less than one (1) inch equals two hundred (200) feet indicating the following:

A. All public and private street rights-of-way and easements.

B. Dimensioned building sites, dimensioned setback lines and the proposed use of each building site.

C. Off-street parking and service areas not incidental to building sites.

D. Open space and recreation facilities.

E. Sites for schools and other public facilities.

10.7-10.2. Development plans and specifications for the following improvements:

A. Roads, streets, alleys, including classifications, width of right-of-way, width of paved surfaces and construction details.

B. Sidewalks, including width of paved surfaces and construction details.

10.7-10.3. Engineering drawings for:

A. Sanitary and storm sewer systems.

B. Water supply system.

C. Street lighting and public area lighting systems.

D. Such engineering drawings shall be prepared in such detail as may be required by good engineering practice.

10.7-10.4. Estimates of the cost of installation of all proposed public improvements, confirmed by a registered Illinois engineer.

10.7-10.5. Provisions which will govern the use, maintenance and protection of access easements, off-street parking spaces and common open space within the area covered by such final plan unless such provisions have been included in the plan description or in an approved preliminary plan for the area covered by such final plan.

10.7-11. Time limitations for submission of final plans. Final plans for all of the area covered by the first preliminary plan required by this section shall be submitted to the city council for referral to the planning council and the planning commission for recommendation to the planning and development committee within three (3) years after approval of such first preliminary plan by the city council; provided that, upon request in writing of the developer, the city council may at any time or from time to time, by resolution duly adopted at any meeting of the city council, extend the period of time for the submission of such final plans. Final plans covering all of the planned development district shall be submitted to the city council for referral to the planning council and the planning commission for recommendation to the planning and development committee within such period of time as shall have been prescribed in the approval of the application for establishment of the planned development district which shall be not more than eighteen

000573

(18) years after adoption by the city council of the amendment establishing the planned development district; provided, that upon request in writing of the developer, the city council may at any time and from time to time, by resolution duly adopted at any meeting of the city council, extend the period of time for submission of final plans covering all of the district.

10.7-12. Procedures for approval of preliminary and final plans.

10.7-12.1. Preliminary plans. Preliminary plans for all or specified phases of a planned development district shall be submitted by the developer to the city clerk on the City of Aurora's petition for approval of a planned development district-preliminary plan. The city council shall refer each such preliminary plan to the planning commission and to the Aurora planning council. The planning commission and the planning council shall review the preliminary plan and, if so directed by the city council pursuant to this section, the planning commission shall hold a public hearing on a preliminary plan in accordance with the provisions of section 15 as in the case of an application for establishment of a planned development district. The planning commission shall, within ninety (90) days from the date of referral, submit to the city council its written recommendations with respect to the preliminary or final plan, which recommendations may include the recommendations of the planning council. The planning commission shall review the preliminary plan and, subject to the provisions of this section may recommend that the city council approve or disapprove of such preliminary plan. In either case, the planning commission shall set forth in writing the reasons for its recommendation, and may, in the event of a favorable recommendation, specify particular conditions which should be incorporated in the approval of the preliminary plan. Within sixty (60) days after receipt of the planning commission's recommendation, the city council shall either approve or disapprove the preliminary plan. An approval may be conditional and, if so, shall specifically state what additions or deletions from the preliminary plan as submitted shall be made in the preliminary plan as approved. Such additions or deletions shall be shown on or attached to such approved preliminary plan. A developer may request the planning commission to waive preliminary plan approval procedures for any area in a planned development district and, if such request is granted the developer may, without having obtained approval of a preliminary plan covering the area, submit for approval, in accordance with the procedures prescribed in this section and within the time period prescribed for submission of a preliminary plan for the area, one or more final plans for the area. Promptly after approval of each preliminary plan, ten (10) complete copies of such approved preliminary plan with all accompanying materials and data shall be prepared at the developer's expense and deposited with the division of city planning.

10.7-12.2. Final plans. Final plans for all or specified phases of a planned development district shall be submitted by the developer to the city clerk on the City of Aurora petition for approval of a planned development district-final plan. The city council shall refer each such final plan to the planning commission and to the Aurora planning council. The planning commission and the planning council shall review the final plan and if major changes are proposed by the developer, the planning commission pursuant to this sections shall hold a public hearing on a final plan in accordance with the provisions of the Amendment Section as in the case of an

002574

application for establishment of a planned development district. The planning commission shall, within sixty (60) days from the date of referral, to the planning commission and planning council, submit to the planning and development committee of the city council its written recommendations with respect to the final plan. The planning commission may recommend approval or disapproval of the final plan, and/or specify particular conditions that should be incorporated in the final plan for approval. Within thirty (30) days after receipt of the planning commission's recommendation, the committee shall either approve or disapprove the final plan, provided that the final plan is in substantial conformance with the preliminary plan. If the final plan is not in substantial conformance with the preliminary plan, the final plan approval procedure shall follow that described in this section. The applicant and the committee may mutually agree to extend said time periods. An approval may be conditional and if so, shall specifically state what additions or deletions from the final plan as submitted shall be made in the final plan as approved. Such additions or deletions shall be shown on or attached to such approved final plan. Promptly after approval of each final plan, ten (10) complete copies of such approved final plan with all accompanying materials and data shall be prepared at the developer's expense and deposited with the division of city planning. Approval of the final plan by the committee shall not be final until the expiration of the appeal period as described below. If an appeal is filed, the decision by the committee also becomes a recommendation to the city council, and the final decision on the final plan shall be made by the city council.

10.7-12.3. Preliminary and final plans submitted concurrently. In the event that a preliminary plan and a final plan are submitted concurrently, the procedures for application shall be as provided by this section.

