i. A description of all land use categories to be included in such district (including open space) with approximate percentages or, alternatively, maximum or minimum percentage limitations for each use,

 ii. Projected densities for residential uses or, alternatively, maximum and minimum limitations for such densities,

 iii. A description of the development standards, applicable to the goals and objectives adopted by the city in the conceptual design.

D. A plat or map of the overlay district which shall show its relation to existing roads and highways, traffic circulation features adjacent to the district, existing zoning of the district and adjacent properties and a generalized plan of existing utilities which will serve the district.

E. A topographical survey of the overlay district at five-foot contour intervals, which may be taken from U.S.G.S. information, showing the limits of the highest recorded flood if available from public documents. (This requirement shall apply only if the district is adjacent to a designated flood prone area).

F. The existing limits of floodplain in the overlay district if such limits have been mapped by the Northeastern Illinois Planning Commission or another public agency. (This requirement shall apply only if the district is adjacent to a designated flood prone area).

10.8-2.2. A description of the modifications from this ordinance or the city subdivision control ordinance which are part of the ordinance establishing an overlay district.

10.8-2.3. Said development standards and design guidelines shall be written in the following format:

 A. Development Standards by Parcel
 A-1.1. Title and Description of the Parcel
 A-1.2. Statement of intent.
 A-1.3. Specific parcel rules and definitions.
 A-1.4. Permitted uses.
 A-1.5. General provisions.
  (a) Plan approval procedures.
  (b) Signage.
  (c) Landscaping and screening.
  (d) Parking and loading.
  (e) Performance standards.
  (f) General restrictions.
 A-1.6. Nonconforming buildings and uses.
 A-1.7. Special uses.
 A-1.8. Accessory buildings and uses.
 A-1.9. Bulk restrictions.
  (a) Maximum lot area coverage by building and pavement.

      (b) Minimum lot size and width.
      (c) Required yard areas.
      (d) Permitted obstructions in required yard areas.
      (e) Maximum height.
    B. Design guidelines.
    B.1.1. Exterior building materials.
    B.1.2. Exterior building design.
    B.1.3. Roof design.
    B.1.4. Width and height proportions.
    B.1.5. Street furniture.
    B.1.6. Maintenance.
    B.1.7. Mechanical services.

10.8-2.4. Any parcel of land within an overlay district shall also be subject to the underlying zoning district regulations provided for within this ordinance, except where specifically modified, and shall be in accordance with the conditions and requirements of both districts as specifically addressed.

10.8-2.5. An overlay district may exclude specified permitted uses and include specified uses not permitted by the regulations of the underlying zoning district in which it is located, provided that:

 A. The uses permitted by such modifications are necessary or desirable and are appropriate with respect to the primary purpose of the overlay district; and

 B. The uses permitted by such modifications are not of such a nature or so located as to exercise an undue detrimental influence on the surrounding neighborhood; and

 C. In an industrial overlay district, such different uses allowed by modifications shall conform to the performance standards of the underlying zoning district in which the area is located.

10.8-2.6. An overlay district may include modifications to the bulk regulations set forth in the underlying zoning district regulations in which it is located, provided that:

 A. Such modifications are necessary or desirable and are appropriate with respect to the primary purpose of the overlay district; and

 B. Such modifications are not of such a nature as to exercise an undue detrimental influence on the surrounding neighborhood; and

10.8-3. Pre-consideration review. Prior to the city initiating the procedures for the establishment of an overlay district set forth in this section, the city shall adopt a conceptual design that sets forth the goals and objectives of the proposed overlay district.

 10.8-3.1. Said concept may be developed by the city and/or a special commission or tank force established by the mayor and city council.

10.8-3.2. At such pre-consideration review, the city shall review the following as they relate to the proposed concept:

   A. General plan and physical development policies of the City of Aurora.

   B. Existing zoning and land use in the general area of the property in question.

   C. The zoning history in the general area of the property in question.

   D. Other pertinent factors.

10.8-3.3. After the completion of the required pre-consideration review, a resolution adopting the conceptual design for an overlay district shall be considered for approval by the city.

10.8-4. Procedures to establish district. An overlay district may be established or revised only by amendment of the zoning map in accordance with the amendment procedures set forth in the Amendments Section (while notifying owners of property both within the proposed district and within two hundred fifty (250) feet of the proposed district) of this ordinance and by compliance with the provisions of this section.

