Address 240 N. OAKHURST DRIVE                     Application # _____

## CONTRACTOR REGISTRATION INFORMATION

**SIGNAGE CONTRACTOR** (Check primary contact) ☐
CITY OF AURORA
G.C. REGISTRATION # 06-13969

BUSINESS NAME  Krahl Const

CONTACT NAME  Scott

ADDRESS  Cell - 312-735-6397

CITY , STATE ZIP _____

N/A ☐     PHONE ( ___ ) ___ - ___

         FAX   ( ___ ) ___ - ___

         E-MAIL _____

**ELECTRICAL CONTRACTOR**  (primary contact) ☐
CITY OF AURORA
ELECT. REGISTRATION # 06-0000 3600

BUSINESS NAME  TIMM ELECTRIC

CONTACT NAME  TOM McGANN JR

ADDRESS  17832 MILLS RD

CITY , STATE ZIP  JOLIET IL 60435

N/A ☐  PHONE (815) 723 - 4501

      FAX  (815) 723 - 7243

      E-MAIL _____

**PLUMBING CONTRACTOR**   (primary contact) ☑
CITY OF AURORA
PLUMBING REGISTRATION # _____ - ____

BUSINESS NAME _____

CONTACT NAME _____

ADDRESS _____

CITY , STATE ZIP _____

N/A ☐     PHONE ( ___ ) ___ - ___

         FAX   ( ___ ) ___ - ___

         E-MAIL _____

**CERTIFICATION**
This is an application only. Completion of this application does Not entitle the commencement of construction. I, the applicant agrees to conform to all applicable laws of the City of Aurora. I also agree that all work performed will be in accordance with the plans and specifications as set forth in the approved permit. I understand that the approval of this application and issuance of a permit does not obviate the need to comply with all applicable laws and ordinances. I agree to hold harmless and indemnify the City of Aurora for any claim against the City as the result of any act of commission or omission by or on behalf of the undersigned, his/her agent, principle, contractor, subcontractor or supplier. I the undersigned am the Owner or a duly contracted representative of the owner of said property.

CONTRACTOR  KRAHL CONSTRUCTION

                                    (PRINT)

CONTRACTOR  Scott K

                                    (SIGNATURE)

        OR

OWNER  _____

                                    (PRINT)

OWNER  _____

                                    (SIGNATURE)

**MECHANICAL CONTRACTOR**   (primary contact) ☐
CITY OF AURORA
HVAC REGISTRATION # _____ - ____

BUSINESS NAME _____

CONTACT NAME _____

ADDRESS _____

CITY , STATE ZIP _____

N/A ☐     PHONE ( ___ ) ___ - ___

         FAX   ( ___ ) ___ - ___

         E-MAIL _____

SIGN – Permit Application                                    Page 2 of 3

002042

## 07.-805. FRSP

**240 N OAKHURST DR**
GEMINI OFFICE
GEMINI OFFICE DEVELOPMENT

RECEIVED
MAR 23 2007

PRESSION - APPLICATION FORM

| FOR OFFICIAL USE ONLY | TOTAL FEE  1257.⁰⁰ |
|---|---|
| PERMIT APPLICATION NO. 07-805 | BLDG  1143 |
| | PLRV  114 |

SUBMITTED  2/23/06
NOTIFIED  4/4/07
ZONING

WEB www.AURORA-il.org
FAX    (630) 892-8112
TELEPHONE    (630) 892-8088

**AURORA**
The City of Lights

**DIVISION OF BUILDING & PERMITS**
65 WATER STREET
AURORA, ILLINOIS 60505

### LAND / PARCEL INFORMATION

**PROPERTY ADDRESS**  240 N OAKHURST DR

IS THIS WORK ASSOCIATED WITH OTHER CONSTRUCTION WORK? ☑ YES ☐ NO
IF YOU ANSWERED YES, PLEASE PROVIDE BUILDING PERMIT NUMBER 06 - 00003529

COUNTY ☐ KANE ☐ DuPage  TOWNSHIP 11 12 04  TOWNSHIP SECTION #_____
(CHECK ONE) ☐ KENDALL ☐ WILL  (CIRCLE ONE) 14 15 07
(Call tax assessor's office with questions)  03 01  BLOCK # (if known)_____ LOT# (if known)_____

**PROPERTY OWNER &**
Contact Name  Gemini OFFICE

OWNERS ADDRESS  1 S WACKER SUITE 800
CHICAGO IL 60606

PHONE # (    )_____
FAX # (    )_____
E-MAIL_____

**TENANT &**
Contact Name  Same

ADDRESS_____

PHONE # (    )_____
FAX # (    )_____
E-MAIL_____

### ZONING INFORMATION
### OCCUPANCY CLASSIFICATION

Existing Use / Occupancy_____

Proposed Use / Occupancy  B

θ Single Occupancy (302.1)      θ Mixed Occupancy (302.3)
θ w/ Incidental use (302.1.1)      θ non-separated
θ w/ Accessory use (302.2)      θ attach sum of ratios
< 10% of area & < allowable for Acc.      calculation per section (504)

Check all Occupancy Classifications that apply below.

| | | | | |
|---|---|---|---|---|
| Assembly | θ A-1 | θ A-2 | θ A-3 | θ A-4 | θ A-5 |
| Business, Education, Factory | θ B | θ E | | θ F-1 | θ F-2 |
| Hazardous | θ H-1 | θ H-2 | θ H-3 | θ H-4 | θ H-5 |
| Institutional | θ I-1 | θ I-2 | θ I-3 | θ I-4 | θ I-5 |
| Mercantile, Residential | θ M | | θ R-1 | θ R-2 | |
| Storage, Utility | θ S-1 | θ S-2 | θ U | | |

### PROPOSED WORK

New Sprinkler System      221 Hds  θ

Relocate Existing Heads      θ

Additional Sprinkler work      θ

UL 300 Hood Suppression      θ

Clean Agent Suppression System      θ

Other _____      θ

TOTAL COST OF IMPROVEMENTS $  66,000

[FOR SUPPRESSION- PERMIT FEES ARE A FUNCTION OF CONSTRUCTION $]

FRSP – Permit Application      Page 1 of 3

002043

Address _____    Application # _____

## CONTRACTOR REGISTRATION INFORMATION

**SPRINKLER/SUPPRESSION CONTRACTOR**
CITY OF AURORA
G.C. REGISTRATION. # 06 - 3048

| | |
|---|---|
| BUSINESS NAME | FE MORAN FIRE PROT. |
| CONTACT NAME | DENNIS GREGORASH |
| ADDRESS | 2165 SHERMER RD |
| CITY, STATE, ZIP | NORTHBROOK IL |
| N/A θ | PHONE (847) 498 - 4870 |
| | FAX (847) 498 - 9084 |
| | E-MAIL d.gregorash@femoran. |

**ELECTRICAL CONTRACTOR**        (primary contact) θ
CITY OF AURORA
ELECT. REGISTRATION # _____

| | |
|---|---|
| BUSINESS NAME | |
| CONTACT NAME | |
| ADDRESS | |
| CITY, STATE, ZIP | |
| N/A θ | PHONE ( ) |
| | FAX ( ) |
| | E-MAIL |

**PLUMBING CONTRACTOR**        (primary contact) θ
CITY OF AURORA
PLUMBING REGISTRATION # _____

| | |
|---|---|
| BUSINESS NAME | |
| CONTACT NAME | |
| ADDRESS | |
| CITY, STATE, ZIP | |
| N/A θ | PHONE ( ) |
| | FAX ( ) |
| | E-MAIL |

**CERTIFICATION**

This is an application only. Completion of this application does NOT entitle the commencement of construction. I, (the applicant) agree to conform to all applicable laws of the City of Aurora. I also agree that all work performed will be in accordance with the plans and specifications as set forth in the approved permit. I understand that the approval of this application and issuance of a permit does not obviate the need to comply with all applicable laws and ordinances. I agree to hold harmless and indemnify the City of Aurora for any claim against the City as the result of any act of commission or omission by or on behalf of the undersigned, his/her agent, principle, contractor, subcontractor or supplier. I the undersigned am the Owner or a duly contracted representative of the owner of said property.

CONTRACTOR    PAUL FELCH
                           (PRINT)

CONTRACTOR    _____
                           (SIGNATURE)

OR

OWNER    _____
                           (PRINT)

OWNER    _____
                           (SIGNATURE)

**MECHANICAL CONTRACTOR**        (primary contact) θ
CITY OF AURORA
HVAC REGISTRATION # _____

| | |
|---|---|
| BUSINESS NAME | |
| CONTACT NAME | |
| ADDRESS | |
| CITY, STATE, ZIP | |
| N/A θ | PHONE ( ) |
| | FAX ( ) |
| | E-MAIL |

002044

Address _____     Application # ___ -___

## BUILDING INFORMATION

### CONSTRUCTION TYPE

| | CIRCLE ONE | CIRCLE ONE |
|---|---|---|
| EXISTING | 1  2  3  4  5 | A  (B) |
| NEW | 1  2  3  4  5 | A  (B) |

NON Combustible  1 HR

ACTUAL BUILDING HEIGHT    ± 21 _____ FT
ACTUAL NUMBER OF STORIES    1 _____
SF PRINCIPAL ___ 21,777 _____ SF

## FIRE PREVENTION INFORMATION

Sprinklers        (o WET)        o DRY
                  o COMPLETE        o LIMITED        o OTHER
FIRE - WATER SERVICE             o EXIST        o NEW
FIRE WATER SERVICE SIZE          4"        φ
TYPE OF BACKFLOW PROTECTION DEVICE    AMES 3000
FIRE PUMP?                       (o NO)        o YES
STANDPIPES?                      (o NO)        o YES
Exhaust HOOD SUPPRESSION ?       (o NO)        o YES

## INSTALLATION REQUIREMENTS

SPRINKLER SYSTEMS SHALL BE INSTALLED IN ACCORDANCE TO NFPA 13.  PER IFC 903.3.1.1 SPRINKLER PLANS SHALL MEET THE REQUIREMENTS OF NFPA 13, CHAPTER 6, 1996 EDITION.

