**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **KIM FRACHEY, NANCY MALONEY,** | ) | |
| **SOCORRO NIETO, CHAD FLOLO,** | ) | |
| **NATALIE FLOLO, CHARLES** | ) | |
| **AMANING, and FOX VALLEY** | ) | |
| **FAMILIES AGAINST PLANNED** | ) | |
| **PARENTHOOD, an Uncorporated** | ) | |
| **Association,** | ) | **Case No. 08 C 1148** |
| | ) | |
| **Plaintiffs,** | ) | **Judge Norgle** |
| | ) | |
| **v.** | ) | **Jury Demanded** |
| | ) | |
| **PLANNED PARENTHOOD/CHICAGO** | ) | |
| **AREA, an Illinois Not-for-Profit** | ) | |
| **Corporation, STEVEN TROMBLEY,** | ) | |
| **GEMINI OFFICE DEVELOPMENT, LLC,** | ) | |
| **An Illinois Limited Liability Corporation,** | ) | |
| **21ST CENTURY OFFICE** | ) | |
| **DEVELOPMENT, LLC, an Illinois Limited** | ) | |
| **Liability Corporation, CITY OF AURORA,** | ) | |
| **A Home-Rule Municipal Corporation,** | ) | |
| **ZONING BOARD OF APPEALS FOR** | ) | |
| **THE CITY OF AURORA, ED SIEBEN,** | ) | |
| **THOMAS WEISNER,** | ) | |
| **HERMAN BENEKE,** | ) | |
| **PLANNING & DEVELOPMENT** | ) | |
| **COMMITTEE OF THE CITY OF** | ) | |
| **AURORA, PLANNING COMMISSION** | ) | |
| **OF THE CITY OF AURORA, and** | ) | |
| **BUILDING CODE BOARD OF APPEALS** | ) | |
| **OF AURORA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT CITY OF AURORA'S MOTION TO DISMISS PLAINTIFFS'
COMPLAINT FOR ADMINISTRATIVE REVIEW AND OTHER RELIEF**

Defendant, CITY OF AURORA (hereinafter the "City"), by and through its

attorneys, KLEIN, THORPE AND JENKINS, LTD., moves this Court for entry of an

order dismissing with prejudice Plaintiffs' complaint for administrative review and other

relief insofar as it sets forth claims against the City, and states in support as follows:

iManage:210149_1

**<u>Introduction</u>**

On February 13, 2008, plaintiffs – individual residents of the City and Fox Valley Families Against Planned Parenthood, an unincorporated association of citizens who oppose the opening and operation of the Planned Parenthood facility at 3051 East New York Street in Aurora (hereinafter the "subject property") – filed a complaint in the Circuit Court of the Eighteenth Judicial Circuit DuPage County, Illinois.  The lawsuit arises out of a series of alleged actions taken by Planned Parenthood/Chicago Area (hereinafter "Planned Parenthood") regarding its occupancy and use of the subject property.  Briefly stated, plaintiffs allege that through "a willful and deliberate scheme of deception and falsehood, Planned Parenthood developed, built, and currently operates a charitable, educational, health-related non-pecuniary facility which in [sic] of an entire litany of provisions in the Aurora Zoning Ordinance." *Complaint* at ¶ 16.  While Planned Parenthood is the "lead defendant" in the lawsuit, plaintiffs name the City, individual city officials, the Aurora Planning and Development Committee, the Aurora Planning Commission, the Aurora Zoning Board of Appeals and the Aurora Building Code Board of Appeals as defendants as well.

Plaintiffs set forth two § 1983 claims against the City.  In Count III, plaintiffs allege that the City violated their Fourteenth Amendment due process rights by approving a certificate of occupancy for Planned Parenthood at the subject property without providing plaintiffs with notice and a hearing to oppose to an illegal development in their neighborhood. *Complaint* at ¶¶ 7, 124, 127.   Plaintiff claim in Count VI that the City violated their Fourteenth Amendment Equal Protection rights by failing and/or refusing to enforce applicable laws against Planned Parenthood's development and occupancy of

the subject property in the same manner in which the laws had been enforced against all other similarly-situated citizens of Aurora and DuPage County. *Id*. at ¶¶ 7, 134, 137.

