(e)  <u>Facilities Included in Road and Highway Programs</u>.  Each reference herein to the District Road and Highway Program, the Region I Road and Highway Program or the Region II Road and Highway Program, and the total cost thereof, shall include all required rights-of-way, traffic lights, excavation, sub-base, paving, traffic controls, storm water drainage, curbs, gutters, sidewalks, lighting, landscaping, striping and similar required and related facilities.  The storm water drainage facilities included in any Road and Highway Program will consist of the facilities required to handle the surface runoff resulting from a storm with a five-year return frequency on the contributing watershed adjacent to the highway.  The City agrees, however, to oversize any such storm water drainage facilities in accordance with the request of one or more of the developers of the District.  The City and the developers making said request shall cooperate in providing arrangements for financing the full amount of the additional cost of such oversizing, including, without limitation, the arrangements for financing referred to in Subsection 2 of Section VIII of this Agreement.  Nothing in this Subsection 1(e) shall be deemed to obligate the City to assume any financial responsibility with respect to such additional cost of such oversizing, and it shall be a condition to the City's obligation to oversize any such storm water drainage facilities that arrangements for financing the

-49-

full cost of such oversizing shall have been provided
for in a manner satisfactory to the City and the de-
velopers making said request.

(f)  Complementary Roads and Highways.  Not-
withstanding any provision herein to the contrary,
upon the annexation of the Territory to the City,
the developers of the District and the City agree to
consult and cooperate each with the other, to the end
of accomplishing, as soon as practicable after the
annexation date, the most expeditious and economical
method or methods of financing and constructing each
and all of the roads and highways and phases and parts
of phases thereof shown in Exhibit E, attached hereto
and made a part hereof (said roads and highways are
herein called the "Complementary Roads and Highways").

(g)  Provisions of Annexation Agreement Prevail.
To the extent, if any, that Subsection D. of Section V
of the Plan Description (which constitutes Exhibit A
of this Agreement) shall be inconsistent with any of
the provisions of this Section V or of Exhibit D, the
provisions of this Section V and Exhibit D shall pre-
vail and obtain.

2.  Region I Road and Highway Program.  Without
limiting the provisions of Subsections 1 and 4 of this Sec-
tion V, the following provisions shall apply to those por-
tions of the District Road and Highway Program described in

Part I of Exhibit D and shown on the land use plan included in Part Three of the Plan Description, and therein and herein designated as the "Region I Road and Highway Program," and herein sometimes designated as the "Region I roads," it being understood that after the annexation of the Territory to the City, portions of said Region I roads will be within the City and portions will not be within the City:

(a)  General Provisions.  With the exception of Phase I of the Region I roads which is covered by Subsection (f) of this Subsection 2, the City agrees that when constructed the Region I roads will be of benefit to the City generally.  Upon the annexation of the Territory to the City, the City agrees to construct or cause to be constructed and to complete or cause to be completed the Region I roads, subject to and in accordance with the pro- visions of this Section V and Exhibit D.  Upon the annexation of the Territory to the City, the City shall, subject to Subsection (b) of this Subsection 2, as promptly as necessary to comply with the completion dates set forth in Part I of Exhibit D:

(i)  Cause plans and specifications to be completed for the Region I Road and Highway Program, which plans and specifications shall conform to and comply with applicable specifi- cations of the appropriate governmental author- ities.

(ii)  Acquire by purchase or, if necessary, by condemnation (where condemnation is legally available to the City) all properties and rights-of-way not owned by the developers of Region I or by the City and necessary to complete the Region I Road and Highway Program.

(iii)  Obtain from State, County or other governmental authorities all licenses, approvals, permits and consents which are necessary to complete the Region I Road and Highway Program.

(iv)  Publish, take bids, and award bids to and contract with the lowest qualified bidders for the construction of the Region I Road and Highway Program.

