IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FRACHEY, NANCY MALONEY, | ) | |
| SOCORRO NIETO, CHAD FLOLO, | ) | |
| NATALIE FLOLO, CHARLES | ) | |
| AMANING, and FOX VALLEY | ) | |
| FAMILIES AGAINST PLANNED | ) | |
| PARENTHOOD, an Unincorporated | ) | |
| Association, | ) | Case No. 08 C 1148 |
| | ) | |
| Plaintiffs, | ) | Judge Norgle |
| | ) | |
| v. | ) | Jury Demanded |
| | ) | |
| PLANNED PARENTHOOD/CHICAGO | ) | |
| AREA, an Illinois Not-for-Profit | ) | |
| Corporation, STEVEN TROMBLEY, | ) | |
| GEMINI OFFICE DEVELOPMENT, LLC, | ) | |
| An Illinois Limited Liability Corporation, | ) | |
| 21ST CENTURY OFFICE | ) | |
| DEVELOPMENT, LLC, an Illinois Limited | ) | |
| Liability Corporation, CITY OF AURORA, | ) | |
| A Home-Rule Municipal Corporation, | ) | |
| ZONING BOARD OF APPEALS FOR | ) | |
| THE CITY OF AURORA, ED SIEBEN, | ) | |
| THOMAS WEISNER, | ) | |
| HERMAN BENEKE, | ) | |
| PLANNING & DEVELOPMENT | ) | |
| COMMITTEE OF THE CITY OF | ) | |
| AURORA, PLANNING COMMISSION | ) | |
| OF THE CITY OF AURORA, and | ) | |
| BUILDING CODE BOARD OF APPEALS | ) | |
| OF AURORA, | ) | |
| | ) | |
| Defendants. | ) | |

PLAINTIFFS' RESPONSE TO THE CITY OF
AURORA'S MOTION TO DISMISS AND MOTION FOR STAY OF
CONSIDERATION OF FEDERAL CLAIMS AND REMAND OF STATE CLAIMS TO
CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT

1

Preliminary

Defendant, the City of Aurora, removed this case – an administrative review and

zoning case – from the Circuit Court for the Eighteenth Judicial Circuit, DuPage County,

Illinois, where plaintiffs had filed it, to this Court.  Removal was based on plaintiffs'

having alleged several federal civil rights and constitutional claims against the city

(Complaint for Administrative Review and Other Relief, "Compl.," Ct. III, 42 U.S.C.

§1983, 14th amendment deprivation of liberty and property without due process; and Ct.

VI, 42 U.S.C. §1983, 14th amendment deprivation of equal protection of the laws).

Plaintiffs also had filed state law claims, including claims for administrative review under

Illinois law (Compl., Cts. I & II), claims for redress of violations of the Illinois state

constitution (*id.,* Ct. IV & VII), and claims for redress of violations of the Illinois

Municipal Code (*id.,* Ct. V & VIII).

Now the city of Aurora has moved to dismiss not only the federal claims but also

all the state law claims asserted against it, with prejudice, urging that the complaint fails

to state a claim on which any relief can be granted, pursuant to Fed.R.Civ.Proc. 12(b)(6).

Defendant's motion to dismiss is meritless.  Plaintiffs' underlying claims are

manifestly substantial and meritorious.  Plaintiffs are asking this Court for leave to amend

their complaint so as to articulate their legal claims with better clarity and precision, but

they respectfully submit that – even as pled thus far – plaintiffs' claims have been set

forth in sufficient detail to give the city fair and ample notice as to what their claims are

and on what grounds they rest.  Moreover, plaintiffs' right to relief, far from merely

"speculative," is entirely plausible and evident.

Plaintiffs now move, however, that this Court defer ruling on the merit or demerit

of their federal constitutional claims, as an adjudication of those claims may never prove

necessary.  Rather, plaintiffs move that the Court – in the exercise of its discretion – stay

further proceedings on those federal constitutional claims and in the interest of "Our

Federalism" that it remand plaintiffs' state law claims back to DuPage County Circuit

Court, pursuant to the federal doctrine of equitable abstention.  The applicable tests for

federal abstention are clearly met here, as the plaintiffs' state law claims pose a number

of clearly unsettled, uncertain and unresolved issues of Illinois law that it would be better

for the Illinois state courts to resolve.  Moreover, the resolution of those state law issues

might well avoid any need for federal constitutional adjudication, and dispose of the

entire litigation.

