THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIM FRACHEY, NANCY MALONEY, SOCORRO NIETO, CHAD FLOLO, NATALIE FLOLO, CHARLES AMANING, and FOX VALLEY FAMILIES AGAINST PLANNED PARENTHOOD, an Unincorporated Association, | ) ) ) ) ) ) ) ) | Case No. 08 C 1148 |
| Plaintiffs, | ) ) | Judge Norgle |
| v. | ) ) | |
| PLANNED PARENTHOOD/CHICAGO AREA, an Illinois Not-for-Profit Corporation, STEVEN TROMBLEY, | ) ) ) ) | Magistrate Judge Denlow |
| GEMINI OFFICE DEVELOPMENT, LLC, An Illinois Limited Liability Corporation, 21ST CENTURY OFFICE DEVELOPMENT, LLC, an Illinois Limited Liability Corporation, CITY OF AURORA, A Home-Rule Municipal Corporation, ZONING BOARD OF APPEALS FOR THE CITY OF AURORA, ED SIEBEN, THOMAS WEISNER, HERMAN BENEKE, PLANNING & DEVELOPMENT COMMITTEE OF THE CITY OF AURORA, PLANNING COMMISSION OF THE CITY OF AURORA, and BUILDING CODE BOARD OF APPEALS OF AURORA, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Jury Demanded |
| Defendants. | ) ) | |

**PLAINTIFFS' RENEWED MOTION FOR STAY OF CONSIDERATION OF FEDERAL CLAIMS AND REMAND OF STATE CLAIMS TO CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT**

Plaintiffs, by their attorneys, hereby renew their prior request, urged as part of

their response to the motion to dismiss filed by the defendant city of Aurora, and now

1

formally move that this Court stay consideration of the federal claims in this matter, remand the claims asserted under state and local law for adjudication by the 18th Judicial Circuit Court in Wheaton, DuPage County, Illinois, and set due dates of June 9, 2008, for Defendants' Response to this Renewed Motion, and of June 23, 2008, for Plaintiffs' Reply in Support of this Renewed Motion. In support, Plaintiffs further state the following:

1.  On April 16, 2008, Plaintiffs filed their Response to City of Aurora's Motion to Dismiss, which also included a Motion for Stay of Consideration of Federal Claims and Remand of State Claims. In that filing, Plaintiffs set forth numerous legal grounds for reserving adjudication in this Court of federal constitutional claims pled in this action and for remanding the claims asserted in this case under state and local law to the 18th Judicial Circuit Court of Illinois, sitting in Wheaton, Illinois. Plaintiffs respectfully ask that this Court deem those arguments, and the authorities cited in support, incorporated by reference in this motion. Dkt 31.

2.  Many state and local legal issues that are posed in this complex zoning-related litigation have not been definitively construed, interpreted or applied by the Illinois courts, and the manner in which those laws should be construed, interpreted or applied will very likely be contested by one or more of the Defendants. Dkt 31-3, pp 9 – 13.

3.  Resolution of such state and local issues of law that are posed in this case may very well have a significant and sweeping impact on the policies, practices, and ordinances of the City of Aurora, the second largest city in the state of Illinois, as well as

2

in other municipalities – both home rule and non-home rule – throughout Illinois. Dkt 31-3, pp 10-13.

    4.    "[F]ederal courts should abstain from deciding 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar.'" *International College of Surgeons v. City of Chicago*, 153 F.3d 356, 362 (7th Cir. 1998) (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 726-27 (1996) (*quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 361 (1989) (*quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976))). *See, Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 931-932 (7th Cir. 2005) (noting with interest plaintiff's argument that "the question of due process in variance proceedings … was a 'difficult question of state law,' the federal answer to which could disrupt Indiana's efforts to establish a 'coherent policy' with respect to land use.").

    5.    An Illinois state court's interpretation of state and local laws may obviate the need for resolution of the federal questions that have also been raised in this matter, on the basis of which the defendant city removed the case to this Court. Dkt 31-3, pp 12-13.

    6.    Abstention by a federal court under the standard of *Railroad Commission v. Pullman Co.*, 312 U.S. 496 (1941), is directed whenever "the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law." *International College of Surgeons v. City of Chicago*, 153 F.3d 356, 365 (7th Cir. 1998) (*quoting Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996)).

7. This Court extended the time for filing by Defendants of their Reply to Plaintiffs' Response to the Motion to Dismiss herein until June 9, 2008. By this date, Defendants should be able as well to respond to this Renewed Motion, given that Plaintiffs originally sought the relief of abstention as to federal questions and remand of the questions of state and local law to the Illinois courts many weeks ago.

8. In the event that Defendants are required to respond to this motion on or before June 9, 2008, Plaintiffs would request a mere two weeks' time – until on or before June 23, 2008 – to file their Reply in support of abstention and remand.

WHEREFORE, Plaintiffs respectfully renew their prayer that the Court stay its adjudication of the federal claims in this case and remand the remaining claims asserted under state and federal law to the 18th Judicial Circuit Court in Wheaton, DuPage County, Illinois; that it set a due date of June 9, 2008, for Defendants' Response to this Renewed Motion, and a due date of June 23, 2008, for Plaintiffs' Reply in Support of this Renewed Motion; and that Plaintiffs have all other relief to which they may be entitled on the premises in accordance with law.

/s/ Peter Breen

Of Counsel:
Thomas Brejcha
Peter Breen
Thomas More Society,
   a public interest law firm
29 So. LaSalle St., Suite 440,
Chicago, Illinois 60603
Tel. 312-782-1680
Fax 312-782-1887