10.7-12.4. Preliminary plat and preliminary plan submitted concurrently. In the event that a preliminary plat as defined by the Aurora subdivision control ordinance and a preliminary plan are submitted concurrently when permitted by a plan description, the procedure for application shall be as provided by this section.

10.7-12.5. Appeals. The approval or denial by the planning and development committee of a final plan is appealable to the city council by the applicant or a member of the city council. Appeals may be filed only within four (4) business days from the day of the decision by the committee. All appeals shall be filed by 5:00 p.m. on the fourth business day as described above with the city clerk on the City of Aurora's petition for appeal to the city council. Only items associated with the final plan on record with the committee may be appealable.

10.7-13. Standards.

10.7-13.1. Except for modifications and exceptions granted pursuant to this section, a planned development district shall be subject to the off-street parking and loading regulations provided for in section 10 of this ordinance, except that references therein to standard zoning districts shall be deemed to refer to areas within the planned development district wherein the principal use is similar to the principal uses permitted in such standard zoning districts.

10.7-13.2. Except for modifications and exceptions granted pursuant to this section, a planned development district shall be subject to the sign regulations provided for in

000575

the Bulk Restrictions Section of this ordinance. References therein to standard zoning district shall be deemed to refer to areas within the planned development district wherein the principal use is similar to the principal uses permitted in such standard zoning districts.

10.7-13.3. Except for modifications and exceptions granted pursuant to this section, special uses shall be permitted within a planned development district in accordance with the regulations provided for in section 7 of this ordinance. References therein to standard zoning districts shall be deemed to refer to areas within the planned development district wherein the principal use is similar to the principal uses permitted in such standard zoning districts.

10.7-13.4. The plan description for a planned development district or a preliminary plan or a final plan for all or a part of a planned development district may depart from the building height, bulk and lot coverage, lot dimensions and area regulations provided for in the Bulk Restriction Section of this ordinance.

10.7-13.5. As part of the approval of a plan description for a planned development district or of a preliminary plan or a final plan for all or a part of a planned development district the plan commission may recommend and the city council, or planning and development committee in the case of final plans, may grant, for all or specified areas of the planned development district, modifications and exceptions from any provisions of this ordinance, or the city subdivision control ordinance.

10.7-13.6. A planned development district shall be developed only according to approved final plans.

10.7-14. Subdivisions.

10.7-14.1. At the time of any preliminary plan for all or part of a planned development district, the developer may request that all or part of such preliminary plan be considered and approved as a "preliminary plat" under the city subdivision control ordinance, and at the time of submission of a final plan for all or part of a planned development district, the developer may request that all or part of such final plan be considered and approved as a "final plat" under the city subdivision control ordinance.

10.7-14.2. Approval of all or part of any preliminary plan or final plan submitted for consideration and approval as a "preliminary plat" or "final plat" under the city subdivision control ordinance shall not be withheld for reasons that would be inconsistent with the plan description or any preliminary plan theretofore approved by the city council in accordance with the provisions of this section

10.7-14.3. Nothing contained herein shall be deemed to require the subdivision of any part of a planned development district.

10.7-15. Permits. Building, zoning and occupancy permits shall be required for each structure in a planned development district. No building permit relating to any part of a planned development district shall be issued prior to the approval of a final plan for such part of the planned development district in accordance with the provisions of this section; provided that, subject to the approval of the city engineer, mass excavation operations may be carried on prior to the approval of such final plan.

City of Aurora Zoning Ordinance                206

10.7-16. Exterior construction standards for multiple-family construction. All Use Group R-2 structures, except for multiple-single family dwelling units, as defined in the Aurora Building Code, shall have exterior walls of brick, decorative precast or a decorative masonry surface.

## 10.8. Overlay districts.

10.8-1. Purpose and intent. The purpose for the authority to establish overlay districts is to promote the city's stated goals and objectives for certain definable areas within its jurisdiction by imposing special regulations over, and providing flexibility within, existing zoning classifications for those areas of the city with unique land use and environmental characteristics that may not be adequately addressed under any of the zoning district classifications having theretofore been adopted by the city. Further, it is the intent of the city in establishing overlay districts:

10.8-1.1. To provide specific zoning protection, which includes development standards and design guidelines, for areas which are nonconforming due to their having been constructed prior to the establishment of the current zoning district classification, yet are in accordance with the City's Comprehensive Plan and Physical Development Policies; and

10.8-1.2. To provide zoning protection, which includes development standards and design guidelines, for parcels of land with various zoning district classifications which may be developed as one unified development; and

10.8-1.3. To provide zoning protection, which includes development standards and design guidelines, for contiguous parcels of land having similar uses which require special planning considerations due to their location adjacent to a unique geographic feature, major arterial roadway, incompatible land use and/or other external influencing factors; and

10.8-1.4. To provide zoning protection, which includes development standards and design guidelines, for areas with unique architectural features and/or site planning considerations; and

10.8-1.5. To provide zoning protection, which includes development standards and design guidelines, for areas where there is potential for major public/private financial investment requiring clear policy and planning direction to maximize public benefit and private return from such investment.

10.8-2. Definition and rules. An overlay district shall be defined as an ordinance calling for the establishment of certain zoning protection, which includes development standards and design guidelines, over a specified area within the city's jurisdiction, and which shall be based upon a city approved conceptual design, setting forth certain goals and objectives for the district.

10.8-2.1. Said ordinance shall set forth a title for the district in the form of "_____ District," and include the following:

A. A legal description of the property to be included in the overlay district.

B. A plat or map showing boundaries of the overlay district.

C. A written explanation of the general character of the overlay district including:

000577