   10.8-4.1. The establishment of an overlay district may be initiated by the mayor and city council.

   10.8-4.2. Said overlay district shall be accompanied by development standards and design guidelines which shall comply with the requirements of this section

   10.8-4.3. No overlay district shall be recommended by the plan commission unless said commission shall find:

      A. That the establishment, maintenance or operation of the overlay district will not be unreasonably detrimental to or endanger the public health, safety, morals, comfort or general welfare;

      B. That the overlay district will not be injurious to the use and enjoyment of the properties within the overlay district or of other property in the immediately vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood;

      C. That the establishment of the overlay district will not impede the normal and orderly development and improvement of the properties within the overlay district or of surrounding property for uses permitted in the district;

      D. That adequate utilities, access roads, drainage and/or other necessary facilities have been or are being provided;

      E. That adequate measures have been or will be taken to provide ingress and egress so designed as to minimize traffic congestion in the public streets.

   10.8-4.4. After the close of the public hearing provided for in the Amendments Section, and within the time period provided in the Amendments Section but in no event later than ninety (90) days after the date on which the overlay district ordinance was forwarded by the city council, the plan commission shall submit to the city council its recommendation with respect to the ordinance. The plan commission may recommend that the city council approve or disapprove the ordinance. In either case, the plan commission shall set forth the reasons for its recommendation, and may, in

the event of a favorable recommendation, specify particular conditions that should be incorporated in an approval of the ordinance.

10.8-4.5. Within sixty (60) days after receipt of the plan commission's recommendation, the city council shall either approve or disapprove the ordinance. An approval may be conditional and if so shall specifically state what additions or deletions from the overlay district ordinance as submitted shall be made.

10.8-5. Zoning amendment. Upon approval of the establishment of an overlay district by the city council, the city council shall proceed to amend the zoning map by rezoning the property as an overlay district with the underlying zoning classification remaining.

10.8-5.1. The city shall adopt a specific overlay district ordinance developed by the city in conjunction with any special commission or task force which establishes certain zoning

10.8-5.2. protection, which involves development standards and design guidelines, as set forth in this section.

10.8-5.3. Concurrently with the adoption of an overlay district ordinance, the city council shall designate a design review committee by ordinance, and the mayor shall appoint members pursuant to this section. The city council shall affirm said committee appointments by resolution.

10.8-5.4. The public hearing on the overlay district ordinance held by the plan commission pursuant to the amendment procedure provided for in section 15 of this ordinance shall satisfy all hearing requirements for the zoning action.

10.8-5.5. Said zoning map shall be amended to include the symbol "(OD)" after the underlying zoning classification such as "B-1 (OD)."

10.8-5.6. The Foxwalk Overlay District, as defined in Resolution Number 93-426, dated November 23, 1993, is hereby designated an Overlay District, and the intent, rules and regulations as specified in Resolution Number 93-426, are adopted as if fully set forth herein.

10.8-6. Preliminary plan submission. Prior to the issuance of a permit for any exterior improvements, including but not limited to new construction, new or redesignated or altered signage, demolition, paving, or any other action that would alter property in an overlay district in a manner regulated by said overlay district, an applicant shall pursue the preliminary and final plan process if applicable pursuant to the specific overlay district regulations. No such permits shall be issued until and unless said plans have been approved by the city and a "Certificate of Appropriateness" (CA) has been issued.

10.8-7. Preliminary plan requirements. Preliminary plans shall contain the following:

10.8-7.1. A completed application listing the statement of planning objectives, a time schedule, and modifications to city ordinances, with an attached survey of the area in question, prepared and certified by a registered Illinois surveyor.

10.8-7.2. A drawing of the area at a scale of not less than one (1) inch equals two hundred (200) feet, with the following standard information, as applicable:

A. Scale.

    B. North arrow.

    C. Original and revision dates.

    D. Name and address of owner of record.

    E. Name and address of site plan designer.

    F. All categories of proposed land use.

    G. Location of contiguous buildings.

    H. Zoning of contiguous property.

    I. Land use of contiguous property.

    J. Size of property in square feet or acres.

    K. Square footage and percent of site covered with buildings.

    L. Square footage and percent of site covered with pavement.

    M. Number of parking spaces to be provided.

    N. Number of parking spaces required.

    O. Number of proposed buildings, DUs, lots.

    P. A site location map.

    Q. Dimensions of the property.

    R. Existing or proposed roads, streets, alleys, and sidewalks, and their rights-of-way.

    S. Dimensioned building setbacks, parking areas, service drives, open space and recreational areas.

    T. A schematic of the existing or proposed public utility systems, including the size of sanitary sewers, storm sewers, water lines, and street lights.