WET CHEMICAL SHALL BE INSTALLED PER NFPA 17A.
DRY CHEMICAL SHALL BE INSTALLED PER NFPA 17.
CARBON DIOXIDE SHALL BE INSTALLED PER NFPA 12.
CLEAN AGENT SYSTEMS SHALL BE INSTALLED PER NFPA 2001.
FOAM SYSTEM SHALL BE INSTALLED PER NFPA 16.
STANDPIPE INSTALLATION MUST MEET REQUIREMENTS OF NFPA 14 AND CITY OF AURORA ORDINANCE 17-110.

002045

07-20-302-081

## COMN – COMMERCIAL NEW CONSTRUCTION - APPLICATION FORM
☐ Completed Project resulting in a Certificate of Occupancy    OR    ☑ White envelope for FutureTenant

| FOR OFFICIAL USE ONLY | TOTAL FEE 1370 | |
|---|---|---|
| PERMIT APPLICATION NO. 06-3529 | BLDG 506.00 | |
| | PLRV 51.00 | |
| | C.O. (✓above) .70 | |
| SUBMITTED 12.7.06 | F.I.F. 1088.00 | |
| NOTIFIED 1.11.07 | WTR 11.44½ | |
| ZONING | WEB www.CI.AURORA.IL.US | |
| | FAX (630) 892-8112 | |
| | TELEPHONE (630) 892-8088 | |

**AURORA**
The City of Lights

**DIVISION OF BUILDING & PERMITS**
65 WATER STREET
AURORA, ILLINOIS 60505

06-3529. C-BU
240 N OAKHURST DR
GEMINI OFFICE
GEMINI OFFICE DEVELOPMENT

### LAND / PARCEL INFORMATION
PROPERTY ADDRESS **OAKHURST & NEW YORK**

SUBDIVISION **FOX VALLEY EAST**  UNIT/PHASE # **5² OAKHURST**  LOT # **2**

| COUNTY ☐ KANE ☑ DuPage | TOWNSHIP 11 12 04 | TOWNSHIP SECTION #_____ |
|---|---|---|
| (CHECK ONE) ☐ KENDALL ☐ WILL | (CIRCLE ONE) 14 15 07 | If project involves new construction in DuPage County – Impact Tax must be Paid |
| (Call tax assessor's office with questions) | 03 01 | BLOCK # (if known)____ LOT# (if known)____ |

PROPERTY OWNER & **GEMINI OFFICE DEVELOPMENT**   TENANT & **GEMINI OFFICE DEVELOPMENT**
Contact Name **THOMAS LEHMAN**     Contact Name **DAINIUS PETRONII**

OWNER'S ADDRESS **6301 S. CASS AVE. STE 301**   ADDRESS **ONE SOUTH WACKER DR. STE 800**
**WESTMONT, IL 60559**     **CHICAGO, IL 60606**
PHONE # (**630**) **963-8184**   PHONE # **630** **302-0630**
FAX # (**630**) **963-4475**   FAX # (**312**) **674-5525**
E-MAIL **TWLEHMAN@AMERITECH.NET** E-MAIL

### ZONING INFORMATION

Zoning (CHECK ONE) ☐ R-1 ☐ R-2 ☐ R-3 ☐ PDD
Classification ☐ R-4 ☐ R-4A ☐ R-5 ☐ R-5A
☐ B-1 ☐ B-2 ☐ B-3 ☐ B-B
☐ SPECIAL USE ☐ M-1 ☐ M-2
(CHECK IF APPLICABLE) ☐ O ☐ ORI ☐ RD ☑ PDD
☐ DC ☐ DF  C.O.A. Required

### FLOOD ZONE INFORMATION
IS YOUR PROPERTY IN A FLOOD PRONE AREA ?
☑ No  ☐ Yes  Verify with COA Engineering (630) 844-3620

### GENERAL DESCRIPTION OF PROPOSED WORK
**MEDICAL OFFICE BUILDING**

### OCCUPANCY CLASSIFICATION

Existing Use / Occupancy _____

Proposed Use / Occupancy **B- BUSINESS**

| ☐ Single Occupancy (302.1) | ☐ Mixed Occupancy (302.3) |
|---|---|
| ☐ w/ Incidental use (302.1.1) | ☐ non-separated |
| ☐ w/ Accessory use (302.2) | ☐ separated attach sum of ratios |
| < 10% of area & < allowable for Acc. | calculation per section (504) |

Check all Occupancy Classifications that apply below.

| | | | | | | |
|---|---|---|---|---|---|---|
| Assembly | ☐ A-1 | ☐ A-2 | ☐ A-3 | ☐ A-4 | ☐ A-5 | |
| Business, Education, Factory | ☑ B | ☐ E | | ☐ F-1 | ☐ F-2 | |
| Hazardous | ☐ H-1 | ☐ H-2 | ☐ H-3 | ☐ H-4 | ☐ H-5 | |
| Institutional | ☐ I-1 | ☐ I-2 | ☐ I-3 | ☐ I-4 | ☐ I-5 | |
| Mercantile, Residential | ☐ M | | ☐ R-1 | ☐ R-2 | | |
| Storage, Utility | ☐ S-1 | ☐ S-2 | | ☐ U | | |

TOTAL COST OF IMPROVEMENTS $ **1,000,000.00**

COMN – Permit Application    Page 1 of 3

002046

Address _____    Application # _____ - _____

**CONTRACTOR REGISTRATION INFORMATION**

**GENERAL CONTRACTOR** (Check primary contact) ☐
CITY OF AURORA
G.C. REGISTRATION. # _06 - 13969_

BUSINESS NAME   _KRAHL CONSTRUCTION_

CONTACT NAME   _SCOTT MOUSEL_

ADDRESS   _322 S. GREEN ST._

CITY , STATE ZIP   _CHICAGO, IL 60607_

N/A ☐      PHONE _(312) 648 - 9800_

FAX   _(312) 707 - 8552_

E-MAIL _SMOUSEL@KRAHL CONSTRUCTION.com_

**ELECTRICAL CONTRACTOR**   (primary contact) ☐
CITY OF AURORA
ELECT. REGISTRATION # _06 - 3600_

BUSINESS NAME   _IIMM_

CONTACT NAME   _____

ADDRESS   _____

CITY , STATE ZIP   _____

N/A ☐      PHONE ( ___ ) _____ - _____

FAX   ( ___ ) _____ - _____

E-MAIL   _____

**PLUMBING CONTRACTOR**      (primary contact) ☐
CITY OF AURORA
PLUMBING REGISTRATION # _06. 4059_

BUSINESS NAME   _Gehrett_

CONTACT NAME   _____

ADDRESS   _____

CITY , STATE ZIP   _____

N/A ☐      PHONE ( ___ ) _____ - _____

FAX   ( ___ ) _____ - _____

E-MAIL   _____

**MECHANICAL CONTRACTOR**      (primary contact) ☐
CITY OF AURORA
HVAC REGISTRATION # _06. 14029_

BUSINESS NAME   _State_

CONTACT NAME   _____

ADDRESS   _____

CITY , STATE ZIP   _____

N/A ☐      PHONE ( ___ ) _____ - _____

FAX   ( ___ ) _____ - _____

E-MAIL   _____

**CERTIFICATION**
This is an application only. Completion of this application does Not entitle the commencement of construction. I, the applicant agrees to conform to all applicable laws of the City of Aurora. I also agree that all work performed will be in accordance with the plans and specifications as set forth in the approved permit. I understand that the approval of this application and issuance of a permit does not obviate the need to comply with all applicable laws and ordinances. I agree to hold harmless and indemnify the City of Aurora for any claim against the City as the result of any act of commission or omission by or on behalf of the undersigned, his/her agent, principle, contractor, subcontractor or supplier. I the undersigned am the Owner or a duly contracted representative of the owner of said property.