Plaintiffs allege several state law actions against the City as well. In Count I, plaintiffs include the City as a defendant in their action seeking administrative review of a decision by the Aurora Zoning Board of Appeals (hereinafter "ZBA") dismissing plaintiffs' challenge to Planned Parenthood's use and occupancy of the subject property. *Complaint* at ¶¶ 115-120. Count II asserts an action for common law administrative review against a number of defendants, including the City. *Id*. at ¶¶ 121-123. Plaintiffs allege in Count IV that the City's actions in approving a certificate of occupancy for a Planned Parenthood facility, and all the underlying decisions pertaining to the development of the subject property violated plaintiffs' due process rights under the Illinois Constitution. *Id*. at ¶¶ 128-130. Plaintiffs allege an additional due process claim against the City in Count V pursuant to the Illinois Municipal Code. *Id*. at ¶¶ 131-133. In Count VII, plaintiffs claim that the City's actions in approving the Planned Parenthood certificate of occupancy for the facility at the subject property deprived them of equal protection under the Illinois Constitution. *Id*. at ¶¶ 138-140.

Pursuant to 28 U.S.C. §§ 1441 and 1446, the City removed the complaint to federal district court. The City now moves to dismiss the § 1983 claims set forth in Counts III and VI, as well as the state law actions alleged against it in Counts I, II, IV, V and VII pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.    Legal Standard For Rule 12(b)(6) Motions To Dismiss

The United States Supreme Court, in *Bell Atlantic Corporation v. Twombley* addressed the pleading requirements plaintiffs must satisfy to avoid a Rule 12(b)(6)

dismissal of their actions:  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level."  127 S.Ct. 1955, 1964-65 (2007).  The Seventh Circuit, in *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, commented on the *Bell Atlantic Corporation* discussion of Rule 12(b)(6):  "The Supreme Court has interpreted that language [Rule 12(b)(6)] to impose two easy-to-clear hurdles.  First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court."  496 F.3d 773, 776 (7th Cir. 2007).

## II.    Counts III And VI Should Be Dismissed Because Plaintiffs Have Not Stated Legally Cognizable § 1983 Procedural Due Process And Equal Protection Claims Against The City

Counts III and VI should be dismissed under Rule 12(b)(6) because plaintiffs have not satisfied the *Bell Atlantic Corporation* pleading requirements.  Plaintiffs' procedural due process claim cannot stand as a matter of law.[1]  Plaintiffs allege that the City, in issuing Planned Parenthood an occupancy certificate for 3051 East New York Street, erroneously administered various sections of the Aurora Zoning Ordinance

---

[1] Plaintiffs do not characterize their claim in Count III as alleging violations of their "procedural" due process rights under the Fourteenth Amendment.  However, nothing in Count III suggests a substantive due process claim.  For instance, plaintiffs do not allege violations of other constitutional rights or an absence of adequate state law remedies.  Therefore, the City construes Count III as a § 1983 procedural due process action and proceeds against it accordingly.

(hereinafter "AZO").  *Complaint* at ¶¶ 1, 106.  Assuming plaintiffs' allegations are true, as required in a Rule 12(b)(6) motion to dismiss, the purported commission of errors by the City in interpretation and implementation of its zoning provisions does not deprive plaintiffs of their procedural due process rights under the Fourteenth Amendment. Plaintiff's equal protection claim also cannot withstand the City's Rule 12(b)(6) challenge.  The complaint fails to allege that plaintiffs belong to a protected class. Plaintiffs' allegations do not state a "class-of-one" equal protection claim because the complaint fails to assert that the City treated them arbitrarily or with illegitimate animus in its actions regarding Planned Parenthood's occupancy and use of the subject property.

> **A.    Plaintiffs' Inadequately Alleged § 1983 Procedural Due Process Claim Should Be Dismissed**

Plaintiffs allege the AZO requires that citizens affected by Planned Parenthood's development of the subject property receive timely notice of the project and be provided with an opportunity to voice opposition to it in one or more meetings.  *Complaint* at ¶ 18. The City's purported failure to comply with these AZO requirements presumably deprived plaintiffs' of their Fourteenth Amendment due process rights.  Such allegations do not state a legally cognizable § 1983 procedural due process claim against the City as a matter of law.

Caselaw regarding municipal zoning regulations and procedural due process rights clearly indicates that violation of state or local law does not lead to a constitutional deprivation under the Fourteenth Amendment.  In *Pro-Eco, Inc. v. Board of Commissioners of Jay County, Indiana*, plaintiff alleged that the county board violated plaintiff's due process rights by failing to provide public hearings and notice of such hearings on an ordinance that placed a moratorium on the construction and operation of