(b)  Delays.  If any delay in completing any phase or part of any Region I road results from (i) a cause beyond the reasonable control of the City (e.g., delays beyond the reasonable control of the City with respect to the acquisition of required rights-of-way, or with respect to required special assessment proceedings, notwithstanding the City's having exercised due diligence to initiate, proceed and complete the same promptly), (ii) an act of the developers of Region I, or (iii) a delay mutually agreed upon between the City and the developers of Region I, then the completion date set forth in Part I of Exhibit D of such phase or

such part of such phase shall be extended by the period of such delay.

(c)  <u>Financing of the Region I Road and Highway Program</u>.  Subject to and in accordance with the provisions of Subsection 4 of this Section V, and subject to the provisions of Subsection (e) of this Subsection 2, upon annexation of the Territory to the City, the City shall, as promptly as practicable to comply with the completion schedules set forth in Part I of Exhibit D provide for the financing with special assessments, or otherwise as provided for in Subsection 4 of this Section V.

(d)  <u>Determination of Public and Private Benefit of the Region I Roads and Payment by Developers of Region I and other Benefited Owners of Private Benefit Portion of Net Costs of the Region I Roads</u>.

(i)  The City and the developers of Region I, based upon necessary investigations, and based upon the benefits generally to the City of the Region I roads, and the benefits which will accrue therefrom to the developers of Region I and to benefited owners of property outside Region I, have and do hereby determine and agree that for the purpose of determining special assessments and for other purposes

hereunder, the respective public and private
benefit portions of the net cost (as herein-
after defined) of the Region I roads (and
each phase and part of each phase, whether
or not initially or otherwise constructed with
two (2) or four (4) lanes, but excluding all
bridges and grade separations), whether now
or after the annexation of the Territory to
the City located within or outside of the
City, are and shall be as set forth in Part
I of Exhibit D.  Regardless of the method of
financing employed as provided for in Sub-
section 4 of this Section V, the public bene-
fit portion (determined in accordance with
the provisions of this Agreement) shall be
borne and paid for by the City, not only with
respect to those portions of the Region I
roads inside the City, but also with respect
to those portions outside the City.  The
private benefit portion (determined in accor-
dance with the provisions of this Agreement)
shall be borne and paid for by the record
owners of property located in Region I and
the record owners of property located outside
of Region I, to the extent that such respec-
tive owners benefit therefrom.

    (ii)  The provisions of this Subsection
2(d) shall be deemed binding upon the respective

-54-

record owners from time to time of real
property located inside the District or
located outside the District, and each sale,
conveyance or other transfer of any such
real property, whether within or without the
District, made at any time and from time to
time after the annexation date shall be deemed
subject to the provisions of this Subsection
2(d), and each transferee and grantee under
any such sale, conveyance or other transfer
shall be deemed to have consented and agreed
to and be bound by the said provisions; provided,
that the provisions of this Subsection 2(d)
shall not be deemed binding on any such trans-
feree or grantee or subsequent record owner
under any such sale, conveyance or other trans-
fer to the extent that the developers of Region
I or any such other seller, grantor or other
transferor (whether having theretofore acquired
the property to be transferred from such devel-
opers or others) shall expressly and specifi-
cally, in the agreement, deed or other instrument
effecting such sale, conveyance or other transfer,
agree to retain any of said obligations.  Except
only to the extent, if any, of such express and
specific retention of liability or obligations
by such developers or such other seller, grantor
or other transferor, such developers and each
such other seller, grantor or other transferor

shall, upon said sale, conveyance or other transfer, have no liability or obligations with respect to or under any of the provisions of this Subsection 2(d).