In the alternative, plaintiffs move that the Court grant them leave to effect a

voluntary dismissal of their federal constitutional claims, without prejudice to raising

those claims later on, in the event that plaintiffs cannot obtain relief through adjudication

of their statutory and constitutional claims under state law.  That too should result in the

remand of this litigation to the state courts, as the predicate for exercise of federal subject

matter jurisdiction would be absent.

I.     PLAINTIFFS HAVE PLED SUFFICIENT DETAILS TO GIVE THE CITY OF
       AURORA FAIR NOTICE OF THEIR CLAIMS AND THE GROUNDS ON
       WHICH THOSE CLAIMS REST.  PLAINTIFFS THUS HAVE PLED A
       PLAUSIBLE RIGHT TO RELIEF.

The facts that are detailed in plaintiffs' pleading spell out the commission of

blatant fraud on plaintiffs and other citizens of Aurora.  As alleged in paragraph 16 of

plaintiffs' original complaint, under the subheading, "PLAINTIFFS' RIGHTS HAVE

BEEN VIOLATED," it was alleged that, "Planned Parenthood developed, built, and

currently operates a charitable, educational, health-related non-pecuniary facility which

[is] in breach of an entire litany of provisions of the Aurora Zoning Ordinance" (Compl.,

¶16, p. 4).  Further, plaintiffs alleged that the plaintiffs were "deprived of legally required

notice and an opportunity to be heard at a meaningful time and in a meaningful manner in

opposition to" this illegal development in their neighborhood and environs (*id.,* ¶17).

Moreover, the civic officials of Aurora failed and/or refused to "enforce the applicable

laws against this illicit development, construction and tax-exempt operation on the same

terms as they enforce those laws against all other similarly-situated citizens of Aurora

and DuPage County."

The complaint details that the development of the "Planned Parenthood

defendants" (Planned Parenthood / Chicago Area, Gemini Office Development, 21st

Century Office Development, and Steven Trombley) is in a "B-B Business Boulevard

District," and yet its current land use is actually *prohibited* in that district!  (Compl., IV.,

A., ¶21, *et seq.*)

The complaint also details numerous and varied instances showing a course of

arbitrary and irrational conduct by the City of Aurora and its officials in violating and

ignoring its zoning laws in granting approvals for permits and plans for the facility. (E.g.,

Compl., ¶¶ 67, 74-76, 81-84, 86-88, 90-92, 106.)  The requirement under substantive due

process analysis of inadequacy of state remedies cannot be determined without testing

those remedies, as plaintiffs urge herein. *Burnham Prairie Homes v. Village of Burnham*,

910 F.2d 1474, 1481 (7th Cir. 1990) ("in addition to alleging that the decision was

arbitrary and irrational, 'the plaintiff must also show either a separate constitutional

violation or the inadequacy of state law remedies.'").

Moreover, the City of Aurora effected these violations – including violations that wrought "major changes" to the zoning of the area and overturned the time limit for development of the property lawfully imposed by city ordinance – all in manifest derogation of plaintiffs' property rights, without meaningful notice and hearing guaranteed by procedural due process under the Illinois and United States constitutions. (E.g., Compl., ¶¶80-87, 92-94) "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950); *see Mathews v. Eldridge*, 424 U.S. 319, 333, 47 L. Ed. 2d 18, 96 S. Ct. 893 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965)).

In addition to detailing the irrational conduct of defendant City of Aurora in the instant case, plaintiffs' have asserted and intend to prove that, unlike its treatment of the subject property, the City of Aurora regularly applies its zoning laws to others similarly situated, requiring special use petitions, variances, and rezoning ordinances where required under the Aurora Zoning Ordinance. (E.g., Compl., ¶17) *McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir. 2004) ("A class of one equal protection claim may be brought where (1) the plaintiff alleges that he has been intentionally treated differently from others similarly situated and (2) that there is no rational basis for the

5

difference in treatment or the cause of the differential treatment is a 'totally illegitimate

animus' toward the plaintiff by the defendant.").

       A.  Illinois Courts Hold That Due Process Rights Must Be Respected in the
           Zoning Decisions of Municipalities.

Interestingly, defendant City of Aurora has cited no Illinois state court zoning

cases in its arguments.  Illinois state courts have concurrent jurisdiction over 42 USC §

1983 claims, and since Illinois state courts – such as the 18th Judicial Circuit Court of

DuPage County – are the primary venue for zoning lawsuits, those courts have a

developed jurisprudence applying due process protections to the fact-patterns particular

to Illinois municipalities and plaintiffs.