    U. Significant existing vegetation.

    V. Conceptual architectural plans and elevations for each new or substantially altered or repaired structure.

    W. Any other information necessary to clearly show the proposed site plan elements.

10.8-8. Preliminary plan approval. Preliminary plans and revisions thereof for all parcels within the overlay district shall be submitted for approval in accordance with the procedures set forth in this section.

    10.8-8.1. Approval of preliminary plans may not be withheld for reasons that would be inconsistent with the approved development standards and design guidelines.

    10.8-8.2. In approving a preliminary plan, the design review committee may, without further public hearing, also approve changes from the development standards provided that no such change is a "major change" as defined in this section.

    10.8-8.3. Major changes from the development standards shall not be made without consideration of such changes at a public hearing held in accordance with the

000582

provisions of the Amendments Section as in the case for establishment of an overlay district.

10.8-8.4. A major change shall be a change that substantially alters the percentages or the maximum or minimum percentage limitations for each use, projected densities for residential uses or the maximum or minimum limitations for such densities, or the intent and purpose of the development standards. This may be further specified in each overlay district.

10.8-9. Final plan submission. Following and/or concurrent with the approval of a preliminary plan, and prior to the issuance of a permit for the purposes detailed in this section, an applicant shall submit final plans for properties located in an overlay district, for review and approval. No permits for the purposes detailed in this section shall be issued until and unless said final plans have been approved by the city if applicable pursuant to the specific overlay district regulations. No such permits shall be issued until and unless said plans have been approved by the city and a "certificate of appropriateness" has been issued.

10.8-10. Final plan requirements. Final plans shall contain the following, as applicable:

10.8-10.1. A completed application listing the statement of planning objectives, a time schedule, proposed covenants, restrictions and conditions, and variations to city ordinances.

10.8-10.2. A drawing of the area using an accurate engineering scale, with the following information:

A. Scale.

B. North arrow.

C. Original and revision dates.

D. Name and address of owner of record.

E. Name and address of site plan designer.

F. Location of contiguous buildings.

G. Zoning of contiguous property.

H. Land use of contiguous property.

I. Legal description.

J. Size of property.

K. Current zoning.

L. Area and percent of site covered with buildings.

M. Area and percent of site covered with pavement.

N. Number of parking spaces provided.

O. Number of parking spaces required.

P. Area and percent of site covered with landscaping.

Q. Number of buildings.

000583

    R. Number of dwelling units.

    S. Breakdown of DU bedroom types.

    T. Number of plantings by type.

    U. Size of plantings at installation.

    V. On-center spacing for hedges.

    W. Caliper size of all trees at installation.

    X. Dimensions of the property.

    Y. Existing and proposed streets, rights-of-way, driveways, all principal and accessory buildings and their uses, dimensioned building setbacks, lot sizes, sidewalks, parking, service areas, open space and recreational facilities.

    Z. Specific architectural plans and elevations for all buildings in sufficient detail to show all basic building elements.

    AA. The existing and proposed vehicular and pedestrian circulation systems, indicating their interrelationship and proposed treatments of points of conflict.

    BB. Existing and proposed utility systems including their sizes.

    CC. Proposed public and private lighting system.

    DD. Existing and proposed easements for utility service.

    EE. Proposed signage indicating location and size.

    FF. Existing vegetation and plantings.

    GG. Proposed berming and fencing.

    HH. The location and size in acres or square feet of all areas to be conveyed, dedicated or reserved as common open spaces, public parks, recreational areas, and similar semi-public uses.

    II. Any other information necessary to clearly show the proposed site plan elements.

10.8-11. Final plan approval. Final plans for all parcels within the overlay district shall be submitted for approval in accordance with the procedures set forth in this section.

    10.8-11.1. Approval of a final plan may not be withheld for reasons that would be inconsistent with the development standards, design guidelines, and approved preliminary plan for the property covered by such final plan.

    10.8-11.2. In approving a final plan, the planning official may approve changes from the approved preliminary plan for the area covered by such final plan provided that no such change is a "major change" as hereinafter defined in this section.