CONTRACTOR   _____
(PRINT)

CONTRACTOR   _____
(SIGNATURE)

OR

OWNER   _Thomas M. Cerra_
(PRINT)

OWNER   _____
(SIGNATURE)

NOTE:   FIRE SPRINKLER, FIRE ALARM AND SIGNAGE WORK; MUST ALL BE PERMITTED **SEPARATELY.**
MASS GRADING AND WORK IN THE PUBLIC RIGHT OF WAY MUST BE PERMITTED **SEPARATELY.**

C02C47

Address _____    Application # _____

## BUILDING INFORMATION

**CONSTRUCTION TYPE**  CIRCLE ONE / CIRCLE ONE

EXISTING 1 2 3 4 5 A B
NEW  1 ②3 4 5 A Ⓑ
Sprinklers ☐ none ☐ limited
☑ complete

Fire Alarm ☐ no ☑ yes
Unlimited Area ☐ no ☐ yes
Occupants per s.f. **100**
Occupancy load **218**

| BUILDING INFORMATION | | | |
|---|---|---|---|
| ALLOWABLE TABULAR AREA (503) | 23,000 | s.f. | 100 % |
| INCREASE FOR FRONTAGE (506.2) + | 17,250 | s.f. + | % |
| INCREASE FOR SPRINKLERS (506.3) + | 69,000 | s.f. + | % |
| TOTAL ALLOWABLE AREA PER FLOOR | 109,250 | s.f. | % |
| ACTUAL MAX. TOTAL AREA PER FLOOR | 21,777 | s.f. | |

TOTAL ALLOWABLE AREA ALL STORIES
[allowable s.f. / flr.] x [# stories (3max)] = **109,250** s.f.

ACTUAL AREA ALL STORIES **21,777** s.f.

ACTUAL BUILDING HEIGHT **24** FT   ALLOWABLE HEIGHT **55** FT
ACTUAL NUMBER OF STORIES **1**   ALLOWABLE # OF STORIES **4**

## BUILDING AREA

[FOR NEW AREA - PERMIT FEES ARE A FUNCTION OF SQUARE FOOTAGE]
SF PRINCIPAL **21,777** SF
SF MEZZANINE _____ SF
SF BASEMENT / CRAWL _____ SF
TOTAL **21,777** SF

## BUILDING COST

TOTAL $ _____

## ELECTRICAL INFORMATION

ELECTRICAL WORK ? ☐ NO ☑ YES
ELECTRIC SERVICE SIZE **400** AMPS **1 SET GENERAL**
# OF SETS OF SERVICE CONDUCTORS **2 SETS**
SIZES OF SERVICE CONDUCTORS **1 SET OF 4#500, 25#5&F**
# OF ELECTRIC METERS **2** SERVICE VOLTAGE **277/480 4#350**
FIRE PUMP SIZE _____ FIRE PUMP VOLTAGE _____

## MECHANICAL INFORMATION

MECHANICAL WORK ? ☐ NO ☑ YES
TYPE HVAC ☑ RTU ☐ SPLIT SYST ☐ UNIT HTRS
# BTU'S **689,000** ☐ A/C ☐ BOILER ☐ EXHAUST
KITCHEN HOOD ☑ NO ☐ YES  EXHAUST HOOD ☐ NO ☐ YES

## FIRE PREVENTION INFORMATION

SUPPRESSION SYST. WORK ? ☐ NO ☑ YES
FIRE WATER SERVICE SIZE **4** ∅
TYPE OF BACKFLOW PROTECTION DEVICE **DCDV**
FIRE PUMP ? ☑ NO ☐ YES
STANDPIPES ? ☑ NO ☐ YES
Exhaust HOOD SUPPRESSION ? ☑ NO ☐ YES
FIRE ALARM SYST. WORK ? ☐ NO ☑ YES

## PLUMBING INFORMATION

PLUMBING WORK ? ☐ NO ☑ YES
DOMESTIC WATER SERVICE SIZE **3** ∅
OCCUPANT LOAD PER ILLINOIS PLUMB'G CODE **109**
PLUMBING FIXTURE UNITS **209 CW   59 HW   3/3 WASTE**
TYPE OF BACKFLOW PROTECTION DEVICE **RPZ**
Fox Metro W.R.D. needs a submittal

## DETAILED DESCRIPTION OF CONSTRUCTION WORK

THERE ARE TWO (2) ELECTRICAL SERVICES FOR THIS PROJECT.
(1) FOR GENERAL, (1) FOR ELECTRIC HEAT.

## DESIGN PROFESSIONALS IN RESPONSIBLE CHARGE -- PER IBC 106

**LICENSED ARCHITECT / STRUCTURAL ENGINEER**
ILLINOIS PROFESSIONAL  (Check primary contact) ☑
DESIGN FIRM REG. # **184-000279**

BUSINESS NAME **JENSEN & HALSTEAD L**
CONTACT NAME **DAVID DASTUR**
ADDRESS **358 WEST ONTARIO ST.**
CITY , STATE ZIP **CHICAGO, IL 60610**
PHONE (**312**) **664 - 7557**
FAX (**312**) **664 - 7558**
E-MAIL **DDASTUR @ JENSEN AND HALSTEAD.COM**

**CIVIL ENGINEER / PROFESSIONAL ENGINEER**
(Check if primary contact) ☐

BUSINESS NAME **MORRIS ENGINEERING**
CONTACT NAME **JONAS VAZNELIS**
ADDRESS **5100 SOUTH LINCOLN**
CITY , STATE ZIP **LISLE, IL 60532**
PHONE (**630**) **271 - 0770**
FAX (**630**) **271 - 0774**
E-MAIL **JONVAZNELIS @ ECIVIL.COM**

I HEREBY CERTIFY THAT THESE PLANS WERE PREPARED BY ME OR UNDER MY SUPERVISION, AND TO THE BEST OF MY KNOWLEDGE, COMPLY WITH ALL CODES.
ARCH or STRUCT or (P.E. for Mech. Elect. Plumb.)  (SIGNATURE) _David K. Dastur_

002048

**06.-5678. COFO**

240 N OAKHURST DR
FOUNDATION ONLY
GEMINI OFFICE DEVELOPMENT

## COFO – COMMERCIAL FOUNDATION ONLY - APPLICATION FO
### (NO UNDERGROUND UTILITIES)

| FOR OFFICIAL USE ONLY | TOTAL FEE  _435.54_ |
|---|---|

PERMIT APPLICATION NO.
_06 5678_

PLRV $ .02 / sf  _21 777_

SUBMITTED  _11 22 06_

NOTIFIED  _12 5 06_

ZONING  _Gru 11/28_

WEB www.AURORA-il.org
FAX          (630) 892-8112
TELEPHONE  (630) 892-8088

**AURORA**
The City of Lights

DIVISION OF BUILDING & PERMITS
65 WATER STREET
AURORA, ILLINOIS 60505

### LAND / PARCEL INFORMATION

PROPERTY ADDRESS  _240 N OAKHURST    AURORA   IL_

SUBDIVISION  _FOX VALLEY EAST_   UNIT / PHASE #  _52 OAKHURST_  LOT #  _2_

COUNTY ☐ KANE  ☑ DuPage  TOWNSHIP  11 12 04
(CHECK ONE)  ☐ KENDALL  ☐ WILL   (CIRCLE ONE)  14 15 07
(Call tax assessor's office with questions)   03 01

TOWNSHIP SECTION # _____
If project involves new construction in DuPage County – Impact Tax must be paid

BLOCK # (if known)_____   LOT # (if known)_____

PROPERTY OWNER &  _Gemini Development LLC_
Contact Name  _Thomas Lehman_

OWNER'S ADDRESS  _One South Wacker Drive_
_Chicago IL 60515_

30-963-8184 PHONE #  _(~~312~~ ~~592-6824~~_
30-963-4475 FAX #  _(312) 634-5525_
E-MAIL  _TLehman@ Architech.Net_

TENANT &  _Gemini Medical Office_
Contact Name  _TG-1 Huyck_

ADDRESS  _One South Wacke Drive_
_Chicago  IL_

PHONE # (312) _592-6824_  302 -0630
FAX # (312) _634-5525_
E-MAIL

### ZONING INFORMATION

Zoning  (CHECK ONE)  θ R-1   θ R-2   θ R-3   θ PDD
Classification   θ R-4   θ R-4A   θ R-5   θ R-5A
θ B-1   θ B-2   θ B-3   θ B-B

θ SPECIAL USE     θ M-1   θ M-2
( CHECK IF APPLICABLE )   θ O   θ ORI   θ RD   ☒ PDD
θ DC   θ DF   C.O.A. Required

### FLOOD ZONE INFORMATION

IS YOUR PROPERTY IN A FLOOD PRONE AREA ?
☒ No   o Yes   Verify with COA Engineering (630) 844-3620

### GENERAL DESCRIPTION OF PROPOSED WORK

_21,000 SF MEDICAL OFFICE
BUILDING - NON CONSTRUCTION
W/ PARKING LOT_

### OCCUPANCY CLASSIFICATION

Existing Use / Occupancy _____

Proposed Use / Occupancy  _B - BUSINESS_

θ Single Occupancy (302.1)
θ w/ Incidental use (302.1.1)
θ w/ Accessory use (302.2)
< 10% of area & < allowable for Acc.