landfills. 57 F.3d 505, 513-14 (7th Cir. 1995). The Seventh Circuit determined that plaintiff's allegations were incorrect and stated that, "[a] violation of state law is not a denial of due process of law." *Id*. at 514. In *Indiana Land Company v. City of Greenwood*, plaintiff, a real estate developer, brought a § 1983 suit for damages charging violations of his Fourteenth Amendment due process rights based on the city's refusal to rezone a tract of land from agricultural to residential use. 378 F.3d 705, 707 (7th Cir. 2004). Specifically, plaintiff alleged that the city council's actions in voting down his development plan with a simple majority (after it had been approved by the Planning Commission) when a municipal ordinance required a two-thirds vote to overturn a recommendation of the Planning Commission violated his procedural due process rights. *Id*. The court noted that the two-thirds requirement may have violated state law, but "[i]n any event an error of state law is not a violation of due process." *Id*. at 711; *see also, Mercatus Group LLC v. Lake Forest Hospital*, 528 F.Supp.2d 797, 815 (N.D. Ill. 20070 ("Moreover, Mercatus's allegations all boil down to complaints that it did not receive the procedural rights accorded to it either by Lake Bluff's zoning ordinance or Illinois. Because these are violations of state law, Mercatus has no federal procedural due process claim.")

Here, plaintiffs allege the City deprived them of their rights to notice and public hearing on Planned Parenthood's development of the subject property in violation of the AZO. As a matter of law, such allegations cannot state a procedural due process claim action § 1983; therefore, plaintiffs' claim against the city should be dismissed.

2.    **State law provides plaintiffs a means to address the City's purported failure to comply with the AZO regarding Planned Parenthood's occupancy and use of the subject property**

Plaintiff's procedural due process claim against the City fails because the Illinois Municipal Code provides plaintiffs with the means to challenge the zoning decisions with which they disagree.  Such access to the state's judicial system provides plaintiffs with sufficient process under the Fourteenth Amendment.

The Seventh Circuit has indicated that when state law provides a remedy for alleged violations of local zoning provisions, Fourteenth Amendment procedural due process rights are maintained.  In *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, plaintiff brought a § 1983 claim when its application for a zoning variance that would allow it to operate a residential treatment facility for emotionally disturbed children was denied.  406 F.3d 926, 927 (7th Cir. 2005).  Commenting on its decision in a previous zoning-related case, the court observed, "[t]he plaintiff in *River Park* was aggrieved by a denial of its request for rezoning.  We concluded that because the federal constitution guarantees only 'scant process' in such cases, the *River Park* plaintiff, who was provided with 'ample means' under state law to contest the denial of rezoning, 'must repair to state court' for a remedy. . . . 'in zoning cases . . . the only procedural rules at stake are those local law provides, and these rules must be vindicated in local courts'."  *Id*. at 931.  In *Standard Bank & Trust Company v. Village of Orland Hills*, plaintiffs, a developer, landowners and a bank brought a § 1983 claim that included an action for alleged deprivation of procedural due process rights resulting from defendants denying plaintiffs the right to develop certain residential areas.  891 F.Supp. 446, 449 (N.D.Ill. 1995)  The court granted defendants motion to dismiss the complaint,

noting that, "the defendants denied the request; yet, since a state court remedy exists, the zoning decision does not violate the due process clause of the Constitution." *Id.* at 451.

Here, plaintiffs have an available state law means to contest allegedly erroneous zoning decisions purportedly made by the City in granting Planned Parenthood occupancy and use of the subject property. The Illinois Municipal Code, 65 ILCS 5/11-13-15 states as follows:

> In case any building or structure, including fixtures, is constructed, altered, repaired, converted, or maintained, or any building or structure, including fixtures, or land, is used in violation of an ordinance or ordinances adopted under Division 13, 31 or 31.1 of the Illinois Municipal Code, or of any ordinance or other regulation made under the authority conferred thereby, the proper local authorities of the municipality, or any owner or tenant of real property, within 1200 feet in any direction of the property on which the building or structure in question is located who shows that his property or person will be substantially affected by the alleged violation, in addition to other remedies, may institute any appropriate action or proceeding (1) to prevent the unlawful construction, reconstruction, alteration, repair, conversion, maintenance or use, (2) to prevent the occupancy of the building, structure, or land, (3) to prevent any illegal act, conduct, business, or use in or about the premises, or (4) to restrain, correct, or abate the violation. When any such action is instituted by an owner or tenant, notice of such action shall be served upon the municipality at the time suit is begun, by serving a copy of the complaint on the chief executive officer of the municipality, no such action may be maintained until such notice has been given.

Additionally, 65 ILCS 5/11-13-15 indicates that if the owner or tenant prevails, "the court shall allow the plaintiff a reasonable sum of money for the services of the plaintiff's attorney." Plaintiffs are owners of land adjacent to and within 250 feet of the subject property who contend they are "substantially and especially harmed, suffering a gross infringement of their legal rights and property value by reason of defendants' gross misconduct and dereliction of official duties." *Complaint* at ¶ 3. Based on their pleadings, plaintiffs can use 65 ILCS 5/11-13-15 to seek remedies for the zoning

violations purportedly committed by the City that aggrieve them.  Therefore, as a matter of law, plaintiffs' § 1983 procedural due process should be dismissed.