(e)  Payments by Developers of Region I for Certain Portions of the Region I Road and Highway Program. Pursuant to the provisions of Subsection 1(b) and Subsection 4 of this Section V, the City shall attempt to arrange special assessment or other financing of Phases I A, I C, II A, III A, IV A and V A of the Region I Road and Highway Program (hereinafter called the "Outside Phases"). If special assessment or other financing for all or any part of any Outside Phases cannot be provided in a manner satisfactory to Urban and to the City, Urban, on behalf of the developers of Region I, shall from time to time reimburse the City for all funds required to be paid by the City (i) for the preparation of plans and specifications for all or such part of the Outside Phases, (ii) for the acquisition of sites and rights-of-way for the construction of all or such part of the Outside Phases, and (iii) pursuant to contracts for the construction of all or such part of the Outside Phases. All funds received by the City pursuant to Subsection 1(c) of this Section V, or from the State, County or other governmental authorities which are intended to defray or are allocated by the City as reimbursement for any

part of the cost of the Outside Phases which shall
have been reimbursed to the City by Urban, shall
promptly be paid to Urban, which shall receive
such payments on behalf of the developers of Region
I.

    (f)  <u>Public Benefit Portion of Phase I of the
Region I Road and Highway Program</u>.  Upon completion
of Phase I of the Region I Road and Highway Program
(hereinafter called the "Phase I Program"), the
City agrees to review the question of whether any
portion of the Phase I Program net cost should be
borne by the City because of the public benefit
that will accrue to the City from the completion
of the Phase I Program.  It is understood that the
resolution of such question shall be within the
complete discretion of the City and that in such
resolution the City shall not be required to apply
the same considerations that have been used in
determining the respective public and private bene-
fit portions of the net cost of other phases of
the District Road and Highway Program as such re-
spective portions are reflected in Exhibit D.  Such
public benefit portion, if and as agreed upon, shall
be applied and/or paid, first, to reimburse the
developers of Region I and other record owners of
property which shall have benefited from the Phase
I Program for special assessments or other payments

theretofore paid by them, and the balance, if any, remaining, to reduce future payments or assessments or other payments required to be made by them.  To the extent that the City shall bear any share of the net cost of the Phase I Program pursuant to this Subsection (f), the City shall be entitled to a proportionate share of any net cost recaptured in accordance with Subsection 2(j) of this Section V, such share to be determined in accordance with Subsection 2(l) of this Section V as if the share of the net costs of the Phase I Program borne by the City were set forth in Exhibit D as a public benefit portion of the Phase I Program.

(g)  Dedication.

(i)  The rights-of-way now owned by the developers of Region I which are required for the Region I roads shall be dedicated by the developers of Region I to the City, Township, County or State, as in each case may be appropriate, without cost to the City, prior to commencement of actual construction of each phase of each respective road, provided, that with respect to the Phase II B and II C Program, the value of the land dedicated to the City by the developers of Region I for the Phase II B and II C Programs

-58-

(computed at a price of $10,000 per full acre and a proportional amount for fractions of acres) shall be included in the calculation of the net cost of the Phase II B and II C Programs and shall be credited against such developers' share of the private benefit portion of the net cost of the Phase II B and II C Programs.

(ii)  If the developers of Region I or any other record owners of real property in Region I shall sell, convey or otherwise transfer, at any time and from time to time after the annexation date, any real property located in the District or located outside the District, (y) which is owned by the developers of Region I as of the annexation date, and (z) which is necessary and required as of the date of such sale, conveyance or other transfer, under the alignments and other provisions hereof then in effect, for rights-of-way for any phase of any of the Region I roads, then such sale, conveyance or other transfer shall be made subject to the obligations of clause (i) next above of this Subsection 2(g).

(h)  Acquisition of other Land for Region I Roads. In accordance with Subsection 2(a)(ii) of this Section V, the City agrees to acquire all land not owned by the City or by the developers of Region I and required

for any phase of the Region I roads, either by purchase
or condemnation (where condemnation is legally avail-
able to the City).  Lands to be acquired that are out-
side the City and noncontiguous thereto shall be
acquired by the City through the governmental authority
having jurisdiction pursuant to Section 10 of Article
VII of the Constitution of the State of Illinois.