First, the Illinois courts have recognized that neighboring landowners in a zoning

matter possess a protectible property right for due process purposes.  *People ex rel.*

*Klaren v. Village of Lisle*, 202 Ill. 2d 164; 781 N.E.2d 223 (2002).  Moreover, the Illinois

Supreme Court in *Klaren* held that "municipal bodies act in administrative or quasi-

judicial capacities when those bodies conduct zoning hearings concerning a special use

petition." 202 Ill. 2d at 183.  The court in *Klaren* held that, with regard to the due process

rights of neighboring landowners,

> The reasons for classifying zoning hearings that deal with special use
> applications as administrative or quasi-judicial are manifest. In these
> hearings, the property rights of the interested parties are at issue.  The
> municipal body acts in a fact-finding capacity to decide disputed
> adjudicative facts based upon evidence adduced at the hearing and
> ultimately determines the relative rights of the interested parties.  As a
> result, those parties must be afforded the due process rights normally
> granted to individuals whose property rights are at stake. 202 Ill. 2d at
> 184.

Plaintiffs have adequately detailed incidents where, without meaningful notice

and hearing to the plaintiffs, the relevant Aurora panel – the Plan Council, Planning

Commission, and/or Planning & Development Committee – "acts in a fact-finding capacity to decide disputed adjudicative facts based upon evidence adduced at the hearing and ultimately determines the relative rights of the interested parties." 202 Ill. 2d at 183. E.g., *Complaint* at ¶¶ 70-76, 89-92.

> B. Defendant City of Aurora's Cited Cases Support Findings of Lack of Due Process and That Federal Claims Should Be Stayed Pending Adjudication of State Claims.

Defendant City of Aurora's own lead case, *Pro-Eco, Inc., v. Board of Commissioners of Jay County, Indiana*, 57 F.3d 505, 513, explicitly recognizes that lack of notice and hearing implicates constitutional due process rights. Unlike plaintiffs here who complain in their Count III of deprivations of due process rights guaranteed *by the constitution*, Pro-Eco complained that it did not have the specific notice and hearing required *by state statutes*. Importantly, Pro-Eco was actually provided notice and an opportunity to be heard before a legislative – not administrative as in this case – decision was made impacting its property rights. *Id.* Defendant City of Aurora's other cited cases similarly address claims of violations of state law, not claims of violations of due process rights. *Motion to Dismiss*, at 6 (e.g., *Indiana Land Company*, "error of state law;" *Mercatus Group LLC*, "violations of state law").

The issue before the court in *Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926 (7th Cir. 2005), was whether the two-year statute of limitations for bringing § 1983 claims in Indiana had run. In that matter, an Indiana appellate court *actually ruled that Hobart violated the federal due process and equal protection rights* of Behavioral Institute – however, without excuse, Behavioral Institute did not assert a § 1983 claim in its state case. 406 F.3d at 930, 932.

Interestingly, the *Behavioral Institute* court noted that an "abstention argument might have traction in response to a defendant's motion to remove to federal court," 406 F.3d at 932, in response to the argument that "the question of due process in variance proceedings … was a 'difficult question of state law,' the federal answer to which could disrupt Indiana's efforts to establish a 'coherent policy' with respect to land use." 406 F.3d at 931-932.  In the instant case, where Illinois courts continue to elucidate due process rights in the zoning context – particularly in light of the relatively-new Illinois due process statute, 65 ILCS 5/11-13-25(b) – abstention is appropriate.

Finally, defendant City of Aurora cites this court's decision in *Standard Bank & Trust Company v. Village of Orland Hills*, 891 F. Supp. 446 (N.D. Ill. 1995).  In pertinent part, Standard Bank & Trust challenged the *legislative* action by the Village of Orland Hills on procedural due process grounds.  Distinguishing legislative decisions from adjudicative decisions, this court held that "The Constitution does not require legislatures to use adjudicative-type procedures." 891 F. Supp. at 451 (quoting *Coniston v. Village of Hoffman Estates*, 844 F.2d 461, 468 (7th Cir. 1988)).  In the case at bar, the decisions and panels at issue have been recognized as quasi-judicial administrative decisionmakers, as noted above.  Finally, in *Standard Bank & Trust*, this court itself urged zoning plaintiffs to "seek review in an Illinois court under Illinois common law." 891 F. Supp. at 451. This case should be remanded to the circuit court to allow plaintiffs to test its state remedies through an on-the-merits review – a review that plaintiffs have been denied up to this point.