    10.8-11.3. Major changes shall not be made without consideration of such changes at a public hearing that shall be held by the planning commission in accordance with the Amendments Section as in the process for establishment of an overlay district.

    10.8-11.4. A major change shall be a change that substantially alters the percentages or the maximum or minimum percentage limitations for each use, projected densities for residential uses or the maximum or minimum limitations for such densities, or

the intent and purpose of the development standards, or approved preliminary plan for the area covered by such final plan. This may be further specified in each overlay district.

10.8-12. Plan approval procedures. All applications for preliminary and/or final plan approval shall be reviewed as follows:

10.8-12.1. Applications for approval of preliminary and final plans shall be filed with the planning official on forms provided, and shall be accompanied with the required information in this section and other documents as the official may require. Any applicant may request a meeting with the design review committee or planning official before submitting an application and may consult with the committee or planning official during the review of the application.

10.8-12.2. Preliminary plans. In the case of preliminary plans, at the next regular meeting, the design review committee shall review the application and may grant approval by resolution if it finds that the proposal is clearly in accordance with the provisions of the Aurora Zoning Ordinance and this section. If necessary, pursuant to this section, the planning commission shall hold a public hearing in accordance with the provisions of the Amendments Section. The design review committee, or in the case of a public hearing the planning commission, shall recommend to the planning and development committee approval, approval with conditions, or disapproval of the preliminary plan. In that case, the city council shall make the final decision.

10.8-12.3. Final plans. In the case of final plans, the planning official shall review the application and may grant approval if he/she finds that the proposal is clearly in accordance with the provisions of the Aurora Zoning Ordinance and this section. If necessary, pursuant to this section, the planning commission shall hold a public hearing in accordance with the provisions of this section. The planning official (or in the case of a public hearing the planning commission), shall approve, approve with conditions, or disapprove the final plan. Said decisions shall not be final until the expiration of the appeal period as described below. If an appeal is filed, the decision becomes a recommendation to the planning and development committee, and the city council shall make the final decision.

10.8-12.4. Appeals. The approval or denial of a preliminary or final plan is appealable to the planning and development committee of the city council by the applicant or a member of the city council or a member of the design review committee. Appeals may be filed only within four (4) business days from the day of the decision by the committee. All appeals shall be filed by 5:00 p.m. on the fourth business day as described above with the city clerk on the City of Aurora's petition for appeal to the city council.

10.8-13. Standards. Except for the modifications granted via the processes detailed below, overlay districts shall be subject to all of the provisions of this ordinance:

10.8-13.1. Except for modifications granted pursuant to clause (d) of this subsection 14.8-8, an overlay district shall be subject to the off-street parking and loading regulations provided for in section 10 of this ordinance.

10.8-13.2. Except for modifications granted pursuant to clause (d) of this subsection 14.8-8, an overlay district shall be subject to the sign regulations provided for in section 9 of this ordinance.

10.8-13.3. Except for modifications pursuant to clause (d) of this section, special uses shall be permitted within an overlay district in accordance with the Use Regulations Section of this ordinance.

10.8-13.4. The plan description for an overlay district or a preliminary plan or a final plan for all or a part of an overlay district may depart from the building height, bulk and lot coverage, lot dimensions and area regulations provided for in the Bulk Restrictions Section of this ordinance.

10.8-13.5. As part of the approval of a plan description for an overlay district the plan commission may recommend and the city council may grant, for all or specified areas of the overlay district, modifications from any provisions of this ordinance.

10.8-13.6. As part of the approval of a preliminary or final plan for an overlay district or part thereof, the city may grant modifications pursuant to this section of this ordinance.

10.8-14. Subdivisions. Subdivisions shall be permitted in an overlay district, pursuant to Aurora's Subdivision Control Ordinance.

10.8-15. Permits. Building and occupancy permits shall be required for each structure in an overlay district. No building permit relating to any part of an overlay district shall be issued prior to the approval in accordance with the provisions of this section.

Notwithstanding anything contained within this section to the contrary, where a structure located within an overlay district has been substantially damaged by fire or other catastrophic event, and, in the opinion of the appropriate code official, and, pursuant to the applicable provisions of the Aurora Building Code, must be demolished, the requirement to obtain a certificate of appropriateness shall not be applicable. The appropriate code official shall forward a copy of the demolition notice to the appropriate design review committee. In such event, the official shall consider the applicable design review guidelines affecting the district in rendering a decision.