θ Mixed Occupancy (302.3)
θ non-separated
θ separated attach sum of ratios
calculation per section (504)

Check all Occupancy Classifications that apply below.

| Assembly | θ A-1 | θ A-2 | θ A-3 | θ A-4 | θ A-5 |
|---|---|---|---|---|---|
| Business, Education, Factory | ☒ B | θ E | | θ F-1 | θ F-2 |
| Hazardous | θ H-1 | θ H-2 | θ H-3 | θ H-4 | θ H-5 |
| Institutional | θ I-1 | θ I-2 | θ I-3 | θ I-4 | θ I-5 |
| Mercantile, Residential | θ M | | θ R-1 | θ R-2 | |
| Storage, Utility | θ S-1 | θ S-2 | | θ U | |

TOTAL COST OF IMPROVEMENTS $ _500,000_

COFO – Permit Application

Page 1 of 3

Address **240 N. OAKHURST**                     Application # _____ - _____

## CONTRACTOR REGISTRATION INFORMATION

**GENERAL CONTRACTOR** (Check primary contact) θ
CITY OF AURORA
G C REGISTRATION # **06 - 13469**

BUSINESS NAME **KRAHL CONSTRUCTION**
CONTACT NAME **Scott Mouser**
ADDRESS **322 S. Green Street**
CITY , STATE ZIP **Chicago IL  60607**
N/A  θ    PHONE **(312) 648 - 9800**
           FAX **(312) 707 - 8552**
           E-MAIL **Smouse@ KrahlConstruction.**

**CERTIFICATION**
This is an application only. Completion of this application does Not entitle the commencement of construction. I, the applicant agrees to conform to all applicable laws of the City of Aurora. I also agree that all work performed will be in accordance with the plans and specifications as set forth in the approved permit. I understand that the approval of this application and issuance of a permit does not obviate the need to comply with all applicable laws and ordinances. I agree to hold harmless and indemnify the City of Aurora for any claim against the City as the result of any act of commission or omission by or on behalf of the undersigned, his/her agent, principle, contractor, subcontractor or supplier. I the undersigned am the Owner or a duly contracted representative of the Owner of said property.

CONTRACTOR **KRAHL CONSTRUCTION**
                                        (PRINT)
CONTRACTOR **Scott Mouser**
                                        (SIGNATURE)

OR

OWNER _____
                                        (PRINT)

OWNER _____
                                        (SIGNATURE)

**ELECTRICAL CONTRACTOR**    (primary contact) θ
CITY OF AURORA
ELECT. REGISTRATION # _____

BUSINESS NAME _____
CONTACT NAME _____
ADDRESS _____
CITY , STATE ZIP _____
N/A  θ    PHONE ( ___ ) ___ - ___
           FAX ( ___ ) ___ - ___
           E-MAIL _____

**PLUMBING CONTRACTOR**    (primary contact) θ
CITY OF AURORA
PLUMBING REGISTRATION # _____

BUSINESS NAME _____
CONTACT NAME _____
ADDRESS _____
CITY , STATE ZIP _____
N/A  θ    PHONE ( ___ ) ___ - ___
           FAX ( ___ ) ___ - ___
           E-MAIL _____

**MECHANICAL CONTRACTOR**    (primary contact) θ
CITY OF AURORA
HVAC REGISTRATION # _____

BUSINESS NAME _____
CONTACT NAME _____
ADDRESS _____
CITY , STATE ZIP _____
N/A  θ    PHONE ( ___ ) ___ - ___
           FAX ( ___ ) ___ - ___
           E-MAIL _____

**NOTE:** MASS GRADING AND WORK IN THE PUBLIC RIGHT OF WAY MUST BE PERMITTED SEPARATELY.

COFO – Permit Application

Page 2 of 3

002050

Address  **3** 240 N. OAKHURST

Application # -

building information

## CONSTRUCTION TYPE

|  | CIRCLE ONE | | | | | CIRCLE ONE |
|---|---|---|---|---|---|---|
| EXISTING | 1 | 2 | 3 | 4 | 5 | A B |
| NEW | 1 | 2 | 3 | 4 | 5 | A B |

Sprinklers    o none    o limited    ☒ complete

Fire Alarm    o no    ☒ yes
Unlimited Area    o no    o yes
Occupants per s.f. _____
Occupancy load _____

| | s.f. | |
|---|---|---|
| ALLOWABLE TABULAR AREA (503) | _____ | 100 % |
| INCREASE FOR FRONTAGE (506.2)  + | _____ s.f.  + | _____ % |
| INCREASE FOR SPRINKLERS (506.3)  + | _____ s.f.  + | _____ % |
| TOTAL ALLOWABLE AREA PER FLOOR | _____ s.f. | _____ % |
| ACTUAL MAX. TOTAL AREA PER FLOOR | _____ s.f. | |

| TOTAL ALLOWABLE AREA ALL STORIES | ACTUAL AREA ALL STORIES |
|---|---|
| [allowable s.f. / flr.] x [ # stories (3max)] • _____ s.f. | _____ s.f. |
| ACTUAL BUILDING HEIGHT _____ FT  ALLOWABLE HEIGHT _____ FT | |
| ACTUAL NUMBER OF STORIES _____  ALLOWABLE # OF STORIES _____ | |

## BUILDING AREA

[FOR NEW AREA - PERMIT FEES ARE A FUNCTION OF SQUARE FOOTAGE]
SF PRINCIPAL-NEW / ADDITION  21,777  SF
SF MEZZANINE  NA  SF
TOTAL  21,777  SF

## BUILDING COST

PRINCIPAL NEW / ADD
TOTAL  $ _____

## DETAILED WRITTEN DESCRIPTION OF CONSTRUCTION WORK

New  Medical  Office  Building  21,000  SF

## DESIGN PROFESSIONALS IN RESPONSIBLE CHARGE -- PER IBC 106

| LICENSED ARCHITECT / STRUCTURAL ENGINEER | CIVIL ENGINEER / PROFESSIONAL ENGINEER |
|---|---|
| ILLINOIS PROFESSIONAL    (Check primary contact) θ | (Check if primary contact) θ |
| DESIGN FIRM REG. # _____ | |
| BUSINESS NAME  JENSON + HALSTEAD LTD | BUSINESS NAME  MORRIS ENGINEERING |
| CONTACT NAME  DAVID DASTUR | CONTACT NAME  PATTI OTERO |
| ADDRESS  358 W. ONTARIO STREET | ADDRESS  5100 S. LINCOLN  (RT 53) |
| CITY, STATE, ZIP,  CHICAGO IL  60610 | CITY, STATE, ZIP,  LISLE IL  60532 |
| PHONE (312) 664 - 7557 | PHONE (630) 271 - 0770 |
| FAX  312 ) 664 - 7558 | FAX  (630) 271 - 0774 |
| E-MAIL  DDASTUR@ JENSEN AND HALSTEAD .com | E-MAIL |

I HEREBY CERTIFY THAT THESE PLANS WERE PREPARED BY ME OR UNDER MY SUPERVISION, AND TO THE BEST
OF MY KNOWLEDGE, COMPLY WITH ALL CODES.
   **ARCH** or **STRUCT** or (**P.E.** for Mech. Elect. Plumb.)    (SIGNATURE) _David Dastur_ / sr

COFO – Permit Application

002051

# COMC – COMMERCIAL MISCELLANEOUS [Temporary] - APPLICATION FORM
### (Dumpsters, Tents, Trailers, Construction & Sales)

**06-5760. TRLR**

240 N OAKHURST DR
CONSTRUCTION TRAILER
GEMINI OFFICE DEVELOPMENT

| FOR OFFICIAL USE ONLY | TOTAL FEE | *57 per NP* |
|---|---|---|
| PERMIT APPLICATION NO. | BLDG _____ | |
| *06 - 5760* | PLRV _____ | |
| | C.O. _____ | |
| SUBMITTED *12, 4, 06* | F.I.F. _____ | |
| NOTIFIED *01, 11, 06* | | |
| ZONING *PDD* | | |

WEB www.AURORA-il.org
FAX      (630) 892-8112
TELEPHONE (630) 892-8088

## AURORA
### The City of Lights

**DIVISION OF BUILDING & PERMITS**
65 WATER STREET
AURORA, ILLINOIS 60505

### LAND / PARCEL INFORMATION

PROPERTY ADDRESS *240 N. OAKHURST*

SUBDIVISION *FOX VALLEY EAST* UNIT / PHASE # *52 OAKHURST* LOT # *2*

| COUNTY (CHECK ONE) | ☐ KANE   ☑ DuPAGE   ☐ KENDALL   ☐ WILL | TOWNSHIP (CIRCLE ONE) | 11 12 09  14 15 07  03 01 | TOWNSHIP SECTION # *20* |
|---|---|---|---|---|

(Call tax assessor's office with questions)   BLOCK # (if known) *302*   LOT# (if known) *081*

PROPERTY OWNER & *GEMINI OFFICE DEVELOPMENT*
Contact Name *THOMAS LEHMAN*

OWNER'S ADDRESS *6301 S CASS AVE. STE 301*
*WESTMONT, IL 605*

PHONE # ( ) _____
FAX # ( ) _____
E-MAIL _____

TENANT & *GEMINI OFFICE DEVELOPMENT*
Contact Name *DAINIUS PETRONIS*

ADDRESS *ONE SOUTH WACKER DR. STE. 800*
*CHICAGO IL 60606*

PHONE # *(630) 302-0630*
FAX # *(312) 654-5525*
E-MAIL _____

### ZONING INFORMATION

| Zoning (CHECK ONE) | θ R-1 | θ R-2 | θ R-3 | θ PDD |
|---|---|---|---|---|
| Classification | θ R-4 | θ R-4A | θ R-5 | θ R-5A |
| | θ B-1 | θ B-2 | θ B-3 | θ B-B |

| θ SPECIAL USE (CHECK IF APPLICABLE) | θ M-1 | θ M-2 | | |
|---|---|---|---|---|
| | θ O | θ ORI | θ RD | ☑ PDD |
| | θ DC | θ DF | C.O.A. Required | |

### PLOT PLAN SKETCH w/ SETBACK INFORMATION

*SEE ATTACHED*
*TEMPORARY*
*OFFICE*
*TRAILER*
*SET UP.*

### OCCUPANCY CLASSIFICATION

Existing Use / Occupancy _____

Proposed Use / Occupancy *B- BUSINESS*

θ Single Occupancy (302.1)
  θ w/ Incidental use (302.1.1)
  θ w/ Accessory use (302.2)
   < 10% of area & < allowable for Acc.