### B.    Plaintiffs' § 1983 Equal Protection Claim Fails To State A Legally Cognizable Cause Of Action And Should Be Dismissed

The basis for plaintiffs' § 1983 equal protection claim against the City is that civic officials failed and/or refused to enforce applicable laws against Planned Parenthood's development, construction and tax-exempt operation of its facility at 3051 East New York Street in Aurora on the same terms as they enforce those laws against all other similarly-situated citizens of Aurora and DuPage County.  *Complaint* at ¶ 17.  Such pleading does not sufficiently set forth an equal protection claim against the City under § 1983.

Plaintiff's allegations suggest that the basis for their equal protection claim is selective enforcement of AZO provisions in a manner favorable to Planned Parenthood. In *Standard Bank & Trust Company v. Village of Orland Hills*, plaintiffs alleged that defendant municipality "selectively enforced provisions of the building code which had never been enforced by the village for other developers or builders within the Village." 891 F.Supp. at 451.  The court determined that, "[t]his mere allegation is insufficient to properly plead an equal protection claim.  'To assert an equal protection claim, a plaintiff must allege intentional discrimination based on membership in a particular group.'"  *Id*. (quoting *Magulski v. County of Racine*, 879 F.Supp. 83, 85 (N.D.Ill. 1995 (citing *Herro v. City of Milwaukee*, 44 F.3d 550, 552 (7th Cir. 1995)).  Plaintiffs have not identified themselves as members of a protected class.  Thus, it seems that plaintiffs rely on a "class of one" equal protection theory in Count VI.  According to the Seventh Circuit, plaintiffs pursuing an equal protection claim under a class of one theory must present evidence that

"the defendant deliberately sought to deprive him of the equal protection of the laws for reasons of a personal nature unrelated to the duties of the defendant's position." *Cruz v. Town of Cicero, Illinois*, 275 F.3d 579, 587 (7th Cir. 2001). The court in *Lauth v. McCollum*, stated that, "a plaintiff who does not belong to any 'suspect' (that is, favored) class – by definition, the situation of a class-of-one plaintiff – must, to prevail, 'negative any reasonably conceivable state of facts that could provide a rational basis for classification'." 424 F.3d 631, 634 (7th Cir. 2005) (quoting *Board of Trustees v. Garrett*, 531 U.S. 356, 367, 121 S.Ct. 955 (2001)).

Plaintiffs in this case have not alleged that they were subjected to intentional discrimination by city officials who purportedly failed to enforce AZO provisions against Planned Parenthood. In the complaint, plaintiffs detail numerous ways in which Planned Parenthood purportedly engaged in fraud and subterfuge to manipulate City officials into granting necessary permits and certificates during the planning and development process for the facility located on the subject property. These alleged machinations provide a rational basis for the City's actions -- given what city officials purportedly knew as a result of Planned Parenthood's alleged conduct -- when they made decisions in approving Planned Parenthood's occupancy and use of the property at 3051 East New York Street. Assuming that plaintiffs do not press their equal protection claim on a class-of-one theory, Count VI should be dismissed because plaintiffs fail to sufficiently define a comparable class of similarly situated individuals as required to state a legally sufficient cause of action. *Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997) ("an equal protection violation occurs only when different legal standards are arbitrarily applied to similarly situated individuals.")

**III.    Plaintiffs' State Law Claims Against The City Should Be Dismissed**

In addition to their § 1983 actions, plaintiffs have asserted a number of state law claims against the City.  These actions should be dismissed pursuant to Rule 12(b)(6) for failure to state claim related to the City for which this court could provide the relief being sought.

**A.    The City Should Be Dismissed From Plaintiffs' Administrative Review Act Cause Of Action**

In Count I, plaintiffs seek review of the decision made by the Aurora Zoning Board of Appeals (hereinafter "ZBA") dismissing their appeal of the issuance of permits and a certificate of occupancy to Planned Parenthood for the facility at 3051 East New York Street in Aurora.  As relief, plaintiffs request:  (1) reversal the decision of the ZBA that dismisses their action and a finding that the ZBA has jurisdiction over their claims; (2) until the rendering of a final decision by the ZBA, a stay of the effectiveness of any current or future certificate of occupancy that has been or may in the future be issued to Planned Parenthood; and (3) reversal of ZBA decisions refusing (a) to allow additional documents into the administrative record, (b) to provide for expedited discovery, and (c) to address and adjudicate the arguments set forth in the filings before it.  *Complaint* at p. 29.  The city cannot granted any of the relief sought by plaintiffs in Count I.