(i)  Cost and Net Cost.  The "cost" of each of
the Region I roads, and each phase and part thereof,
is defined as all direct and directly allocable
expenses and costs of the City for construction,
including construction costs, engineering, legal,
the facilities described and listed in Subsection
1(e) of this Section V, and acquisition of property
for right-of-way (excluding, subject to the provisions
of Subsection 2(g)(i) of this Section V which are
applicable to the Phase II B and II C Programs, the
cost of all rights-of-way and other property owned on
the annexation date by the developers of Region I or
by the City and necessary for the construction and
completion of the Region I roads, the cost of bridges
and grade separations and the additional cost of over-
sizing storm drainage facilities as provided for in
Subsection 1(e) of this Section V).  The "net cost" of
each of the Region I roads, and each phase and part
thereof, is defined as the cost (as defined in the
next preceding sentence) less the funds received from
the State, County, federal government and other govern-
mental authorities and designated for such Region I
road, or any part or phase thereof, but not including

any share of the City in State motor fuel tax funds
and not including any funds referred to in the
immediately following paragraph of this Subsection (i)
which are received by the developers of Region I.

Subject to, and not in limitation of, the pro-
visions of Subsection 2(g)(i) of this Section V, to the
extent, if any, that the developers of Region I receive
any funds from the State, County, federal government or
any other governmental authority other than the City, for
any of the said rights-of-way or other property owned on
the annexation date by the developers of Region I and
necessary for the construction and completion of such
respective Region I road, or a phase or a part of a phase
thereof, forty percent (40%) of such amount so received
shall be paid to the City promptly after the receipt
thereof by the developers of Region I.  Such payments to
the City by the developers of Region I shall not reduce
the net cost of such Region I road, phase or part of the
phase involved for any of the purposes or provisions of
this Agreement.

(j)  Governmental Grants and Assistance.  The
City and the developers of the District, as provided
for in Subsection 1(b) of this Section V, shall
cooperate with each other and use their best efforts
to obtain from the State, County, Township, federal
government and other governmental authorities financial
or other forms of assistance for the construction of
the Region I roads.

-61-

(k)  <u>Future Annexations</u>.  As provided for in Subsection 1(c) of this Section V, and subject to the limitations of the provisions of Subsection 4 of this Section V, the City shall obtain, as a condition to annexation of properties benefited by the Region I roads, an agreement from the record owners of said property so to be annexed to contribute to the net cost of such roads.

(1)  <u>Recapture of Costs</u>.

(i)  All costs recaptured by or through the City in any manner, from the State, County, federal government or other governmental authori- ties, which are intended to defray or reimburse for any of the cost of any phase or part of any Region I roads shall be divided between the City's share (public benefit) of the cost and the devel- opers' and record owners' share (private benefit) of the said cost as said public and private bene- fit are set forth in Exhibit D.  The developers' and record owners' share of each such amount received by or through the City shall be applied and/or paid, (as provided for in Subsection 1(c) of this Section V) first, to reimburse such developers and owners for special assessments or other payments theretofore paid by them, and the balance, if any, remaining, to reduce future

payments of assessments or other payments required
to be made by them.  All of such costs recaptured
other than from the sources stated in the
immediately preceding sentence, including, with-
out limitation, recaptures from future annexations,
shall be applicable only to the developers' and
record owners' share, and shall be paid and
applied as provided in the immediately preceding
sentence.

(ii)  All payments to be made hereunder to
the developers and other owners of record of
property located in Region I shall be made by
the City to Urban, which shall receive such
payments on behalf of said developers and owners
of record of property in Region I.

(m)  <u>General Provisions as to Scheduling and
Alignment</u>.

(i)  The developers of Region I and the City
agree to meet at least annually to review the
status of the District Road and Highway Program
as it pertains to Region I roads, and to make
amendments and changes with respect to provisions
of this Subsection 2 relating to the Region I
roads, as conditions and the nature and progress
of the development of the District and of Region

I from time to time warrant and indicate, and
as shall be mutually agreed upon between the City
and the developers of Region I.