      C.   Defendant City of Aurora Cannot Provide an Adequate Basis for Its Irrational Actions Sufficient to Bar Plaintiffs' Equal Protection Claim at This Early Stage of Pleading.

Defendant City of Aurora posits that a "rational basis for classification" may be drawn from the Planned Parenthood defendants' "alleged machinations."  However, as alleged in the Complaint, defendant City of Aurora knew the details of these machinations but continued to make operative decisions abrogating plaintiffs' rights – and still has not made any attempt to remedy the resultant harm to its citizenry. E.g., Compl., ¶¶ 107-110.

In discovery, more facts will come forth.  For example, in the earlier lawsuit heard by this court on this subject property, *Planned Parenthood Chicago Area v. City of Aurora*, 07 C 5181, Planned Parenthood alleged that at least one high-ranking City of Aurora official knew of Planned Parenthood's intent to use and occupy in February, 2007.  Supplemental Declaration of Steve Trombley, ¶ 10, Exhibit 2.

As will also be further elucidated through discovery, the City's own investigation was unexpectedly terminated with a surprise "all clear" announcement on October 1, 2007, after purported full review by three attorneys, none of whom even properly identified the correct zoning ordinance, Aurora Ordinance O93-124, that governed the property.

These facts and others raise "above the speculative level" the claim that defendant City of Aurora had no "reasonably conceivable state of facts that could provide a rational basis" for its action and "no sound reason for the action." *Bell Atlantic Corporation v. Twombley*, 127 S.Ct. 195, 1965 (2007).  *Lauth v. McCollum*, 424 F.3d 631, 634 (7th Cir. 2005) (quoting *Board of Trustees v. Garrett*, 531 U.S. 356, 367 121 S.Ct. 955 (2001)).

II.   PLAINTIFFS' CLAIMS FOR RELIEF UNDER STATE LAW ARE FRAUGHT
      WITH UNCERTAIN, UNSETTLED AND UNRESOLVED ISSUES WHOSE
      RESOLUTION IN STATE COURT COULD AVERT ANY NEED TO
      RESOLVE FEDERAL CONSTITUTIONAL ISSUES.

The instant case involves interpretation of state and local laws involving zoning and on the application of those laws to the facts at issue herein. A substantial number of the laws at issue have not been construed by the Illinois courts – and most have not been construed by the Illinois Supreme Court. Moreover, rights under the Illinois Constitution are implicated based on the conduct of the defendants, whether in deprivation of property and rights springing from state and local laws or in unequal application of state and local laws.

Abstention under both *Pullman* and *Burford* recommends itself in the instant case. *Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S. Ct. 643, 85 L. Ed. 971 (1941). *Burford v. Sun Oil Co.*, 319 U.S. 315, 87 L. Ed. 1424, 63 S. Ct. 1098 (1943). The Court of Appeals for the Seventh Circuit outlined the standards for application of Pullman and Burford abstention in a zoning matter in *International College of Surgeons v. City of Chicago*, 153 F.3d 356 (7th Cir. 1998).

> A. This Court Should Abstain Under *Burford* From Deciding the Difficult Questions of State Law Bearing on Zoning Issues that Transcend the Current Case.

First, abstention under *Burford* and its progeny requires that "federal courts should abstain from deciding 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" 153 F.3d at 362 (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27, 135 L. Ed. 2d 1, 116 S. Ct. 1712 (1996) (*quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361, 105 L. Ed. 2d 298, 109 S. Ct. 2506 (1989) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976))). The instant matter implicates numerous never-

interpreted local ordinances – adopted under Aurora's constitutional home rule authority

to govern concurrent with the state legislature; a conflict of law raised in a zoning board

hearing between an Aurora rule passed pursuant to home rule ordinance and a state

statute; conflicts of law between Aurora's own Zoning Ordinance and Building Code;

due process guarantees identified and protected by Illinois courts in the zoning context; a

relatively new and apparently never-interpreted Illinois statute extending due process to

"all stages" of zoning decisions; an administrative review action under state statute, and

an administrative review action under Illinois common law.  The interpretation,

application, and adjudication of these issues may very likely transcend this matter to

impact the zoning regime of the City of Aurora – the second largest city in Illinois – and

to other municipalities' zoning regimes, particularly home rule ones.