10.8-16. Design review committee. A design review committee shall be designated for each overlay district, to be appointed by the mayor with city council approval. Said review committee members shall have staggered terms which shall last for three (3) years or until the respective successor is appointed.

10.8-16.1. Organization; rules; meetings; removals; director; records.

A. The mayor shall appoint a chairman and a vice-chairman from among the members of the committee for terms of one (1) year. The chairman shall preside over meetings. In the absence of the chairman, the vice-chairman shall perform the duties of the chairman.

B. The committee shall adopt rules for the conduct of its business. All meetings of the committee shall be open to the public.

C. A quorum shall consist of fifty-one (51) percent of the members. The transaction of business shall be made by a majority vote of the members in attendance while

a quorum is present, except that the adoption, modification or revision of any rule or part thereof shall require the affirmative vote of fifty-one (51) percent of all members. Members may be removed from the committee upon failing to attend without reasonable cause at least two-thirds of all meetings held during a one-year period.

D. The mayor may, in his discretion, remove any member for incompetence, neglect of duty or malfeasance in office. The mayor shall, within ten (10) days, report in writing such removal to the city council with the reasons therefore.

E. The director of planning or his/her designee (planning official), shall provide staff support to the committee.

F. The planning official shall keep, or cause to be kept, a record of all proceedings and actions of the committee, which record shall be open to the public for inspection and shall be kept and maintained at his/her office.

G. The zoning administrator is hereby deemed a peace officer and is authorized to prepare and serve citations personally or by certified mail, for violations of this section.

H. Any member of the committee having a pecuniary or personal interest in a case before the committee shall report such to the other members and such interest shall be made a matter of record. Any member having such an interest shall not present or speak on such matter nor shall he/she vote or in any way use his/her personal influence on such matter nor shall he/she be counted in determining a quorum for consideration of such matter.

10.8-16.2. Powers and duties. The design review committee shall have the following powers and duties, if applicable pursuant to the specific overlay district regulations:

A. To approve, amend or deny preliminary plans pursuant to section 14.8-8.

B. To make recommendations for any amendments to the overlay district.

C. To consult and work with the planning official in the view of applications for permits of any construction, additions, alterations or enlargements of structures within the overlay district.

## SECTION 11. AMENDMENTS

11.1. The plan commission of the City of Aurora, which has been duly created by the mayor and the city council, shall have the authority, responsibility and duties set forth herein.

11.2. Jurisdiction.

11.2-1. To hear and report findings and recommendations to the mayor and city council on all applications for amendments and special use permits in the manner prescribed by standards and other regulations set forth herein;

11.2-2. To initiate, direct and review, from time to time, studies of the provisions of this ordinance, and to make reports of its recommendations to the mayor and city council not less frequently than once each year; and

11.2-3. To hear and decide all matters upon which it is required to pass under this ordinance.

**11.3. Meetings and rules.**

11.3-1. All meetings of the plan commission shall be held at the call of the chairman and at such time as the plan commission may determine. In all official proceedings, the chairman, or in his absence, the acting chairman of the plan commission, shall have the power to administer oaths and compel by subpoena the attendance and testimony of witnesses and the production of books and papers. The plan commission shall keep minutes of its proceedings, showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and shall also keep records of its hearings and other official actions. A copy of every rule or regulation, every appearance, variation and every recommendation, order, requirement, decision or determination of the plan commission shall be filed immediately in the office of the department of city planning and zoning administrator and shall be a public record. The plan commission shall adopt its own rules and procedures, not in conflict with this ordinance or with applicable Illinois Statutes. All hearings shall be open to the public.

**11.4. Initiation of amendment.**

11.4-1. Amendments may be proposed by the mayor or city council, the plan commission, the zoning board of appeals, any property owner, or, in the case of an application for establishment of a planned development district pursuant to the Administration Section of this ordinance, by the owner or owners of the subject property or by his or their duly authorized agent.

**11.5. Processing application for amendment.**

11.5-1. Petition for a rezoning. A petition for an amendment to Aurora zoning ordinance and zoning map shall be filed with the city clerk. No petition shall be accepted by the city clerk unless a preapplication review has been completed with the planning director or said review has been waived by the planning director. Such a preapplication review must be arranged so that two (2) business days' notice is given to the planning director prior to the date of the review. At such a preapplication review, the planning director and prospective petitioner shall review the following as they relate to the proposed rezoning petition:

11.5-1.1. General plan and physical development policies of the City of Aurora.