θ Mixed Occupancy (302.3)
  θ non-separated
  θ separated attach sum of ratios
   calculation per section (504)

Check all Occupancy Classifications that apply below.

| Assembly | θ A-1 | θ A-2 | θ A-3 | θ A-4 | θ A-5 |
|---|---|---|---|---|---|
| Business, Education, Factory | θ B | θ E | θ F-1 | θ F-2 | |
| Hazardous | θ H-1 | θ H-2 | θ H-3 | θ H-4 | θ H-5 |
| Institutional | θ I-1 | θ I-2 | θ I-3 | θ I-4 | θ I-5 |
| Mercantile, Residential | θ M | | θ R-1 | θ R-2 | |
| Storage, Utility | θ S-1 | θ S-2 | | θ U | |

STREET _____

TOTAL COST OF IMPROVEMENTS $ *1400*

COMC – Permit Application

*57⁰⁰*

Page 1 of 3

Address _____    Application # ___-_____

## CONTRACTOR REGISTRATION INFORMATION

**GENERAL CONTRACTOR**   (Check primary contact) θ
CITY OF AURORA
G.C. REGISTRATION # ___-_____

BUSINESS NAME   KRAHL CONSTRUCTION
CONTACT NAME   KEVIN HORN
ADDRESS   322 S. GREEN ST. 3RD FLR
CITY, STATE, ZIP   CHICAGO IL 60607
N/A  θ    PHONE (312) 648 - 9800
          FAX   (312) 648 - 4604
          E-MAIL   KHORN@KRAHLCONSTRUCTION.COM

**CERTIFICATION**
This is an application only.  Completion of this application does **NOT** entitle the commencement of construction. I, (the applicant) agree to conform to all applicable laws of the City of Aurora. I also agree that all work performed will be in accordance with the plans and specifications as set forth in the approved permit. I understand that the approval of this application and issuance of a permit does not obviate the need to comply with all applicable laws and ordinances.  I agree to hold harmless and indemnify the City of Aurora for any claim against the City as the result of any act of commission or omission by or on behalf of the undersigned, his/her agent, principle, contractor, subcontractor or supplier.  I the undersigned am the Owner or a duly contracted representative of the owner of said property.

**ELECTRICAL CONTRACTOR**   (primary contact) θ
CITY OF AURORA
ELECT. REGISTRATION # _____

BUSINESS NAME   TIMM ELECTRIC INC.
CONTACT NAME   THOMAS J. McGANN
ADDRESS   17832 MILLS ROAD
CITY, STATE, ZIP   JOILET, IL 60433
N/A  θ    PHONE ( 815 ) 723 - 4501
          FAX   ( 815 ) 723 - 7243
          E-MAIL _____

CONTRACTOR   KRAHL CONSTRUCTION
                                                    (PRINT)

CONTRACTOR   Kevin J Horn
                                                    (SIGNATURE)

                    **OR**

OWNER   _____
                                                    (PRINT)

OWNER   _____
                                                    (SIGNATURE)

**PLUMBING CONTRACTOR**   (primary contact) θ
CITY OF AURORA
PLUMBING REGISTRATION # ____-_____

BUSINESS NAME _____
CONTACT NAME _____
ADDRESS _____
CITY, STATE, ZIP _____
N/A  θ    PHONE ( ____ ) ____ - _____
          FAX   ( ____ ) ____ - _____
          E-MAIL _____

**MECHANICAL CONTRACTOR**   (primary contact) θ
CITY OF AURORA
HVAC REGISTRATION # _____-_____

BUSINESS NAME _____
CONTACT NAME _____
ADDRESS _____
CITY, STATE, ZIP _____
N/A  θ    PHONE ( ____ ) ____ - _____
          FAX   ( ____ ) ____ - _____
          E-MAIL _____

**NOTE:**  MASS GRADING AND WORK IN THE PUBLIC RIGHT OF WAY MUST BE PERMITTED **SEPERATELY.**

002053

Address _____     Application # _____-____

## BUILDING INFORMATION

| | | | |
|---|---|---|---|
| Dumpster | o NO | X YES | Comply with all applicable dumping and hauling regulations. |
| Construction Trailer | o NO | X YES | Provide Porta-Toilets in quantities prescribed by State of Illinois Plumbing Code |
| Const. / Sales Trailer | o NO | o YES | Sales Trailers need to be accessible to the public. Provide ramps, railings and paved HC spaces. |
| Sales Tent | o NO | o YES | Tents need to be fire retardant, provide a copy of the certification of fire resistance. |

### BUILDING AREA
[FOR NEW AREA - PERMIT FEES ARE A FUNCTION OF SQUARE FOOTAGE]

| | | |
|---|---|---|
| SF PRINCIPAL-NEW / ADDITION | ~~12,000~~ | SF |
| SF MEZZANINE | _____ | SF |
| SF PRINCIPAL-REMODELED | _____ | SF |
| SF ACCESSORY | _____ | SF |
| SF BASEMENT / CRAWL | _____ | SF |
| TOTAL | ~~12,000~~ | SF 288 |

### BUILDING COST
[FOR REMODEL - PERMIT FEES ARE A FUNCTION OF CONSTRUCTION $]

| | |
|---|---|
| PRINCIPAL NEW / ADD | $ 4,000,000.00 |
| REMODELED | $ _____ |
| ACCESSORY | $ _____ |
| BASEMENT / CRAWL | $ _____ |
| TOTAL | $ 1400 |

### ELECTRICAL INFORMATION

| | | | |
|---|---|---|---|
| ELECTRICAL WORK? | o NO | X YES | |
| ELECTRIC SERVICE SIZE 100 AMPS | o EXIST | o NEW | |
| # OF SETS OF SERVICE CONDUCTORS | _____ | | |
| SIZES OF SERVICE CONDUCTORS | _____ | | |

### MECHANICAL INFORMATION

| | | | |
|---|---|---|---|
| MECHANICAL WORK? | o NO | X YES | |
| MECHANICAL DUCT WORK | o EXIST | o NEW | |
| TYPE HVAC | o RTU o SPLIT SYST o UNIT HTRS | | |
| # BTU'S | o A/C o BOILER o EXHAUST | | |

### WRITTEN DESCRIPTION OF CONSTRUCTION WORK

Set up of New Temporary Construction Trailer. 36' X 8'
DEC - JUNE 2007

# APPLICATION REQUIREMENTS FOR COMMERCIAL ACCESSORY STRUCT

Applicable Building codes are as follows (City of Aurora – Building Code and Electrical Code Amendments also apply):

### 2000 INTERNATIONAL BUILDING CODE and the following:

| | | |
|---|---|---|
| 2000 International Fire Code | 2000 International Plumbing Code | Illinois State Plumbing Code |
| 2000 International Mechanical Code | 1999 National Electric Code | Illinois Accessibility Code |

The following items shall constitute a **complete building permit submittal**. Upon submittal acceptance, a permit application number shall be issued to the applicant all future contact with the Building and Permits Division will require this number. At time of submittal one project contact, shall be identified by the applicant (please check the appropriate party as the "primary contact" on the application form). All correspondence between City of Aurora Division of Building and Permits and the applicant will be directed to this individual.

SUBMITTALS TO THE BUILDING AND PERMITS DIVISION ARE INDICATED BELOW.  COLLATE YOUR SUBMITTAL INTO THREE SETS (B,C & D).

A.   Completed Permit application.
B.   Three (3) copies of architectural site plan or civil engineering drawings indicating: all lot lines, building setbacks, existing structures, parking layout, curb cuts, light pole details, grading plan, utility plans and all fire hydrants within 500' of any property line. (For Zoning, Fire Prevention, and accessibility reviews). Include a Plat of survey and legal description on all parcels, which have not been issued street addresses.
1.   Complete Electrical plans with balanced panel schedules, load calculations, and one-line service diagrams indicating all components and sizes.
2.   Provide details of Accessible ramps, guardrails, handrails and parking spaces and signage if a Sales Trailer.