As noted earlier, *supra* p. 4, the Seventh Circuit determined that, pursuant to the Supreme Court's instruction in *Bell Atlantic Corporation v. Twombley*, allegations in a complaint must plausibly suggest that a plaintiff has a right to the relief sought.  Here, plaintiffs seek relief under the Illinois Administrative Review Act (hereinafter the "Act") that can be granted only by a court.  Since plaintiffs are not plausibly entitled to receive

from Aurora the relief they seek in Count I, this cause of action should be dismissed insofar as it is alleged against the City.

B.    **Counts II, IV and V Should Be Dismissed Because Under The Municipal Code Private Actions Seeking Remedies For Zoning Violations Cannot Brought Against The City**

Plaintiffs allege in Counts II, IV and V claims against the City that arise from its purported actions related to Planned Parenthood receiving permits and certificate in violation of the AZO.  Count II is a common law action for administrative review pursuant to a writ of certiorari; Counts IV and V allege due process violations under the Illinois Constitution and the Municipal Code.  All three counts ask the court to reverse the actions of Aurora officials and/or agencies making ultimate decisions pertaining to Planned Parenthood's development and use of the subject property; to stay the issuance of the temporary occupancy to Planned Parenthood; to enjoin Planned Parenthood from using or occupying the subject property on a preliminary or permanent basis; and to order Planned Parenthood to remove and abate the improvements it has made to the subject property and return the parcel to its prior condition.

The Municipal Code, at 65 ILCS 5/11-13-15, provides plaintiffs with the means for redressing the zoning violations allegedly committed by Planned Parenthood in its use and occupancy of the subject property.  In *Heerey v. Berke*, 179 Ill.App.3d 927 (1st Dist. 1989), the appellate court interpreted the application of this statute to private landowners who purportedly violate municipal zoning provisions.  Under 5/11-13-15, a municipality can file an action against private landowners for code violations and an adjacent landowner has a private right of action against their neighbor for failure to comply with zoning provisions.  *Id.* at 1281.  But the statute does not provide for a private landowner

bringing a cause of action against a municipality, "[a]lthough the terms of the statute provide that either the city or an adjacent landowner may institute proceedings against private landowners who violate zoning ordinances, the language of the statute does not provide a cause of action against the city by a private landowner." *Id.* The *Heerey* court further observed that, "although both the city and the plaintiff arguably could have instituted an action to abate an alleged violation on the part of the private defendants, the city's failure to do so does not create an alternative and essentially retaliatory cause of action against the city by the plaintiff." *Id.*

The *Heerey* court's interpretation of 5/11-13-15 applies to the instant matter. The individual plaintiffs are private landowners living within 250 feet of the subject property who allege that they have been harmed by Planned Parenthood's development of a facility that offers abortions as one of its services. *Complaint* at ¶ 3. According to the complaint, Planned Parenthood is a private not-for-profit corporation that owns the subject property. *Id.* at ¶ 4. Counts II, IV and V represent private actions initiated by private landowners seeking to remedy alleged zoning violations purportedly committed by another private landowning party. Under 5/11-13-15 of the Municipal Code, plaintiff cannot bring Counts II, IV and V against the City; therefore, these claims should be dismissed.

### C.    Plaintiffs' Equal Protection Action Brought Pursuant To The Illinois Constitution Should Be Dismissed Because It Fails To State A Legally Cognizable Claim Against The City

Plaintiffs allege in Count VII that the City's actions with regard to the issuance of a certificate of occupancy and other permits to Planned Parenthood for the subject property violated their right to equal protection of law under the Illinois Constitution.

"Equal protection analysis is identical under the United States and Illinois Constitutions." *LaSalle National Bank v. The City of Highland Park*, 344 Ill.App.3d 259, 280 (2nd Dist. 2003).   Therefore, plaintiffs' equal protection claim under the state constitution should be dismissed for failure to allege a legally cognizable claim for the same reasons that their § 1983 equal protection action is subject to a Rule 12(b)(6) dismissal.

        **WHEREFORE**, for all the above-stated reasons, the City of Aurora respectfully requests that this Honorable Court enter an order dismissing the complaint in its entirety with prejudice as it applies to the City, and for any further relief that the Court deems fair and just.

                                            Respectfully submitted,

                                            CITY OF AURORA

                                            By:_____/s/Allen Wall_____
                                                    One of its attorneys

Lance C. Malina
Allen Wall
KLEIN, THORPE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois  60606
(312) 984-6400