(ii)  The City and the developers of Region I
agree that the location and alignment of the
Region I roads and the phases thereof (as shown
in the land use plan which is included in Part
Three of the Plan Description, and as described
in Part I of Exhibit D) may require changes
from time to time in order to serve the best
interests and meet the needs and requirements
of the City generally and of such developers.
Accordingly, it is agreed that Urban, with respect
to the Region I roads, may, at any time prior to
the City's having prepared plans or having taken
any other substantial action required in connection
with the start of construction, change the location
and alignment of any phase of any such road by
written notice to the City; provided that such
changes in alignment and location to the extent
that they are within the City shall meet with the
approval of the City, which approval shall not be
unreasonably withheld.

3.  <u>Region II Road and Highway Program</u>.  Without
limiting the provisions of Subsections 1 and 4 of this Section
V, the following provisions shall apply to those portions of

the District Road and Highway Program described in Part II
and Part III of Exhibit D and shown on the land use plan
included in Part Three of the Plan Description, and therein
and herein designated as the "Region II Road and Highway
Program," and herein sometimes designated as the "Region II
roads," it being understood that after the annexation of the
Territory to the City portions of said Region II roads will
be within the City and portions will not be within the City:

    (a)  <u>General Provisions</u>.  The City agrees that
when constructed the Region II roads will be of bene-
fit to the City generally.  Upon the annexation of
the Territory to the City, the City agrees to con-
struct or cause to be constructed and to complete or
cause to be completed the Region II roads, subject
to and in accordance with the provisions of this Sec-
tion V and Exhibit D.  Upon the annexation of the
Territory to the City, the City shall, as promptly
as necessary to comply with the completion dates set
forth in Part II and Part III of Exhibit D, as modi-
fied under the provisions of Subsection 3(j) of this
Section V:

    (i)  Cause plans and specifications to
be completed for the Region II Road and Highway
Program, which plans and specifications shall
conform to and comply with applicable specifica-
tions of all appropriate governmental authorities.

(ii)  Acquire by purchase or, if necessary,
by condemnation (where condemnation is legally
available to the City) all properties and
rights-of-way not owned by the developers of
Region II or by the City and necessary to com-
plete the Region II Road and Highway Program.

(iii)  Obtain from State, County or other
governmental authorities all licenses, approvals,
permits and consents which are necessary to com-
plete the Region II Road and Highway Program.

(iv)  Publish, take bids, and award bids to
and contract with the lowest qualified bidders
for the construction of the Region II Road and
Highway Program.

(b)  Delays.  If any delay in completing any phase
or part of a phase of any Region II road results from
(i) a cause beyond the reasonable control of the City
(e.g., delays beyond the reasonable control of the City
with respect to the acquisition of required rights-of-way,
or with respect to required special assessment proceed-
ings, notwithstanding the City's having exercised due
diligence to initiate, proceed and complete the same
promptly), (ii) an act of the developers of Region
II or (iii) a delay mutually agreed upon between the
City and the developers of Region II, then the com-
pletion date set forth in Parts II and III of Exhibit

D of such phase or such part of such phase (subject
to changes of such completion date under the provisions
of Subsection 3(j) of this Section V) shall be
extended by the period of such delay.

(c)  Determination of Public and Private Benefit
of Region II Roads and Payment by Developers of Region
II and other Benefited Owners of Private Benefit Portion
of Net Costs of Region II Roads.