First, the instant case implicates the procedures governing a unique feature of

Aurora zoning law – the Planned Development District ("PDD").  The PDD is not a mere

special use, but an entirely new zoning district with its own rules and procedures – the

PDD concept is not common among Illinois municipalities.

Next, one of the disputed issues in the case is the definition and application of the

Aurora Zoning Ordinance use category, "Social service agencies, charitable

organizations, health-related facilities, meeting halls and similar uses when not operated

for pecuniary profit."  A whole host of other ordinances are also at stake in this litigation,

including certain zoning ordinance provisions that may conflict with building code

provisions.  The interpretations of these ordinances may have profound and far-reaching

impact on the zoning regime of Aurora, which is now the second largest city in Illinois.

These interpretations may arise in either the private zoning enforcement action against

11

the Planned Parenthood defendants under the Illinois Municipal Code or in the two

pending administrative actions against the City of Aurora.

Next, as alluded to in the Complaint, the Aurora Zoning Board of Appeals held

that one of its rules, passed pursuant to home rule ordinance, was pre-empted by state

statute.  Compl. ¶ 112.  However, under the Illinois Constitution's grant of home rule

power, Aurora has concurrent jurisdiction to the state legislature in zoning matters.

Deciding this issue may have far-reaching impact about the conflict of laws between state

statute and Illinois home rule municipality ordinances.

Further, plaintiffs believe that the meaning of a recently-adopted Illinois statute

guaranteeing that "[t]he principles of substantive and procedural due process apply at all

stages of the decision-making and review of all zoning decisions" may be challenged by

defendants.  65 ILCS 5/11-13-25(b).  Plaintiffs know of no Illinois court decision that

construes this new statute's section (b), and plaintiffs know of no Illinois Supreme Court

decision construing any section of the new statute.  The Illinois Constitution includes

similar due process protections to the United States Constitution, but it has been noted by

at least one Illinois court that "the constitution of Illinois affords *no less* protection than

the United States Constitution, but it may provide more protection." *People v. Hightower*,

172 Ill. App. 3d 678, 683 (5th Dist. 1988).  This new statute may provide an occasion to

explore this contention of the *Hightower* court, particularly in the context of a PDD.

> B.  This Court Should Abstain Under Pullman to Allow Illinois Courts to
> Interpret and Potentially Adjudicate This Matter Without Need for Federal
> Constitutional Relief.

Abstention under *Pullman* operates where "the resolution of a federal

constitutional question might be obviated if the state courts were given the opportunity to

interpret ambiguous state law." 153 F.3d at 365 (quoting *Quackenbush*, 517 U.S. at 716-

17). The two-part test for *Pullman* abstention is "(1) there is a substantial uncertainty as

to the meaning of the state law and (2) there exists a reasonable probability that the state

court's clarification of state law might obviate the need for a federal constitutional

ruling." *Id.*

       As noted above, the meanings of the ordinances and laws at issue – and the

question of how those ordinances and laws act together – will likely be vigorously

disputed by the parties. There is apparently little Illinois law to assist with interpretation,

which likely will increase the uncertainty and dispute. Moreover, defendant City of

Aurora has asserted that plaintiffs state law remedies are adequate – if the city is correct,

the clarification and application of that state law will obviate the need for federal

constitutional ruling in this matter.

III.    THE CITY'S MOTION TO DISMISS PLAINTIFFS' STATE LAW CLAIMS IS
       MERITLESS.

         A.  The Illinois Municipal Code's Private Right of Enforcement Against
             Zoning Violators at 65 ILCS 5/11-13-15 Does Not Preclude Other Claims
             Against a Municipality.

       In an attempt to deprive plaintiffs of their remedies under state law, as asserted in

Counts II, IV, and V, defendant City of Aurora contorts the holding of *Heerey v. Burke*,

179 Ill.App.3d 927 (1st Dist. 1989). *Heerey* stands for the proposition that the Illinois

Municipal Code, at 65 ILCS 5/11-13-15, which section allows for private and/or

municipal enforcement of zoning ordinances, does not provide a cause of action by a

neighboring landowner against a municipality that has not enforced its zoning ordinances.

However, defendant City of Aurora can provide no language from that code section

purporting to extinguish the rights of aggrieved plaintiffs, particularly plaintiffs' due

13

process rights under the Illinois Constitution and Illinois Municipal Code and plaintiffs'

rights to administrative review under Illinois common law.