11.5-1.2. Existing zoning and land use in the general area of the property in question.

11.5-1.3. The zoning history in the general area of the property in question.

11.5-1.4. The City of Aurora's rezoning review process.

11.5-1.5. Other pertinent factors.

11.5-2. After the completion of the required pre-application review, a rezoning petition may be filed with the City of Aurora. The petition shall include all plans and data as required within the petition for amendment to Aurora zoning ordinance and zoning map as approved by the Aurora city council. Copies of such a petition shall be forwarded by the city clerk to the city council to the planning council and planning commission with the request that the planning commission hold a public hearing.

11.5-3. Notices.

11.5-3.1. For all petitions, public notice shall be mailed by the petitioner. Said notices shall be mailed after a public hearing date has been scheduled by the planning division to be held before the planning commission. The notices shall be mailed to all owners of record within two hundred fifty (250) feet in each direction of the location in which the property is located, and to owners or occupants of other properties that may be affected as determined by the planning commission. The owners of record within the two-hundred-fifty-foot requirement shall be determined by consulting the tax assessor's rolls of the township or the county in which the property is located, provided the number of feet occupied by all public roads, streets, alleys and other public ways shall be excluded in computing the two-hundred-fifty-foot requirement. The notice shall be in writing and shall contain the following information:

A. Common description of property.

B. Requested action.

C. Date, time and place of hearing.

D. Reference to planning division of City of Aurora for further information.

E. Telephone number of planning division.

11.5-3.2. The notice shall be mailed not more than thirty (30) days, nor less than fifteen (15) days in advance of such hearing. The notice shall be sent by regular mail, properly addressed as shown on the assessor's rolls and with sufficient postage affixed thereto, and shall be attested to by means of a certificate of mailing and an affidavit of mailing which shall include a copy of the notice and a complete list of names, addresses and tax parcel numbers of said owners of record required to be mailed the notice. This section is intended to be a directive, and any failure to comply with the requirements hereof shall not deprive the planning commission or city council of jurisdiction to pass any amendment to this ordinance, nor shall any defect render invalid any proceedings held in furtherance of any such amendment.

11.5-3.3. The certificate of mailing and the affidavit of mailing with its attachments shall be submitted to the planning division prior to the hearing date and shall be made part of the hearing record.

11.5-3.4. In connection with the requirements of this section, the following forms and instructions are on file with the Planning Division:

A. Form for certified public notice.

B. Instructions for determining scope of two-hundred-fifty-foot distance.

C. Form for owners of record and tax parcel number listing.

D. Affidavit form for mailing.

E. Certificate of mailing form.

11.5-3.5. Surrounding owner notification exception. For property zoned residential (except in planned developments) that is proposed for zoning of a lesser intensity, the mailing requirement provided by this section shall not be required.

11.5-3.6. Posting of sign.

A. For all rezoning petitions a sign provided by the planning division shall be posted by the petitioner and/or property owner. The sign shall be posted after a public hearing date has been scheduled by the planning division to be held before the planning commission. The sign shall be at least two (2) feet in height and four (4) feet in length and shall be posted not more than fifteen (15) days nor less than ten (10) days in advance of the public hearing. The sign or signs shall be posted so that at least one sign is clearly readable from all adjacent roadways. The sign shall contain the following information:

   i. Requested action.

   ii. Date, time and place of public hearing.

   iii. Reference to planning division of the city for further information.

   iv. Telephone number of the planning division.

B. The sign shall not be removed until the public hearing before the planning commission has been completed unless otherwise directed by the planning commission or city council. This section is intended to be a directive, and any failure to comply with the requirements hereof shall not deprive the planning commission or city council of jurisdiction to pass any amendment to this ordinance, nor shall any defect render invalid any proceedings held in furtherance of any such amendment.

C. The petitioner and/or property owner shall also file with the planning division no later than ten (10) days before the public hearing date, an affidavit verifying who posted the sign and the date and time of its posting, and including a location map showing where said sign was posted on the property and a photograph of said sign after it was erected.

D. In connection with the requirements of this section, the following forms and instructions are contained in the appendix section of this ordinance.

   i. Instructions for the posting of the sign.

   ii. Affidavit form for posting of sign.