SUBMITTALS INDEPENDENT OF THE BUILDING AND PERMITS DIVISION ARE INDICATED BELOW (WITH A □ - CHECK BOX)

☐  If doing any mass grading work or work in the Public Right of Way; Submit two (2) complete sets of civil engineering drawings to the City of Aurora Engineering Department, 44 E. Downer Place. Attention Pete Haurykiewicz, (630)-844-3620.  No building permits will be issued without City of Aurora Engineering Department approval and Engineering Department issued street address.

☐  Obtain sanitary connection permit and yellow card from Fox Metro Water Reclamation District; Engineering (630) 301-6882. Return this to the City of Aurora Building and Permits for attachment to permit application.

☐  If dumpster is placed on public sidewalk or on any public street or right of way, you must obtain a letter of approval from Randy Risvold from Neighborhood Standards.  He may be reached at (630) 897-4589.

Note:  All Signage requires separate permitting though the Building and Permits Division.
         Work in Public Right of Way requires separate permitting though City of Aurora Engineering.

Review times for complete application with identified City of Aurora registered contractors and complete construction documents are approximately 1 week. For any questions please feel free to contact the City of Aurora Building and Permits Division. (630) 892-8088

C002054

# EXHIBIT K

HP:002055

**Dahl, Jim**

| | |
|---|---|
| **From:** | Ergo, Carie Anne |
| **Sent:** | Monday, October 01, 2007 3:58 PM |
| **To:** | Ergo, Carie Anne |
| **Subject:** | City of Aurora Issues Occupancy Certificate for Planned Parenthood Facility, Media Release 10/1/07 |

Media Release Monday, October 01, 2007

## City of Aurora Issues Occupancy Certificate for Planned Parenthood Facility after Reports Reveal Misrepresentation by Planned Parenthood is Not Enough to Deny Occupancy

AURORA, IL - Late this afternoon, the City of Aurora Building and Permits Division confirmed that an occupancy certificate has been issued to Gemini Office Development allowing the Planned Parenthood facility in Aurora to open.

At 3 p.m. today, the City of Aurora released reports from Phillip Luetkehans and Richard Martens revealing that Gemini Office Development's failure to disclose the tenant information during the development process is not a sufficient basis to permanently withhold occupancy. The findings come on the heels of Kane County State's Attorney John Barsanti's opinion released earlier this morning, which cleared Planned Parenthood and Gemini Office Development of criminal wrongdoing in the development of a 22,000-square-foot facility on 3051 E. New York Street in Aurora.

In response to the findings, Aurora Mayor Thomas Weisner issued the following statement:

*"Last month, serious questions were raised about whether Gemini Office Development and Planned Parenthood were forthcoming in their dealings with the city and followed all local laws. As Mayor, I felt that I had a responsibility to the citizens of Aurora to investigate those allegations and with the support of the City Council initiated three independent reviews of the process.*

*Earlier today, Kane County State's Attorney John Barsanti cleared Planned Parenthood and Gemini Office Development of criminal wrongdoing. Both the Martens and Luetkehans reports indicate that Gemini and Planned Parenthood misrepresented certain tenant information. However, their reports also indicate that this is not a sufficient basis to deny an occupancy permit.*

*The Luetkehans report found that while a medical clinic is a permitted use for that property, medical clinics are excluded from performing major surgeries under the City of Aurora's zoning definitions. Based on a review of this finding, the city has contacted Planned Parenthood for clear written assurance that only minor surgeries as defined by the Luetkehans report would be performed at this facility.*

*Over the last few weeks, the City of Aurora has been inundated with thousands of phone calls, letters and requests from people who feel passionately about the abortion issue. As elected officials, we are sworn to uphold the law regardless of our personal, emotional or even religious beliefs. Based on the opinions of these three attorneys, the City of Aurora has no legal basis to deny Planned Parenthood an occupancy certificate and thus the Building and Permits Division will move forward with issuing Planned Parenthood an occupancy certificate."*

With the support of the Aurora City Council, Mayor Weisner initiated an independent review of the entire development process after allegations surfaced that Gemini officials misled the city by not revealing the tenant to be Planned Parenthood on development documents and at least one public meeting when tenant information was requested. Gemini's temporary occupancy certificate expired on September 17, 2007.

On Thursday, September 20, 2007, U.S. District Judge Charles Norgle upheld the city's right to complete a thorough review of the facts surrounding the development process prior to issuing a new occupancy certificate. City officials indicate the occupancy certificate has been issued.

The Luetkehans and Martens reports are available online at www.aurora-il.org.

# # #

Carie Anne Ergo
Public Information Officer
City of Aurora

002056

**Dahl, Jim**

| | |
|---|---|
| From: | Ergo, Carie Anne |
| Sent: | Friday, September 21, 2007 2:37 PM |
| To: | Pringle, Ron; Dahl, Jim |
| Subject: | FW: City of Aurora Statement on Today's Planned Parenthood Ruling, 09-20-2007 |

Please make sure this gets online today.

-----Original Message-----
| | |
|---|---|
| From: | Ergo, Carie Anne |
| Sent: | Thursday, September 20, 2007 1:09 PM |
| To: | Ergo, Carie Anne |
| Subject: | City of Aurora Statement on Today's Planned Parenthood Ruling, 09-20-2007 |

Media Release Thursday, September 20, 2007

**City of Aurora Statement on Planned Parenthood Ruling**

AURORA, IL - On Thursday, September 20, 2007, U.S. District Judge Charles Norgle ruled that Planned Parenthood would remain closed pending the City of Aurora's review of the development process. In response to the ruling, Aurora Public Information Officer Carie Anne Ergo released the following statement:

*"We are pleased the court upheld the city's right to conduct a thorough review of the facts surrounding the development process. Legitimate questions have been raised about whether Gemini Office Development and Planned Parenthood were forthcoming in their dealings with the city and followed all local laws. The Mayor and members of the City Council feel that they have a responsibility to the citizens of Aurora to investigate those allegations.*

*At this time, the city remains committed to completing the review of the facts as quickly as possible. By the end of this week, both attorneys retained to review the matter will forward their findings to Kane County State's Attorney John Barsanti for review. Mr. Barsanti has indicated that it will take his office one week to provide the city a final report.*

*While this has become a highly politicized issue, for the City of Aurora this has always been about making sure all local laws were followed in the development of the facility."*

Mayor Weisner initiated an independent review of the entire development process after allegations surfaced that Gemini officials lied to the city by not revealing the tenant to be Planned Parenthood on development documents and at least one public meeting when tenant information was requested.

# # #

Carie Anne Ergo
Public Information Officer
City of Aurora
44 E. Downer Place
Aurora, IL 60507
Office: 630-844-3612
Mobile: 630-774-0598

002057



**For more information:**
Carle Anne Ergo
Public Information Officer
(630) 264-3063

Page 1 of 2

**Media Release**
Thursday, September 20, 2007

## Statement on Planned Parenthood Occupancy

**AURORA, IL** – In response to numerous inquiries regarding whether it is permissible for Planned Parenthood employees and contractors to enter the facility, At this evening's council meeting, Corporation Counsel Alayne Weingartz made the following remarks regarding the status of Planned Parenthood's facility in Aurora.

*"Recently questions have been raised on whether or not Planned Parenthood employees may be in the facility without an occupancy certificate. In early August prior to the beginning of the attorney's review, Planned Parenthood requested and was granted approval to set up office furniture and equipment with limited staff training activities. This pre-stock approval is consistent with our normal development process, in which many incoming businesses request and receive pre-stock approval.*

*The city did not issue a new occupancy permit to Planned Parenthood since there are now allegations of misconduct that are being independently reviewed. However, those allegations are not related to the life safety items that are the precondition to pre-stock approval. At this time we do not believe we have grounds to revoke the pre-stock approval, therefore there will continue to be limited activity in the building. The City intends to evaluate the results of the independent investigation to determine what action it should take with respect to further approvals for this facility."*

### ###

002058



**For more information:**
Carie Anne Ergo
Public Information Officer
(630) 264-3063

**Media Release**
Thursday, September 20, 2007

Page 1 of 2

# Aurora Mayor Weisner Speaks Out on
# Planned Parenthood Occupancy Permit

**AURORA, IL** – Early this evening, Mayor Thomas J. Weisner made the following remarks regarding the status of Planned Parenthood's facility in Aurora.

*"Over the past few weeks, there has been much debate on whether Planned Parenthood should be allowed to open here in Aurora. People on both sides of the abortion issue have weighed in and made their concerns known to city officials and the community at large.*

*First, I want to say thank you to every Aurora resident that has taken the time to call, write or attend a public meeting to make their view known. Your concerns have not gone unnoticed.*

*After several members of the community raised legitimate questions about whether Gemini and Planned Parenthood followed local laws, I halted the development process and launched an independent review of the entire process with the support of the City Council. We expect to receive the final report next Monday from Kane County State's Attorney John Barsanti and plan to make the report available to the public as early as Tuesday.*

*Recently questions have been raised on whether or not Planned Parenthood employees may be in the facility without an occupancy certificate. In early August prior to the beginning of the attorney's review,*

*– MORE –*

002059

*City of Aurora Statement on Recent Planned Parenthood Ruling*
*Page 2 of 2*

Planned Parenthood requested and was granted approval to set up office furniture and equipment with limited staff training activities. This pre-stock approval is consistent with our normal development process. In fact more than half of all incoming businesses request and receive pre-stock approval. While the city has halted the progress of the development process, at this time we do not believe we have grounds to revoke the pre-stock approval, therefore there will continue to be limited activity in the building.