(i)  The City and the developers of Region II,
based upon necessary investigations, and based
upon the benefits generally to the City of the
Region II roads, and the benefits which will accrue
from the Region II roads to the developers of and
other benefited owners in Region II and to benefited
owners of property outside Region II, have and do
hereby determine and agree that for the purpose of
determining special assessments and for other pur-
poses hereunder, the respective public and private
benefit portions of the net cost (as hereinafter
defined) of the Region II roads (and each phase
and part thereof, whether or not initially or other-
wise constructed with two (2) or four (4) lanes,
but excluding all bridges and grade separations),
whether now or after the annexation of the Terri-
tory to the City located within or outside of the
City, are and shall be as set forth in Part II and
Part III of Exhibit D.  Regardless of the method

of financing employed as provided for in Subsection
4 of this Section V, the public benefit portion
(determined in accordance with the provisions of
this Agreement) shall be borne and paid for by
the City, not only with respect to those portions
of the Region II roads inside the City, but
also with respect to those portions outside
the City.  The private benefit portion (deter-
mined in accordance with the provisions of this
Agreement) shall be borne and paid for by the
record owners of property located in Region II
and the record owners of property located outside
of Region II, to the extent that such respective
record owners benefit therefrom.

(ii)  The provisions of this Subsection 3(c)
shall be deemed binding upon the respective record
owners from time to time of real property located
inside the District or located outside the District,
and each sale, conveyance or other transfer of any
such real property, whether within or without the
District, made at any time and from time to time
after the annexation date shall be deemed subject
to the provisions of this Subsection 3(c), and each
transferee and grantee under any such sale, convey-
ance or other transfer shall be deemed to have
consented and agreed to and be bound by the said
provisions; provided, that the provisions of this
Subsection 3(c) shall not be deemed binding on any

such transferee or grantee or subsequent record
owner under any such sale, conveyance or other
transfer to the extent that the developers of Region
II or any such other seller, grantor or other
transferor (whether having theretofore acquired
the property to be transferred from such devel-
opers or others) shall expressly and specifically,
in the agreement, deed or other instrument effect-
ing such sale, conveyance or other transfer, agree
to retain any of said obligations.  Except only
to the extent, if any, of such express and specific
retention of liability or obligations by such
developers or such other seller, grantor or other
transferor, such developers and each such other
seller, grantor or other transferor shall, upon
said sale, conveyance or other transfer, have no
liability or obligations with respect to or under
any of the provisions of this Subsection 3(c).

(d)    Dedication.

(i)    The rights-of-way now owned by the
developers of Region II required for the pri-
ority roads (as hereinafter defined) shall be
dedicated by the developers of Region II to
the City, Township, County or State, as in
each case may be appropriate, without cost to
the City, prior to commencement of actual

construction of each phase of each such re-
spective road.  The rights-of-way now owned
by the developers of Region II required for
the twenty-year roads (as hereinafter defined)
shall be so dedicated, without cost to the
City, when the developers of Region II
elect, provided such dedications shall be
made in no event later than the start of
construction of each phase of each such
respective road.

(ii)  If the developers of Region II or any
other record owners of real property in Region II
shall sell, convey or otherwise transfer, at any
time and from time to time after the annexation
date, any real property located in the District
or located outside the District, (y) which is
owned by the developers of Region II as of the
annexation date, and (z) which is necessary
and required as of the date of such sale, con-
veyance or other transfer, under the alignments
and other provisions hereof then in effect, for
rights-of-way for any phase of any of the Region
II roads, then each such sale, conveyance or other
transfer shall be made subject to the obligations
of clause (i) next above of this Subsection 3(d).

(e)  <u>Acquisition of other Land for Region II Roads</u>.
In accordance with Subsection 3(a)(ii) of this Section V,

the City agrees to acquire all land not owned by the
City or by the developers of Region II and required for
any phase of the Region II roads, either by purchase or
condemnation (where condemnation is legally available to
the City).  Lands to be acquired that are outside the
City and noncontiguous thereto shall be acquired by the
City through the governmental authority having juris-
diction pursuant to Section 10 of Article VII of the
Constitution of the State of Illinois.