Moreover, defendant City of Aurora's own quotation from *Heerey*, betrays its

contention that the *Heerey* court says anything about alternate causes of action not

founded on 65 ILCS 5/11-13-15: "… *the language of the statute does not provide a*

*cause of action against the city* by a private landowner. … although both the city and the

plaintiff arguably could have instituted an action to abate an alleged violation …, *the*

*city's failure to do so does not create an alternative … cause of action* against the city

…" Motion to Dismiss, pg 13, citing *Heerey v. Burke*, 179 Ill.App.3d 927, 934-935 (1st

Dist. 1989).  The state causes of action asserted against defendant City of Aurora here are

neither created by nor derived from 65 ILCS 5/11-13-15.  They are based on the Illinois

Constitution, the Illinois Municipal Code at 65 ILCS 5/11-13-25(b), and Illinois common

law.

                B.  The City of Aurora is an Indispensable and Statutorily Required Party to
                    Administrative Review.

With regard to the claims based on the Administrative Review Act and other state

claims, the City of Aurora is an indispensable and required defendant.  Defendant City of

Aurora and its subdivisions and employees issue the operative approvals and permits for

the development of the subject property – and continue to perpetrate the illegality through

willful inaction to the present day.  "The indispensable-party rule is premised upon more

than protection of the interests of absent parties. … All persons with an interest in the suit

should be joined 'so as to enable the court to dispose of the whole controversy.' …

Because the [defendant] is not before the court, the judgment in the present case would

have no binding effect upon [it]." *Feen v. Ray*, 109 Ill. 2d 339, 347, 487 N.E.2d 619, 622

(1985) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson* (1968),  390 U.S. 102, 19 L. Ed. 2d 936, 88 S. Ct. 733).

The Administrative Review Act itself requires that, "… in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *shall be made defendants*." 735 ILCS 5/3-107(a).  The City of Aurora is of record in the proceedings before the Zoning Board of Appeals as the "Appellee."  Defendant City of Aurora appeared before that panel of its own volition, in order to vigorously defend its unlawful actions.

Finally, one of the claims for relief in Count I is to "stay…the issuance of any future certificate of occupancy … to Planned Parenthood/Chicago Area." (Compl., Ct. I, B.)  Such relief necessarily impacts defendant City of Aurora, as that municipality and its officials issue certificates of occupancy for the subject property.

IV.    THE COURT SHOULD LIBERALLY ALLOW PLAINTIFFS LEAVE TO AMEND THEIR COMPLAINT.

Fed.R.Civ.Proc. 15(a) provides that "leave [to amend a pleading] shall be freely given when justice so requires."  The Supreme Court has held this to require that, "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Even should the court rule that the complaint, as currently pled, is insufficient to support the claims, plaintiffs urge that such ruling be granted with leave to amend the complaint, not as a dismissal with prejudice, as urged by defendant City of Aurora.

V.    CONCLUSION.

Due to the numerous state and local laws and issues implicated by this case – laws and issues that are largely unconstrued by Illinois courts, particularly the Illinois Supreme Court – this federal court should stay consideration of the federal claims and remand the state and local claims to the Illinois state court from which this case was removed.

Any allegation of adequate state remedies is illusory until the Illinois state claims are adjudicated.  Plaintiffs have legitimate state, local, and federal claims which they brought in the proper venue, the 18th Judicial Circuit Court of DuPage County. Defendant City of Aurora is apparently not the first Illinois municipality which has attempted to flee the Illinois courts in a zoning case. *See Hawthorne v. Village of Olympia Fields*, 204 Ill. 2d 243, 249 (2003) ("Following an unsuccessful effort to remove the cause to federal court…").  As in that case, this court should remand this case to the proper venue, the 18th Judicial Circuit Court in DuPage County, to construe and adjudge the pertinent state claims at issue.

WHEREFORE, plaintiffs respectfully pray that the Court permit their filing responsive papers on Wednesday, April 16, 2008, stay its adjudication of the federal claims in this case or in the alternative allow plaintiffs to dismiss without prejudice potentially unripe federal claims, remand the remaining claims to the 18th Judicial Circuit Court in DuPage County, and that they have all other relief to which they may be entitled on the premises in accordance with law.

/s/ Thomas Brejcha
/s/ Peter Breen

Of Counsel:
Thomas Brejcha
Peter Breen
Thomas More Society,
   A public interest law firm
29 So. LaSalle St., Suite 440,
Chicago, Illinois 60603
Tel. 312-782-1680
Fax 312-782-1887