E. Posting of sign exception. For property zoned residential (except in planned developments) that is proposed for zoning of a lesser intensity, the posting of sign requirements provided by this section shall not be required.

11.5-4. Publications. The planning department shall cause a notice of time, place and purpose of such hearing to be published in a newspaper of general circulation within the City of Aurora not more than thirty (30) days nor less than fifteen (15) days in advance of such hearing.

11.5-5. Hearing on application. Upon receipt in proper form of the application and statement referred to above, the plan commission shall hold at least one public hearing on the proposed amendment. However, the plan commission may continue from time to time the hearing without further notice being published.

11.5-5.1. Exception to the planning commission hearing the requirement. For a single lot zoned residential that is proposed for zoning of a lesser intensity, the public hearing shall be held before the planning and development committee. The planning and

development committee may continue the hearing, from time to time, without further notice being published.

11.5-6. Findings of fact and recommendation of the planning commission. Within forty-five (45) days after the close of a hearing on a proposed amendment to change the zoning classification of a particular property, the planning commission shall make findings of fact based upon the evidence presented to it, with respect to the matters enumerated herein; shall enter its findings and recommendation thereon into commission meeting recordation; and shall submit a copy of the applicable minutes thereof to the mayor and the city council. In the interest of promoting the public health, safety, comfort, convenience and general welfare, the commission shall recommend no amendment for approval unless it shall find that the proposed amendment:

    A. Is in accordance with all applicable official physical development policies and other related official plans and policies of the City of Aurora;

    B. Represents the logical establishment and/or consistent extension of the requested classification in consideration of the existing land uses, existing zoning classifications, and essential character of the general area of the property in question;

    C. Is consistent with desirable trend of development in the general area of the property in question, occurring since the property in question was placed in its present zoning classification, desirability being defined as the trend's consistency with applicable official physical development policies and other related official plans and policies of the City of Aurora;

    D. Will permit uses which are more suitable than uses permitted under the existing zoning classification;

    E. Will maintain a compatible relationship with the traffic pattern and traffic volume of adjacent streets and will not have an adverse effect upon traffic or pedestrian movement and safety in the general area of the property in question; and

    F. Will allow for the provision of adequate public services and facilities to the property in question and will have no adverse effect upon existing public services and facilities.

11.5-6.2. Exception to findings of fact. The findings of fact as set forth in this section shall not be applicable in cases where the public hearing is held before the city council pursuant to this section.

**11.6. Decisions.**

11.6-1. Action by the plan commission:

11.6-1.1. The plan commission may hear a request for change in zoning and may recommend a zoning classification more restrictive than that requested.

11.6-1.2. A concurring vote of a majority of those members present at the meetings with a minimum of three (3) concurring votes shall be required to recommend granting or denying an application for an amendment.

11.6-1.3. Report to the city council shall contain number present and number of votes for or against the motion.

11.6-2. Action by the mayor and city council.

11.6-2.1. The mayor and city council, upon receiving the recommendations of the plan commission, may grant or deny any proposed amendment in accordance with applicable Illinois Statutes, or may refer it back to the plan commission for further consideration.

11.6-2.2. If an application for a proposed amendment is not acted upon finally by the city council within six (6) months of the date upon which such application is received by the mayor and city council, it shall be deemed to have been denied.

11.6-2.3. In cases where the city council holds the public hearing pursuant to this section, the city council, at the conclusion of the public hearing, may grant or deny the amendment in accordance with applicable Illinois statutes and provisions of the Aurora Code.

11.6-3. In the case of property rezoned by the city council but not used within one (1) year from the date of said rezoning for purposes permitted in the classification to which said property has been rezoned the city council or the city planning commission shall have the power to institute proceedings on its own motion to rezone said property to either its previous classification or some other classification deemed proper by the aforementioned bodies; provided, however, that the foregoing provisions of this section shall not apply to property zoned as a planned development district pursuant to this section of this ordinance. In the case of property in a planned development district, the city council or the plan commission shall have the power to institute proceedings on its own motion to rezone (a) property as to which preliminary plans or final plans have not been submitted within the time period prescribed in the Administration Section (as such time periods may have been extended pursuant to said subsections), or (b) property covered by an approved final plan if the time period prescribed in the Administration Section for submission of such final plan shall have expired and if no development work shall have commenced on any of the property covered by such final plan within one year after the final plan's approval. In such rezoning proceedings such property may be rezoned either to its previous classification or to some other classification deemed proper by the city council.