While others may want to politicize this issue, the city has not taken a position on Planned Parenthood or the services it provides. As Mayor, I have a responsibility to the citizens of Aurora to ensure that local laws were upheld in the development of the Planned Parenthood facility. I anticipate that the final report will provide the city the answers it needs to move forward.

If after reviewing Gemini and Planned Parenthood's actions and statements, the report finds no substantial legal grounds to withhold an occupancy certificate, the City of Aurora will be obligated to uphold the law and immediately allow Planned Parenthood to open for business.

If the report finds that Gemini and Planned Parenthood acted improperly and the city has legal grounds to deny occupancy, I will recommend continuing to do so while evaluating the city's options.

The City of Aurora has been thrust in the middle of a contentious national debate on abortion that threatens to divide our community, but I know our citizens are wise and strong. This will not divide us.

**- MORE -**

002060

*Myself and each member of the City Council have an obligation to uphold the law regardless of our personal feelings about Planned Parenthood or our convictions on abortion. I believe that the people of Aurora understand and respect our position.*

*It is our responsibility as government officials to balance the rights of all parties - to protect the health, safety and welfare of the neighbors of living near the facility and maintain the tranquility of the neighborhood – to allow protestors to peacefully and publicly express their opinions – to treat Planned Parenthood with the same respect under the law as we would any other lawful organization.*

*Tonight, I ask each of you to be respectful and treat each other with the same courtesy that you would expect from others. I also request that you be respectful of each other's and the City Council's time. If a speaker has already addressed your comment or concern, please consider shortening your comments to allow more speakers an opportunity to add something new to the discussion.*

### ###

**For more information:**
Carie Anne Ergo
Public Information Officer
(630) 264-3063

**AURORA**
City of Lights
Mayor Thomas J. Weisner

Page 1 of 2

**Media Release**
Thursday, December 06, 2007

# City of Aurora Statement on Recent Planned Parenthood Ruling

**AURORA, IL** – Late this morning, U.S. District Judge Charles Norgle postponed ruling on Planned Parenthood's request for a preliminary injunction that would have required the city to allow Planned Parenthood to open for business on Tuesday, September 18, 2007. The judge has requested additional information and set a new hearing for Thursday morning.

In response to the ruling, Aurora Public Information Officer Carie Anne Ergo released the following statement:

*"Mayor Weisner and members of the City Council feel that completing an independent review of the facts surrounding the development of the facility prior to its opening is a reasonable response to legitimate questions raised. The City of Aurora has not taken a position on Planned Parenthood or the services it provides. The purpose of this review has always been to determine whether Planned Parenthood and Gemini Office Development followed local laws and to advise the city of its legal options in the case our processes were not followed.*

*The city has no plans to issue a new occupancy certificate until it has sufficient time to complete and examine an independent review of the development process or a court compels us to do so. The city looks forward to presenting our arguments to the court on Thursday."*

*– MORE –*

002062

*City of Aurora Statement on Recent Planned Parenthood Ruling*
*Page 2 of 2*

Mayor Weisner initiated an independent review of the entire development process after allegations surfaced that Gemini officials lied to the city by not revealing the tenant to be Planned Parenthood on development documents and at least one public meeting when tenant information was requested.

### # #

# EXHIBIT L

P02C64

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

PLANNED PARENTHOOD CHICAGO )
AREA, an Illinois non-profit Corporation, )
and GEMINI OFFICE DEVELOPMENT LLC, )
an Illinois limited liability company, )
                                      )       **Case No. 07 C 5181**
            **Plaintiffs,** )
v.                                 )       **Judge Norgle**
                                        )
CITY OF AURORA,                 )       **Magistrate Judge Brown**
                                        )
            **Defendant.** )

## DEFENDANT'S RESPONSE TO PLAINTIFFS'
## MOTION FOR PRELIMINARY INJUNCTION

Defendant, CITY OF AURORA, by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., files its response to Plaintiffs' motion for preliminary injunction and asks the Court to deny the motion because Plaintiffs' cannot meet the necessary requirements for entry of the injunctive relief they seek. In support of request that the Court deny Plaintiffs' motion for preliminary injunctive, Defendant states as follows:

### Introduction

Plaintiff Planned Parenthood/Chicago Area (hereinafter "PPCA") is an Illinois non-profit corporation. Gemini Office Development (hereinafter "Gemini") is a wholly owned affiliate of PPCA. On September 18, 2007, PPCA proposes to open a 22,000 square foot medical facility at 3051 East New York Street, Aurora, Illinois, that will provide an array of health care services – one of which is abortion.

PPCA, through Gemini, applied for requisite permits and certificates to build and occupy its medical facility in an area of the City of Aurora (hereinafter "Aurora") that is zoned as a Planned Development District (hereinafter "PDD"). On August 16, 2007,

iManage:200902_1

002065

Aurora building department staff issued Gemini a temporary occupancy permit for the proposed facility. *Affidavit of Alayne Weingartz* at ¶ 3, attached hereto and referred to herein as *Exhibit 1*. The process and procedures for acquiring permits to develop property within an Aurora PDD is codified in Section 10 of the Aurora Zoning Ordinance. These procedures include an appeal process of PDD decisions that can be activated by either permit and/or certificate applicants or a member of the City Council. Throughout the permitting process, Gemini, rather than PPCA, submitted materials to obtain requisite permits to build and occupy a medical facility in the PDD.

At various points during August of 2007, Aurora officials, including City Council members, learned that the facility at 3051 East New York Street would be occupied by Planned Parenthood. The city also received complaints that material misrepresentations or fraud was perpetuated by Plaintiffs in obtaining permits. *Id.* at ¶ 2. As part of the allegations, reference was made to a November 16 2006 meeting where a Gemini representative appeared and, when asked by a city alderman if the facility was being built specifically for a client answered that, "[w]e're in negotiations with a tenant; we do not currently have a lease but we still want to move ahead." *Id.* In other words, City officials had concerns that PPCA's withholding of information may have compromised the PDD permitting process and procedures.

The Aurora City Code provides the City Council with the authority to "make investigations as to municipal problems and affairs." *Aurora City Code*, Article II, § 2-17(4). The Aurora City Council initiated an investigation into alleged improprieties involving the manner in which PPCA secured requisite permits and certificates for its Planned Parenthood facility. The City Council appointed an independent investigator

002066

who does not live in Aurora and has no ties to the city to conduct the inquiry.  Defendant indicated to Plaintiffs that it would not issue a permanent occupancy certificate for the Planned Parenthood facility at 3051 East New York Street, nor would the facility be allowed to open, until the review process was completed and findings were made concerning alleged deceptive actions purportedly committed by Plaintiffs.

Plaintiffs filed a complaint for preliminary injunctive relief on September 13, 2007.  According to the complaint, the sole reason Aurora has not issued a final certificate of occupancy to Plaintiffs so that they can open for business on September 18, 2007 is "political opposition to the fact that PPCA provides abortion services as part of a broad range of health care services for its patients." *Verified Complaint For Preliminary Injunction and Other Relief* at ¶ 4.  The complaint alleges that Aurora's review of Plaintiff's actions related to obtaining permits and certificates will prevent the opening of the Planned Parenthood facility at 3051 East New York Street on September 18, 2007. *Id.* at ¶ 28.  Further, Plaintiffs allege that Aurora's actions will interrupt and delay PPCA patients who have scheduled appointments at the Planned Parenthood facility from obtaining family planning, contraceptive and abortion services.  *Id.* at ¶ 30.  Plaintiffs seek to enjoin Aurora from delaying the opening of the Planned Parenthood facility on the theory that Defendant's actions constitute a violation of Plaintiffs' equal protection rights under § 1983.

## I.     The Requirements For Granting A Motion For A Preliminary Junction

In order to obtain a preliminary injunction, the moving party must show that:  (1) they are reasonably likely to succeed on the merits; (2) no adequate remedy at law exists; (3) they will suffer irreparable harm which, absent injunctive relief, outweighs the

002067

irreparable harm the respondent will suffer if the injunction is granted; and (4) the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004); *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). In this case, Plaintiffs cannot satisfy the elements for issuance of a preliminary injunction and, therefore, the motion should be denied.

## II.    Plaintiffs Cannot Show That They Are Reasonably Likely To Succeed On The Merits Of Their Equal Protection Claim

Plaintiffs' motion for preliminary injunction should be denied because they cannot demonstrate a reasonable likelihood of success on the merits of their § 1983 Equal Protection claim against Aurora for at least two reasons. First, Plaintiffs' action for preliminary injunction lacks ripeness. Second, assuming *arguendo* that Plaintiff's claim for injunctive relief has requisite ripeness, Plaintiffs cannot demonstrate a reasonable likelihood of success on the merits on their claim that their equal protection rights have been violated because Aurora's actions in withholding a permanent occupancy permit for the Planned Parenthood facility at 3051 East New York Street are rationally related to a legitimate governmental purpose.