    (f)  <u>Cost and Net Cost</u>.  The "cost" of each of
the Region II roads, and each phase and part thereof,
is defined as all direct and directly allocable expen-
ses and costs of the City for construction, including
construction costs, engineering, legal, the facilities
described and listed in Subsection 1(e) of this Section
V, and acquisition of property for rights-of-way (ex-
cluding the cost of all rights-of-way and other prop-
erty owned on the annexation date by the developers
of Region II or by the City and necessary for the con-
struction and completion of the Region II roads, the
cost of bridges and grade separations and the additional
cost of oversizing storm drainage facilities as provided
for in Subsection 1(e) of this Section V).  The "net cost"
of each of the Region II roads, and each phase and part
thereof, is defined as the cost (as defined in the next
preceding sentence) less the funds received from the
State, County, federal government and other governmental
authorities and designated for such Region II road, or

-71-

any part or phase thereof, but not including any share
of the City in State motor fuel tax funds and not includ-
ing any funds referred to in the immediately following
paragraph of this Subsection (f) which are received by
the developers of Region II.

To the extent, if any, that the developers of
Region II receive any funds from the State, County, federal
government or any other governmental authority other than
the City, for any of the said rights-of-way or other pro-
perty owned on the annexation date by the developers of
Region II and necessary for the construction and completion
of such respective Region II road, or a phase or a part of
a phase thereof, forty percent (40%) of such amount so
received shall be paid to the City promptly after the
receipt thereof by the developers of Region II.  Such pay-
ments to the City by the developers of Region II shall not
reduce the net cost of such Region II road, phase or part
of the phase involved for any of the purposes or provisions
of this Agreement.

(g)  <u>Governmental Grants and Assistance</u>.  The City
and the developers and the record owners of the District,
as provided for in Subsection 1(b) hereof, shall cooper-
ate with each other and use their best efforts to obtain
from the State, County, Township, federal government
and other governmental authorities financial or other
forms of assistance for the construction of the Region
II roads.

(h)  <u>Future Annexations</u>.  As provided for in Sub-
section 1(c) of this Section V, and subject to the

limitations of the provisions of Subsection 4 of this Section V, the City shall obtain, as a condition to annexation of properties benefited by the Region II roads or any phase or part thereof, an agreement from the record owners of said property so to be annexed to contribute to the net cost of such roads.

(i)  Recapture of Costs.

(i)  All costs recaptured by or through the City in any manner, from the State, County, federal government or other governmental authorities, which are intended to defray or reimburse for any of the cost of any phase or part of any Region II roads shall be divided between the City's share (public benefit) of the cost and the developers' and record owners' share (private benefit) of said cost as said public and private benefit are set forth in Exhibit D.  The developers' and record owners' share of each such amount received by or through the City shall be applied and/or paid, (as provided for in Subsection 1(c) of this Section V) first, to reimburse such developers and record owners for special assessments or other payments theretofore paid by them, and the balance, if any, remaining, to reduce future payments of assessments or other payments required to be made by them.  All of such costs recaptured other than from the sources stated in the immediately preceding sentence, including, without limitation, recaptures from future annexations,

shall be applicable only to the developers' and
record owners' share, and shall be paid and applied
as provided in the immmediately preceding sentence.

(ii)  All payments to be made hereunder to
the developers and other owners of record of prop-
erty located in Region II shall be made by the
City to Metropolitan Crown, which shall receive
such payments on behalf of said developers and
other owners of record of property in Region II.

(j)  <u>Schedule of Completion for Priority Roads
and Twenty-Year Roads</u>.