## SECTION 12. INTERPRETATION; PURPOSE AND CONFLICT

12.1-1. In interpreting and applying the provisions of this ordinance, they shall be held to be the minimum requirements for the promotion of safety, health, convenience, comfort, prosperity, and general welfare. It is not intended by this ordinance to interfere with, abrogate, annul, or repeal any ordinances, rules or regulations previously adopted, and not in conflict with any of the provisions of this ordinance, or which shall be adopted, pursuant to law relating to the use of buildings or premises, nor is it intended by this ordinance to interfere with or abrogate or annul any easements, covenants, or other agreements between parties except that where this ordinance imposes a greater restriction upon the use of land, buildings or premises or upon the height of buildings, or requires larger open spaces than are imposed or required by such other ordinances or such other easements, covenants or agreements, the provisions of this ordinance shall control.

## SECTION 13. FEES

13.1-1. The city council shall adopt by separate ordinance or resolution, the fee or fees required for the following documents:

13.1-1.1. Petition for zoning amendment;

13.1-1.2. Building permit;

13.1-1.3. Use permit;

13.1-1.4. Certificate of compliance;

13.1-1.5. Certificate of nonconforming use;

13.1-1.6. Petition to the zoning board of appeals;

13.1-1.7. Application for special uses;

13.1-1.8. Application for conditional permit use;

13.1-1.9. Annexations;

13.1-1.10. Preliminary plan;

13.1-1.11. Final plan.

## SECTION 14. PENALTIES

14.1-1. Any person or corporation, whether as principal, agent, employee or otherwise, who violates any of the provisions of this ordinance shall be guilty of a misdemeanor and upon conviction, shall be fined not less than fifty dollars ($50.00) and not more than two hundred dollars ($200.00), for each offense, and each day of the existence of any violation shall be deemed a separate offense.

14.1-2. The erection, construction, enlargement, conversion, moving or maintenance of any building or structure and the use of any land or building which is continued, operated or maintained, contrary to any of the provisions of this ordinance is hereby declared to be a violation of this ordinance and unlawful. The zoning administrator, immediately upon any such violation having been called to his attention, [shall] institute injunction, abatement or any other appropriate action to prevent, enjoin, abate or remove such violation. Such action may also be instituted by any property owner who may be especially damaged by any violation of this ordinance.

14.1-3. The remedy provided for herein shall be cumulative and not exclusive, and shall be in addition to any other remedies provided by law.

## SECTION 15. VALIDITY

15.1-1. Should any section, clause or provision of this ordinance be declared by the courts to be invalid, the same shall not affect the validity of the ordinance as a whole or any part thereof, other than the part so declared to be invalid.

## SECTION 16. WHEN EFFECTIVE

16.1. All provisions of this ordinance shall become effective ten (10) days after the publication date of said ordinance and its regulations shall be in effect except where a building permit has been issued or a deviation has been granted prior to the enactment of this ordinance, and further providing that substantial change of position, expenditures or incurrence of

obligations by or on behalf of the permittee under the provisions of the permit or deviation issued have occurred. Applications for permits and petitions for appeals under the old ordinance shall automatically become null and void by the enactment of this ordinance, unless acted upon prior to the enactment of this ordinance.

## SECTION 17. REPEAL AND SAVING CLAUSE

**17.1.** That all ordinances, and especially Ordinance No. 2250, or parts of ordinances in conflict herewith be and the same are hereby repealed, insofar as such conflict exists.

## SECTION 18. AUTHORITY TO SIGN

**18.1.** That upon the refusal or failure of the mayor to sign this ordinance after adoption thereof by the city council, then any two (2) city commissioners are hereby empowered and directed to sign this ordinance in his stead.

## SECTION 19. TITLE AND APPLICATION [PUBLICATION]

### 19.1. Title

19.1-1. This ordinance shall be known as "Aurora Zoning Ordinance" and is hereby ordered to be printed in book or pamphlet form, and said ordinance in such form is hereby authorized to be published by the authority of the City Council of the City of Aurora, Kane County, Illinois.

### 19.2. Adoption

19.2-1. Presented to the Council of the City of Aurora, Illinois, this 28th day of October, A.D. 1957.

19.2-2. Passed by the Council of the City of Aurora, Illinois, this 4th day of November, A.D. 1957.