### A.    Plaintiffs' Cause Of Action Is Not Ripe For Consideration By The Court

Plaintiffs' attempt to enjoin Aurora from preventing the opening of the Planned Parenthood facility should be denied because the injunctive claim is not ripe for judicial consideration and, consequently, this Court lacks subject matter jurisdiction over the matter. The United States Supreme Court, in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, has indicated that in matters concerning land use, a claim is not ripe for judicial consideration until final decisions regarding the

002068

application of pertinent regulations have been obtained.  473 U.S. 172, 186, 105 S.Ct.

3108, 3116 (1985).    The *Williamson* Court indicated a distinction between ripeness

considerations and exhaustion of administrative remedies in stating that:

> Respondent asserts that it should not be required to seek variances
> from the regulations because its suit is predicated upon 42 U.S.C.
> § 1983, and there is no requirement that a plaintiff exhaust administrative
> remedies before bringing a § 1983 action. . . . The question whether
> administrative remedies must be exhausted is conceptually distinct,
> however, from the question whether an administrative action must be
> final before it is judicially reviewable. . . . While the policies underlying
> the two concepts often overlap, the finality requirement is concerned
> with whether the initial decisionmaker has arrived at a definitive
> position on the issue that inflicts an actual, concrete injury; the
> exhaustion requirement generally refers to administrative and judicial
> procedures by which an injured party may seek review of an adverse
> decision and obtain a remedy if the decision is found to be unlawful
> or otherwise inappropriate.

*Id.* at 192-193.

In *Patel v. City of Chicago*, 383 F.3d 569 (7th Cir. 2004), plaintiffs were owners

of motels located on the far north side of Chicago.  The Chicago City Council passed on

ordinance designating the area surrounding the motels as a redevelopment zone and

identified the motels as potential targets for acquisition by eminent domain.  *Id.* at 570.

Plaintiffs filed a § 1983 claim alleging their equal protection rights had been violated by

the City of Chicago's decision to target their properties for possible acquisition.

According to plaintiffs, the designation of their properties for eminent domain

proceedings was arbitrary, capricious and exhibited *animus* by defendants towards

plaintiffs.  *Id.* at 572.  The Seventh Circuit affirmed the district court's dismissal of

plaintiffs' action, finding that the complaint did not satisfy the *Williamson* requirements

for ripeness.  The Court noted, "[t]he basic rationale of the ripeness doctrine is 'to

prevent the courts, through avoidance of premature adjudication, from entangling

C02069

themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" *Id.* quoting *Sprint Spectrum L.P. v. City of Carmel*, 361 F.3d 998, 1002 (7th Cir. 2004) (quoting *Abbott Labs v. Gardner*, 387 U.S. 136, 148-149, 87 S.Ct. 1507, 18 L.Ed. 2d 681 (1967)) (internal quotation marks omitted).

Plaintiffs seek to analogize the instant matter to the situation in *Planned Parenthood of Northern New England v. City of Manchester.* In *Manchester,* Planned Parenthood submitted building plans to the municipal Building Commissioner, who, after review of the materials, issued a building permit. Subsequently, a number of individuals sought reversal of the Building Commissioner's decision from the Zoning Board of Adjustment (hereinafter the "ZBA"). 2001 WL 531537 (D.N.H. 2001) * 1.[1] Following a public hearing, the ZBA reversed the Building Commissioner's action and revoked the building permit. *Id.* This revocation decision represented a formal, final administrative decision that had a concrete effect on plaintiffs. Planned Parenthood had invested considerable money in financing and contracting for refurbishment construction. *Id.* at *6. The individual plaintiffs suffered denial of their constitutionally protected right to abortion because the ZBA revoked the previously issued building permit. *Id.* at * 5-6.

This case can be distinguished from *Manchester.* The Aurora Zoning Ordinance and the Aurora City Code set forth review mechanisms for permit and certification decisions concerning PDD property developments. The City Council has initiated an independent review of the means by which Plaintiffs received permits and certificates for building and occupying the Planned Parenthood facility at 3051 East New Street. This

---

[1] A copy of this Westlaw cited case is attached for the Court's convenience as *Exhibit 2.*

C02070

review has not resulted in a final administrative decision that has been formalized and its effects felt in a concrete way by Plaintiffs. Aurora has indicated that it will not allow Plaintiffs to use their facility as an abortion clinic *until* a review of allegations related to Plaintiffs' actions during the permitting process has been completed. At this point, no final decision has been rendered and Plaintiffs have not suffered injury. Therefore, Plaintiffs' complaint for preliminary injunction falls within the ambit of the *Williamson* doctrine, and, as such, it should be dismissed for lack of ripeness.

> **B.** **Plaintiffs' Claim That Aurora Has Violated Their Equal Protection Rights By Investigating The Process Used In Granting Plaintiffs Building And Occupancy Permits Cannot Succeed Because The City's Actions Are Rationally Related To the Promotion Of A Legitimate Governmental Purpose**

> > **1.** **Rational Relatedness Is The Proper Standard To Apply To Plaintiffs' Equal Protection Claim Against Aurora**

Plaintiffs assert that Defendant has undertaken a review process concerning whether or not they committed improprieties that resulted in the city issuing building permits and occupancy certificates solely due to political opposition to the fact that PPCA intends to provide abortion services at the Planned Parenthood facility at 3051 East New York Street. *Verified Complaint For Preliminary Injunction And Other Relief* at § 36. Plaintiffs allege that Aurora's actions in conducting its investigation and delaying the opening of their Planned Parenthood facility results in discrimination due to the nature of the services they provide in violation of the Equal Protection Clause of United States Constitution. *Id.* at ¶ 38.

In evaluating claims brought under the Equal Protection Clause of the Constitution, it is necessary to determine if the allegedly aggrieved party should be considered a member of a suspect class. *City of Cleburne, Texas v. Cleburne Living*

*Center*, 473 U.S. 432, 440-441, 105 S.Ct. 3249 (1985).  If governmental action classifies parties by categories such as race, alienage, or national origin, then strict scrutiny is applied and the action will be found constitutional only if it is suitably tailored to serve a compelling governmental interest.  *Vision Church, United Methodist v. Village of Long Grove*, 468 F.3d 975,  1000 (7th Cir. 2006).  Action that classified by gender also calls for a heightened standard of review.  *City of Cleburne, Texas v. Cleburne Living Center*, 473 U.S. at 440.  Strict scrutiny also is appropriate when governmental action  interferes with a person's fundamental rights, such as freedom or speech or religion.  *Id.*  United States Supreme Court caselaw has established that the right to abortion ias a fundamental right. *Roe v.* Wade, 410 U.S. 113, 155, 93 S. Ct. 705 (1973); *Hodgson v. Minnesota*, 497 U.S. 417, 462, 110 S.Ct. 2926 (1990).  If no suspect class or fundamental right is implicated, then the rational basis test is proper to determine whether the governmental action violates equal protection or not.  *Vision Church, United Methodist v. Village of Long Grove*, 468 F.3d  at 1000-1001.

Here, Plaintiffs' allegation that Aurora initiated a review of the process used in granting permits and certificates for the proposed Planned Parenthood facility simply and solely because of political pressure from abortion opponents does not implicate heightened scrutiny.  Unlike *Planned Parenthood of Northern New England v. City of Manchester*, plaintiffs in the instant matter *do not include* individually named parties. The complaint for preliminary injunction does not include allegations that would identify an entity that has suspect class status.  Further, Plaintiffs' pleadings on their face do not allege that Aurora's actions violated a fundamental right of an aggrieved party.

002072

Therefore, the proper standard for evaluating Plaintiff's Equal Protection claim is the rational basis test.

Plaintiffs undoubtedly will respond that Aurora's actions in investigating the process used in granting building permits and occupancy certificates will delay the opening of the Planned Parenthood facility and, in so doing, work to deny some patients of their fundamental right to abortion. Therefore, if Aurora's actions are likely to result in violation of the fundamental right to abortion, strict scrutiny should be applied Defendant must show that its decision to investigate Plaintiffs' conduct in obtaining a building permit and an occupancy certificate promotes a compelling governmental interest.

Plaintiffs' argument for the use of strict scrutiny in this matter fails for two reasons. First, nothing on the face of the complaint for preliminary injunction identifies that a fundamental constitutional right has been violated by Aurora's decision to investigate the permitting process used in granting Plaintiffs building and occupancy permits. Second, Plaintiffs' claim that a violation of the fundamental right to abortion will occur due to Aurora's actions depends on a mischaracterization of the controversy in this matter.

The Plaintiffs argue in their *Memorandum Of Law In Support Of Their Motion For Injunctive Relief* that Aurora is treating Planned Parenthood differently than any other medical facility because it will provide abortion services. *Memorandum* at 8. This argument is an assertion unsupported by the record. Further, the argument seeks to turn a dispute regarding Defendant's decision to investigate allegations of PPCA improprieties