<u>Priority Roads</u>

(i)  The roads of Region II and the phases of
such roads are designated on Exhibit D as "priority
roads" (Part II) and "twenty-year roads" (Part III).
The word "construction" as used in this Subsection
3(j) with respect to the construction of each phase
of the roads shall mean and include each and all
of the acts and matters necessary and required to
complete the physical installation of such phase of
such roads, including, without limitation, each and
all of the following:  preparation and completion
of required final and detailed plans and specifica-
tions, the acquisition of all necessary rights-of-way
and property, the obtaining of all necessary State,

County and other governmental licenses, approvals, permits and consents, the giving of required notices, the passing of a required ordinance and the taking of all other required steps and action to institute and prosecute special assessment proceedings where special assessment financing is to be used, the advertising for and taking of bids, the awarding and entering into of the contract(s) covering the physical installation and construction of the phase of the road, and the actual physical installation, construction and completion of the phase of the road. The City shall, not more than ninety (90) and not less than sixty (60) days prior to the start of final and detailed plans and specifications for each phase of each priority road and of each twenty-year road, give written notice to Metropolitan Crown of such proposed start, with reasonable detail with respect thereto (which notice is herein sometimes referred to as "Notice of Start of Construction"). (The period ending sixty (60) days after the receipt by Metropolitan Crown of such Notice of Start of Construction is herein sometimes referred to as "Expiration Date of Notice of Start of Construction.")

(ii)  Construction of each phase of the priority roads shall commence and be completed

as soon as practicable after the annexation of the
Territory to the City, but in no event shall the
completion be later than the respective completion
dates set forth in Exhibit D, except as modified
under the provisions of this Subsection 3(j), and
except as provided for in Subsection 3(b) of this
Section V.

(iii)  Metropolitan Crown may defer the
start of construction of any phase of any priority
road for a period aggregating not to exceed three
(3) years, by written notice to the City, given by
Metropolitan Crown to the City prior to the Expira-
tion Date of Notice of Start of Construction.  The
time for completion of any deferred phase of a
road shall be postponed by the period of such
deferral.  In addition, at any time, but prior
to Expiration Date of Notice of Start of Con-
struction, Metropolitan Crown shall have the
right, by written notice to the City:  (y) to
advance the date of commencement of a phase
of a priority road as described in said Exhibit
D, or as may theretofore have been deferred as
above provided, and, in such case, the time for
completion of such advanced phase shall be ad-
vanced by the period of such advance, or (z) to
designate as and change a phase of a priority
road to a phase of a twenty-year road.  Subject

-76-

to the provisions of the immediately three (3) preceding sentences, the notices to the City provided for in the said preceding sentences shall also state the times of commencement and completion of construction of the said (y) advanced and deferred phases, and (z) changed phases.

(iv)  The cross sections of the four-lane Region II roads designated and described in Part II of Exhibit D shall be constructed as therein designated, unless the respective cross section is agreed to be otherwise constructed pursuant to the mutual agreement of the City and the developers of Region II.

Twenty-Year Roads

(v)  Part III of Exhibit D sets forth the various phases of the roads comprising the twenty year roads, and the estimated times for the commencement and completion thereof.

(vi)  Notwithstanding the estimated times for commencement and completion set forth in Exhibit D with respect to the phases of the twenty-year roads, it is agreed that the City and the developers of Region II shall be required to mutually agree upon the times for the

-77-

commencement and completion of each phase of each twenty-year road.

(vii)  At any time prior to the later of the Expiration Date of the Notice of Start of Con-struction or the date mutually agreed upon as aforesaid for commencement, Metropolitan Crown shall have the right, by written notice to the City, to transfer to and designate a phase of a twenty-year road as a phase of a priority road, provided, that simultaneously therewith a phase of a priority road shall be transferred to and desig-nated as a phase of a twenty-year road, and, pro-vided further, that the then estimated cost of such transferred priority road phase shall be ap-proximately equal to the then estimated cost of construction of the twenty-year road phase so transferred and designated as a phase of a priority road.  The said notice of transfer and change of designation shall state the respective dates of commencement of construction and completion of said transferred phases, but in no event shall the re-spective periods required for the construction of such transferred phases be less than those pre-viously provided therefor in said Exhibit D.

(viii)  Notwithstanding any provision in clauses (v) through (vii) next above, or elsewhere